IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | **JURY TRIAL DEMANDED** |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANTS HONEYWELL SPECIALTY MATERIALS, LLC
<u>AND HONEYWELL INTERNATIONAL INC.</u>**

Defendants Honeywell Specialty Materials, LLC and Honeywell International Inc. (collectively "Honeywell"), answer the Complaint of Solvay, S.A. ("Solvay"), as follows:

**<u>Subject Matter Jurisdiction</u>**

1.  Honeywell admits that this action purports to be an action under 35 U.S.C. § 271, as alleged in Paragraph 1 of the Complaint. However, Honeywell denies that there is any basis in law or fact for Solvay's action for patent infringement. Honeywell admits that this Court has subject matter jurisdiction over this matter.

**Parties**

2. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on that basis, denies each and every one of the allegations set forth therein.

3. Honeywell admits the allegations set forth in Paragraph 3 of the Complaint.

4. Honeywell admits the allegations set forth in Paragraph 4 of the Complaint.

**The Patent-in-Suit**

5. Honeywell admits that on its face United States Patent No. 6,730,817 ("the '817 patent") indicates that it was issued on May 4, 2004 to Wilmet, et al. and that it has the title "METHOD FOR PREPARING 1,1,1,3,3-PENTAFLUOROPROPANE." Honeywell admits that Exhibit A appears to be a copy of the '817 patent, but lacks sufficient information to form a belief as to whether Solvay owns the '817 patent and, on that basis, denies the allegations. Honeywell denies any remaining allegations of Paragraph 5 of the Complaint.

**Allegations of Infringement**

6. Honeywell International Inc. admits that it makes and sells halogenated fluorocarbons; but denies that it infringes any valid and enforceable claim of the '817 patent. Honeywell Specialty Materials, LLC denies that it has any involvement with the manufacture, use, sale, offer for sale, or importation into the United States of 1,1,1,3,3-pentafluoropropane and on that basis denies that it infringes any valid and enforceable claim of the '817 patent. The remaining allegations, as phrased, are vague and ambiguous. Accordingly, except as expressly admitted above, Honeywell denies all remaining allegations in Paragraph 6 of the Complaint.

7. Honeywell admits Solvay sent a letter stating that Honeywell's production of 1,1,1,3,3-pentafluoropropane in the United States *may be* covered by certain claims of the '817 patent. Honeywell denies any remaining allegations of Paragraph 7 of the Complaint.

8. Honeywell denies the allegations set forth in Paragraph 8 of the Complaint.

9. Honeywell denies the allegations set forth in Paragraph 9 of the Complaint.

**Request for Relief**

The remainder of Solvay's complaint comprises the prayer for relief to which no response is required. To the extent any response is required, Honeywell denies that it has infringed any valid and enforceable claim of the '817 patent and denies that Solvay is entitled to any relief whatsoever against Honeywell, either as requested or otherwise. Honeywell further denies each and every allegation related to Honeywell contained in the Complaint to which Honeywell has not specifically responded.

**AFFIRMATIVE DEFENSES**

Honeywell alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Honeywell specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**First Affirmative Defense**

The complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The complaint fails to state a claim upon which relief may be granted as to Honeywell Specialty Materials, LLC ("HSM") because HSM lacks a factual and legal nexus to the alleged infringing activity and, therefore, is not a proper party to the action.

### Third Affirmative Defense

Honeywell does not and has not infringed (either directly, contributorily, or by inducement) any valid claim of the '817 patent by making and selling any of its halogenated fluorocarbons.

### Fourth Affirmative Defense

Honeywell believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that each of the claims of the '817 patent are invalid for failure to satisfy one or more of sections 102, 103, 112 and 116 of Title 35 of the United States Code.

### Fifth Affirmative Defense

Solvay has dedicated to the public any methods and products disclosed in the patent-in-suit, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods or products.

### Sixth Affirmative Defense

Honeywell believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that Solvay's claims of infringement are barred by prosecution history estoppel.

