IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL SPECIALTY )<br>MATERIALS, LLC and )<br>HONEYWELL INTERNATIONAL INC., )<br>)<br>Defendants. ) | C. A. No. 06-0557-SLR<br><br>**JURY TRIAL DEMANDED** |

### JOINT DISCOVERY PLAN AND SCHEDULING ORDER

At Wilmington this **1st** day of **February**, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by February 15, 2007 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

   (a) Discovery will be needed on the following subjects:

   (1) Infringement of U.S. Patent No. 6,730,817 ("the '817 patent").

   (2) Validity and enforceability of the '817 patent.

   (3) Prosecution of the '817 patent.

   (4) Laches and Equitable Estoppel.

   (5) Damages.

   (6) Willful infringement.

(b)     All fact discovery shall be commenced in time to be completed by <u>September 30, 2007</u>.

(1)     Document production shall be completed on or before <u>May 30, 2007.</u>

(2)     Each party shall provide certified translations by <u>November 15, 2007</u> of any foreign language documents that it may use at trial or on which an expert may rely in connection with his or her opinion. In addition, each party is to produce translations (whether certified or not) already in its possession (pre-existing translations) which relate to any of the documents it is producing. A party producing foreign translation documents is to answer document requests by identifying (by Bates No.) all foreign language documents it produces which are responsive to a particular document request. Communications in a foreign language between the parties (between Solvay and Honeywell) need not be translated by the producing party.

(3)     Maximum of <u>25</u> interrogatories by each party to any other party.

(4)     In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(5)     Maximum of <u>50</u> requests for admission by each party to any other party. Requests for Admission to establish the authenticity and/or admissibility of a

2

document do not count against the limit (50 requests) on the total number of Requests for Admission to a party.

   (6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

   (7) Maximum of 15 fact depositions by plaintiff and 15 by defendant(s). No further depositions will be permitted except for extraordinary circumstances. Each fact deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties. For Rule 30(b)(6) depositions, each seven hours of a 30(b)(6) deposition, which time shall be calculated in the aggregate despite that multiple, different designees may be required for a particular 30(b)(6) request, will count as one fact deposition. If a translator is required for any deposition, the time allotted for that deposition will be doubled.

   (c) Expert discovery shall be commenced in time to be completed by January 15, 2008.

   (1) Expert reports on issues for which the parties have the burden of proof due on October 15, 2007. Rebuttal expert reports due November 15, 2007.

   (2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties. These hours are in addition to the fact deposition limit. If a translator is required for any deposition, the time allotted for that deposition will be doubled.

3

(3) All Daubert motions shall be filed on or before February 15, 2008.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiff as to whether it intends to rely on advice of counsel by August 1, 2007. If the decision is to rely on such advice, the scope of discovery shall include, and defendant shall produce to plaintiff on August 1, 2007, the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) by September 30, 2007.

(f) Discovery Disputes.

(1) The court shall conduct an in-person discovery status conference on May 9, 2007 at 4:30 p.m., the time to be allocated equally among the parties. No motions to compel or motions for protective order shall be filed absent approval of the court. The Court may schedule additional discovery conferences as needed by the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact

4

testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty-one (21) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

   3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before September 7, 2007.

   4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

   5. **Claim Construction Issue Identification**. If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on August 30, 2007 the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

   6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before February 15, 2008. The parties will file opposition briefs on March 14, 2008 and reply briefs on March 28, 2008. No summary judgment motion may be filed more than ten (10) days before the above date

without leave of the court. Counsel should confer with the Court before filing any motion to dismiss a party.

7.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on January 15, 2008 with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on February 15, 2008. Simultaneous response briefs should be filed by March 14, 2008. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on May 2, 2008 at 9:30 a.m.

8.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)  Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)  No telephone calls shall be made to chambers.

(c)  Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short

6

statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on June 16, 2008 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a two week jury trial commencing on July 28, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

775277 / 30651

7