IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product, technological or commercial information by the undersigned parties and by other non-parties from whom discovery may be sought; and

Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26 (c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES, AND SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

**1.     Scope of Protection**

1.1     This Protective Order shall govern any information, referred to herein as "Documents and Information," designated pursuant to ¶ 2 below including but not limited to documents as broadly defined under the Federal Rules of Civil Procedure, video tapes and any information gained from visual inspections, as well as documents and/or information produced in this action, including all designated deposition testimony, all designated testimony taken at a

hearing or other proceeding, interrogatory and other discovery answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, subpoena, or other formal methods of discovery.

1.2    This Protective Order shall also govern any designated Documents and Information produced or obtained in this action pursuant to required disclosures under any federal procedural rule or any District of Delaware local rule, and any supplementary disclosures thereto and shall govern any Documents and Information used on appeal.

1.3    This Protective Order shall apply to the undersigned parties and to any non-party from whom discovery may be sought and who produces confidential information as defined below.  A party or non-party producing confidential information pursuant to this Order (i.e., a producing party) is referred to herein as a "designating party."  A party who receives confidential information from the designating party is referred to herein as a "receiving party."

## 2.    Designation

2.1    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.1 below and subject to this Protective Order, any materials produced by it in this action, whether in written, oral, electronic, graphic, audiovisual, or any other form, that the designating party in good faith believes contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests, (b) not generally known, and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence ("CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information, or for an object, marking at a visible location, with the legend CONFIDENTIAL prior to its production or, if

inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered CONFIDENTIAL under this Protective Order. Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The parties will use reasonable care to avoid designating any Documents and Information CONFIDENTIAL for which the designating party does not have a good faith belief that the Documents and Information satisfy the criteria set forth in this paragraph.

2.2     Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below and subject to this Protective Order, any materials produced by it in this action, whether in written, oral, electronic, graphic, audiovisual, or any other form, that the designating party in good faith believes contain information that is (a) particularly sensitive information relating to research for and production of products, (b) highly sensitive business or technical information, (c) highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations, (d) pending or abandoned patent applications, foreign or domestic, unless published or otherwise publicly available, or (e) such other documents, information, or materials that relate to proprietary information that the designating party reasonably believes derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure and is of such nature and character that the unauthorized disclosure of such information could irreparably injure the designating party (collectively, "HIGHLY CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information, or for an object, marking at a visible location, with the legend HIGHLY CONFIDENTIAL prior to its production

or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL under this Protective Order.  To the extent material is marked HIGHLY CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.  Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.  The parties will use reasonable care to avoid designating any Documents and Information HIGHLY CONFIDENTIAL for which the designating party does not have a good faith belief that the Documents and Information satisfy the criteria set forth in this paragraph.

2.3     CONFIDENTIAL and HIGHLY CONFIDENTIAL information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by written consent of counsel of record for all the parties or by order of the Court.  The written consent shall be in the form of a facsimile, an email, or a first class mailing.

2.4     To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the designating party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL unless otherwise agreed in writing by counsel of record for all the parties.  The agreement in writing shall be in the form of a facsimile, an email, or a first class mailing.

3.     **Limit On Use And Disclosure Of Designated Documents and Information**

3.1     Each party and all persons bound by the terms of this Protective Order shall use any Documents and Information governed by this Protective Order only in connection with the prosecution or defense of this action, except by written consent of counsel of record for all the parties or by order of the Court.  The written consent shall be in the form of a facsimile, an email, or a first class mailing.  No party or other person shall disclose or release to any person not authorized under this Protective Order any Documents and Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose, other than the permitted purposes stated above.

3.2     It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the designating party.

3.3     The attorneys of record for the parties and other persons receiving Documents and Information governed by this Protective Order shall use the same degree of care as that used to protect their own information of like nature but in no event use less than reasonable care to ensure that said Documents and Information governed by this Protective Order are:  (a) used only for the purposes specified herein; and (b) protected and held in confidence and disclosed only to authorized persons as defined in Paragraph 4.