### Seventh Affirmative Defense

Honeywell believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that Solvay's claims of infringement are barred by equitable estoppel and laches, including prosecution laches.

**Eighth Affirmative Defense**

Solvay cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

**Ninth Affirmative Defense**

All claims of the '817 patent are unenforceable for inequitable conduct for at least the reasons described with particularity below but not limited thereto.

1.      Honeywell believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the '817 patent is unenforceable because it was obtained through fraud during prosecution of the patent-in-suit.  To the extent now known, and subject to further amplification expected through discovery/investigation, the inventors and/or their agents made intentional misrepresentations of material fact to the Patent Office regarding prior art United States Patent No. 5,574,192 ("the '192 patent").

2.      The inventors, and/or their agents, intentionally misrepresented to the Patent Office, or made representations in reckless disregard for the truth, that Example 3 in the '192 patent did not disclose or provide any motivation to one of ordinary skill in the art (1) to carry out the reaction at a temperature and under a pressure at which 1,1,1,3,3-pentafluoropropane ("HFC-245") is gaseous and (2) to draw off in vapor phase the HFC-245 and hydrogen chloride as each of said HFC-245 and hydrogen chloride is being formed.  These representations (which pertained to two limitations required by all claims of the '817 patent) were false.  The Examiner relied on these representations in granting the '817 patent over the '192 patent.

3.      The misrepresentations by the inventors and/or their agents (explained in Paragraph 2 above) during the prosecution of the '817 patent were material to the patentability of the claimed inventions.  Had the inventors and/or their agents truthfully represented the

disclosure of the '192 patent, a reasonable Examiner would not have allowed the claims of the '817 patent over the '192 patent.

4. The misrepresentations by the inventors and/or their agents were made with the intention of causing the PTO to rely on them and deceived the PTO.

5. The misrepresentations by the inventors and/or their agents during prosecution of the '817 patent constitute inequitable conduct which renders the '817 patent unenforceable.

### Tenth Affirmative Defense

Based upon the inequitable conduct alleged with particularity in Paragraphs 1 to 5 of the Ninth Affirmative Defense, Solvay's claims under the '817 patent are barred by the doctrine of unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, defendants Honeywell Specialty Materials, LLC, and Honeywell International Inc. (collectively "Honeywell") respectfully request judgment as follows:

A. That Solvay's complaint be dismissed with prejudice;

B. That Solvay take nothing by reason of its Complaint;

C. That no injunctive relief issue to Solvay;

D. That the claims of the '817 patent be adjudged not infringed, directly or indirectly, by Honeywell;

E. That the '817 patent and each of its claims be found invalid and/or unenforceable;

F. That Solvay be estopped from asserting the '817 patent against Honeywell;

G. That Solvay's claims for damages are barred by laches and equitable estoppel;

H. That Honeywell be awarded its costs and expenses in this action;

I.  That this be adjudged an exceptional case and that Honeywell be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

J.  That Honeywell be awarded such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Defendant Honeywell International Inc. ("Honeywell International") asserts the following counterclaims against Solvay, S.A. and alleges as follows:

1.  This is an action under the Declaratory Judgment Act and the patent laws of the United States to declare that Counterclaimant Honeywell International is free to make, have made, use, sell, offer to sell, and import the accused products in the United States because the asserted patent is not infringed and is invalid and/or unenforceable. These are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure and thus, if the Court has subject matter jurisdiction over the underlying patent infringement action, subject matter jurisdiction also exists for Honeywell International's counterclaims under 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

2.  Defendant and Counterclaimant Honeywell International Inc. is a Delaware corporation with its principal place of business in Morristown, New Jersey.

3.  Defendant and Counterclaimant Honeywell International is informed and believes, and thereon alleges, that Plaintiff and Counterdefendant Solvay, S.A. ("Solvay") is a Belgian corporation with its principal place of business at Rue du Prince Albert, 33, B-1050, Brussels, Belgium.