4.     **Disclosures Of Confidential and Highly Confidential Material**

4.1     Documents and Information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)     the trial or appellate attorneys of record and their staff who are actively involved in this action;

(b)     the Court and Court personnel, as provided in ¶ 12 below and any mediator approved by all parties;

(c)     consultants, experts and their staff retained by a party or its attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6 below, who are not employees or otherwise affiliated with any of the parties and who first agree to be bound by the terms of this Protective Order pursuant to ¶ 7 below;

(d)     court reporters (including videographers) employed in connection with this action;

(e)     outside copy and/or computer services and translators necessary for document handling, and other litigation support personnel (e.g., graphic designers, and animators) and who first agree to be bound by the terms of this Protective Order pursuant to ¶ 7 below; and

(f)     the following party representatives, and their respective secretarial, clerical and paralegal personnel, but only  after they first agree to be bound by the terms of this Protective Order pursuant to ¶ 7 below:

**SOLVAY, S.A.**

Jean-Francois Serrier                Philippe Jacques

Ed Buckingham                        Stefan Mross

Charlene Tsang-Kao                   Horst Kroeger


**HONEYWELL INTERNATIONAL, INC.**

Colleen Szuch, Esq.                  David Brafman, Esq.

Dr. Harry Tung, Ph.D.                Dr. Ian Shankland, Ph.D.

Kenneth Gayer

**HONEYWELL SPECIALTY MATERIALS, LLC**

Katherine Adams, Esq.


(g)     The Parties will, from time to time, have the right to substitute an individual who has been designated to have access to Confidential Information under the Protective Order with another such individual.  This right will be subject to a right of refusal on the part of the non-designating Party, to be exercised within five (5) business days of the designating Party's substitute designation.   This right of refusal will not be exercised unreasonably.

4.2     Documents and Information designated HIGHLY CONFIDENTIAL (except for Honeywell's HIGHLY CONFIDENTIAL documents addressed in ¶ 4.3 below) may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1 (a) - 4.1 (e) above subject to the restrictions therein.

4.3     Honeywell will provide to Solvay's trial counsel of record in this case an original and three working copies of its HIGHLY CONFIDENTIAL commercial Process Flow Diagrams,

Piping & Instrumentation Diagrams (including ARCs and RFCs noted therein), and control plans and operating procedures for operation of HONEYWELL's commercial process. Solvay's trial counsel of record may only disclose these documents to those categories of individuals listed in ¶¶ 4.1 (a) - 4.1 (e) above subject to the restrictions therein and subject to the following additional restrictions: These documents are not to be copied without Honeywell's prior written approval and are to be stored in locked files. At the conclusion of this litigation, these documents will be returned to Honeywell via a courier service identified by it, and Solvay's trial counsel will certify in writing that all copies of such documents have been returned. In addition, any hard-copies of deposition transcripts as well as videotape of the same that discuss the contents of the documents noted here in Paragraph 4.3 shall be maintained in locked files. All electronic copies of such deposition transcripts and videotape are governed by Paragraph ¶ 4.2.

**5.    Redaction**

Counsel for a party designating Documents and Information may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26 (b). However, any document from which material is masked on this ground must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity.

Counsel for a party designating Documents and Information may also mask ("redact") material deemed exempt from discovery because it is non-responsive pursuant to Fed. R. Civ. P. 26 (b). However, any document from which material is masked on this ground must identify in the masked area that masking or redaction has occurred. Counsel for a party who redacts non-

responsive material shall make unredacted versions of the material available for inspection only to outside trial counsel of record of the non-redacting party.

The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of counsel of record for all the parties or order of the Court, to be addressed on a case-by-case basis.

### 6.    Disclosure to Independent Consultants and Experts

6.1    If any party desires to disclose Documents and Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to any consultant or expert pursuant to ¶ 4 above, it must first identify in writing to the attorneys for the designating party each such consultant or expert.  The writing shall be a facsimile, an email, or a first class mailing.  The attorneys for the designating party shall have ten (10) business days from receipt of such facsimile or email to object to disclosure of such Documents and Information to any consultant or expert so identified.