4.  Solvay has submitted to personal jurisdiction in this Court.

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '817 patent)

6. Honeywell International incorporates the allegations set forth in Paragraphs 1 through 5 above as if fully set forth herein.

7. An actual case or controversy exists between Honeywell International and Solvay based on Solvay's filing of its Complaint against Honeywell International.

8. Honeywell International has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid or enforceable, properly-construed claim of the '817 patent, either literally or under the doctrine of equivalents.

9. Honeywell International is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid or enforceable claim of the '817 patent.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '817 patent)

10. Honeywell International incorporates the allegations set forth in Paragraphs 1 through 9 above as if fully set forth herein.

11. An actual case or controversy exists between Honeywell International and Solvay based on Solvay's filing of its Complaint against Honeywell International.

12. Honeywell International believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the asserted claims of the '817 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including but without limitation §§ 102, 103, 112 and/or 116.

13. Honeywell International is entitled to a declaratory judgment that the asserted claims of the '817 patent are invalid.

**THIRD CLAIM FOR RELIEF**

(Declaratory Judgment of Unenforceability of the '817 patent)

14.     Honeywell International incorporates the allegations set forth in Paragraphs 1 through 13 above as if fully set forth herein.

15.     An actual case or controversy exists between Honeywell International and Solvay based on Solvay's filing of its Complaint against Honeywell International.

16.     Honeywell International believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the '817 patent is unenforceable for at least the reasons described with particularity below but not limited thereto. To the extent now known, and subject to further amplification expected through discovery/investigation, the inventors and/or their agents made intentional misrepresentations of material fact to the Patent Office, regarding prior art United States Patent No. 5,574,192 ("the '192 patent").

17.     The inventors, and/or their agents, intentionally misrepresented to the Patent Office, or made representations in reckless disregard for the truth, that Example 3 in the '192 patent did not disclose or provide any motivation to one of ordinary skill in the art (1) to carry out the reaction at a temperature and under a pressure at which 1,1,1,3,3-pentafluoropropane ("HFC-245") is gaseous and (2) to draw off in vapor phase the HFC-245 and hydrogen chloride as each of said HFC-245 and hydrogen chloride is being formed. These representations (which pertained to two limitations required by all claims of the '817 patent) were false. The Examiner relied on these representations in granting the '817 patent over the '192 patent.

18.     The misrepresentations by the inventors and/or their agents (explained in Paragraph 17 above) during the prosecution of the '817 patent were material to the patentability of the claimed inventions. Had the inventors and/or their agents truthfully represented the

disclosure of the '192 patent, a reasonable Examiner would not have allowed the claims of the '817 patent over the '192 patent.

19. The misrepresentations by the inventors and/or their agents were made with the intention of causing the PTO to rely on them and deceived the PTO.

20. The misrepresentations by the inventors and/or their agents during prosecution of the '817 patent constitute inequitable conduct which renders the '817 patent unenforceable.

21. Honeywell International is entitled to a declaratory judgment that the asserted claims of the '817 patent are unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, counterclaimant Honeywell International Inc. respectfully requests judgment as follows:

A. That the Court determine and declare that Honeywell International and its products and processes do not infringe—directly, contributorily, or by inducement—the '817 patent, either literally or under the doctrine of equivalents;

B. That the Court determine and declare that the '817 patent is invalid, void and unenforceable;

C. That Honeywell International be awarded its costs and expenses in this action;

D. That this be adjudged an exceptional case and that Honeywell International be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

E.    That Honeywell International receives such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to F.R.C.P. 38(b), Honeywell Specialty Materials, LLC, and Honeywell International Inc. hereby demand a trial by jury on all issues and claims so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
  *Attorneys for Defendants*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Helen Hong
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA  90017
(213) 680-8400

October 23, 2006
542698

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Richard L. Horwitz, Esquire

I also certify that on October 23, 2006, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951


*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

542698