6.2    The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, a current curriculum vitae, and a listing of at least all other present and prior employments or consultancies of the expert or consultant in the field of refrigerants, blowing agents, and/or, generally, the field of fluorocarbons.  The curriculum vitae (or separate disclosure if all of the following information is not included in the curriculum vitae) should include at least the following information: (a) employer, title, and employment history; (b) any previous or current relationship with any of the parties, whether it be a professional relationship, a familial relationship, or a personal relationship amounting to more than an acquaintance; (c) a description of current research and an identification of the areas of research over the last three (3) years; (d) a list of all authored publications for the preceding ten (10) years; and (e) a listing of any other cases in which the

expert or consultant has testified at trial or by deposition within the preceding four (4) years. The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party objecting to the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the expert or consultant may move the Court for an Order proscribing the disclosure.  Failure by the objecting party to move the Court for an Order within fifteen (15) days of its service of the original objection will be deemed a waiver of its objections. On any motion challenging the disclosure of such Documents and Information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the Documents and Information should not be disclosed to the expert or consultant.  In the event objections are made and not resolved informally, disclosure of Documents and Information to the expert or consultant shall not be made except by the Order of the Court or to any limited extent upon which the parties may agree.

### 7.    Agreement Of Confidentiality

In no event shall any Documents and Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed to any person authorized pursuant to ¶ 4 above, other than those authorized under ¶ 4.1(a), ¶ 4.1(b) and 4.1 (d), until such person has executed--as appropriate--a written Confidential Undertaking or Highly Confidential Undertaking (in the form set forth in Exhibits A & B hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.   In addition, no Documents and Information designated HIGHLY CONFIDENTIAL shall be disclosed to any person authorized pursuant to ¶ 4.1(c) above, until such person has first been approved by the designating party pursuant to ¶ 6 above and a copy of the signed Highly Confidential Undertaking is served on the designating party.

### 8.       Related Documents

Documents and Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include:  (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10 below.

### 9.       Designation of Deposition Transcripts

9.1     Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2 above) as the designating party may direct and the court reporter shall separately bind such deposition or portions thereof with the appropriate legend.  Alternatively, within thirty (30) days following the receipt of the transcript of the deposition, any party or non-party may designate the deposition or portions thereof as subject to this Protective Order by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.  The written notice shall be a facsimile, an email, or a first class mailing.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY CONFIDENTIAL until the expiration of the period set forth in ¶ 9.1 above, and neither the transcript nor the content of the testimony shall be disclosed by a non-

designating party to persons other than those persons named and/or approved according to ¶¶ 4.1(a) -4.1(e) above.

9.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such Documents and Information pursuant to ¶ 4 above.

## 10.    Designation of Hearing Testimony or Argument

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel may designate on the record at any time during the hearing that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive Documents and Information so designated.

## 11.    Disclosure To Author Or Recipient

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any Rule 30(b)(6) designee of the designating party, or to any current employee of the designating party who by his/her testimony indicates that he/she has access to the type of information sought to be disclosed.   Regardless of confidentiality designations made pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential

witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

### 12.    Designation of Documents Under Seal

12.1    Any Documents and Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  A party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see ¶ 2 above), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court.  It should be opened only by the Court.  Its contents should not be disclosed, revealed, or made public except by Order of the Court or written agreement of the parties.**

12.2    Counsel for the party filing papers containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means dated March 1, 2005.  Within four (4) business days from the date of a filing made under seal, counsel for the non-filing party shall deliver to counsel for the filing party written notice of the specific portions of the filed material that contain the non-filing party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information to facilitate the

creation of such redacted papers.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all CONFIDENTIAL or HIGHLY CONFIDENTIAL information is deleted, obscured, or removed; and (b) such redacted versions are clearly marked "PUBLIC VERSION - CONFIDENTIAL MATERIAL OMITTED" and clearly identify each place where information or exhibits have been deleted.

12.3    If any party fails to file materials designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL information under seal, any party or non-party may request that the Court place the material under seal within twenty (20) days after the filing.  The Clerk of the Court is directed to comply with such request if made.

**13.    Confidentiality Of A Party's Own Documents**

No person may disclose, in public or private, any designated Documents and Information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, its own Documents and Information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such Documents and Information in violation of it, unless by such disclosure of the designating party the Documents and Information becomes public knowledge (see ¶ 16 below).  Similarly, the Protective Order shall not preclude a party from showing to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, its own Documents and Information which has been filed under seal by the opposing party.

**14.    Other Protections**

14.1    No person shall use any CONFIDENTIAL or HIGHLY CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense

of this action, including without limitation, for purposes of prosecuting another action, or for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

14.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.  Any respective portion of a transcript of the deposition, hearing, or other proceeding discussing the exhibit shall have the same confidentiality designation as the exhibit.  No separate notice is needed regarding the respective portion unless otherwise agreed upon at the deposition, hearing, or other proceeding.

### 15.    Challenge To Confidentiality

15.1    This Protective Order shall not preclude any party from seeking and obtaining, if the parties agree or the Court rules, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate, including but not limited to the protections set forth in Paragraph 4.3.  Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of the Protective Order; (b) applying to the Court for an order permitting the disclosure or use of Documents and Information otherwise prohibited by this Protective Order; or (c) applying for a further order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any Documents and Information, the burden of proof shall lie with the designating party to establish that the Documents and Information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  If a party

seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the designating party, the following procedure shall be utilized:

a.    the party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated Documents and Information as to which such removal is sought and the reasons for the request; and

b.    if, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may seek relief from this Court requesting that the designation shall be so removed.

c.    Pending a ruling from the Court, the disputed discovery material shall be treated as originally designated.  Thereafter, the discovery material shall be treated in accordance with the Court's order.

### 16.    Prior Or Public Knowledge

The restrictions and obligations set forth in this Order relating to CONFIDENTIAL and HIGHLY CONFIDENTIAL information produced during this litigation shall not apply to any Documents and Information which (i) the parties agree, or the Court rules, is already public knowledge at the time of disclosure to the receiving party; (ii) the parties agree, or the Court rules, becomes public knowledge after disclosure to the receiving party other than as a result of disclosure by the receiving party or a breach of this Order or other confidentiality agreement; or (iii) the parties agree, or the Court rules, has come into the receiving party's legitimate possession independently of the producing party and through means other than a breach of this Order or other confidentiality agreement.

### 17.    Material Confidential to Third Parties

During the course of this case, a party may be requested to produce Documents and Information responsive under Fed. R. Civ. P. 26(b) ("responsive Documents and Information") and subject to contractual or other obligations of confidentiality owed to a third party. The party subject to such contractual or other obligation of confidentiality shall timely contact the third party to determine whether it is willing to permit disclosure of the responsive Documents and Information under the terms of this Order. If the third party is willing to permit such disclosure, the responsive Documents and Information shall be produced in accordance with this Order. If the third party is not willing to permit disclosure of the responsive Documents and Information under the terms of this Order, the party requesting disclosure of the responsive Documents and Information shall be notified and any responsive Documents and Information withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the Documents and Information and identifying the third party to whom the obligation of confidentiality is owed. This Order shall not preclude any party from moving the Court for an order compelling production of such responsive Documents and Information.

Counsel for a party may also mask ("redact") information from documents or other discovery materials that is subject to contractual or other obligations of confidentiality owed to a third party. Any information redacted on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and identifying the third party to whom the obligation of confidentiality is owed.

### 18.    Limitation Of Protective Order

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude

any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 19.    Other Proceedings

By entering this Protective Order and limiting the disclosure of Documents and Information in this case, the Court does not intend to preclude another court from finding that Documents and Information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard on whether such Documents and Information should be disclosed.

### 20.    Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver

20.1    If the producing party at any time notifies the non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall destroy or return all physical and electronic copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items, or information learned exclusively therefrom, for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents or things at issue. Nothing in this paragraph affects any rights or claims that the party owning this information may have.

20.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or

thing is not privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

20.3   Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

### 21.   Inadvertent or Unintentional Disclosure of Confidential or Highly Confidential Information by Receiving Party

Should any information already designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed inadvertently or unintentionally by the receiving party to any person not authorized under this Protective Order, the receiving party shall use its best efforts to bind such person to the terms of this Order; and the receiving party shall:  (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign an Undertaking in the form attached as Exhibits A & B; (c) immediately notify counsel for the designating party of the identity of such person and the confidential information disclosed to such person; and (d) retrieve all copies of documents containing the inadvertently disclosed information.   The executed Undertaking shall be provided promptly to the designating party.

### 22.   Non-Party Material

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of Documents and Information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by a non-party.  Documents and Information provided by a non-party in connection with this action and designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 23.    Return Of Designated Documents and Information

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials including both physical and electronic copies containing Documents and Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute, or reflect an attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, and written discovery responses may be retained by counsel.

### 24.    Waiver Or Termination Of Order

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of the Court.

### 25.    Modification Of Order; Prior Agreements

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.  To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular Documents and Information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those Documents and Information produced or disclosed prior to the entry of this Protective Order,

which Documents and Information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

### 26.    Survival of Terms

The provisions of this Order shall survive the final termination of the case for any documents, materials and other matter retained by any party.

### 27.    The Court's Retention of Jurisdiction

This Court shall retain jurisdiction to make such amendments, modifications, and additions to the Order as it may from time to time deem appropriate. In addition, this Court shall retain jurisdiction to enforce the terms of the Order after final termination of this action.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ David E. Moore* | */s/ Thomas C. Grimm* |
| _____ | _____ |
| Richard L. Horwitz (#2246) | Thomas C. Grimm (#1098) |
| David E. Moore (#3983) | Leslie A. Polizoti (#4299) |
| Hercules Plaza, 6th Floor | 1201 N. Market Street |
| 1313 N. Market Street, P.O. Box 951 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899-1347 |
| (302) 984-6000 | (302) 658-9200 |
| rhorwitz@potteranderson.com | tgrimm@mnat.com |
| dmoore@potteranderson.com | lpolizoti@mnat.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| OBLON, SPIVAK, MCCLELLAND, | KIRKLAND & ELLIS LLP |
| MAIER & NEUSTADT, P.C. | 777 South Figueroa Street |
| 1940 Duke St. | Los Angeles, CA 90017 |
| Alexandria, VA 22314 | (213) 680-8400 |
| (703) 413-3000 | *Attorneys for Honeywell International Inc.* |
| *Attorneys for Solvay, S.A.* | *and Honeywell Specialty Materials, LLC* |

Dated: July 6, 2007

SO ORDERED, this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>HIGHLY CONFIDENTIAL UNDERTAKING</u>

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order.  By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects.  I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

I further certify that I am not substantively involved in the development of technology or the prosecution of patents for, or on behalf of, any of the above-identified parties, and I agree to refrain from substantive involvement in the development of technology and/or the prosecution of patents for, or on behalf of, any of the above identified parties during this litigation and for two years following the conclusion of the trial in this action (or the conclusion of this litigation, whichever is sooner).  I further understand that my use of any designated Documents and Information is expressly limited to this case as fully set forth in the Stipulated Protective Order.

Executed this _____ day of _____, 2007.

_____
Name

_____
Affiliation

_____
Business Address

EXHIBIT B

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CONFIDENTIAL UNDERTAKING</u>

I certify that I have read the Stipulated Protective Order entered in the above-referenced action and that I fully understand the terms of that Order.  By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects.  I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _____ day of _____, 2007.

_____
Name

_____
Affiliation

_____
Business Address