IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A.,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>HONEYWELL SPECIALTY MATERIALS LLC,  )<br>and HONEYWELL INTERNATIONAL INC.,  )<br>  )<br>  Defendants.  )<br>  ) | C.A. No. 06-557-SLR |

**NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS
AND DEPOSITION OF MARINA SCHNELLER**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 45 and 30, Defendant Honeywell International Inc. ("HONEYWELL"), by its counsel, hereby serves Marina Schneller with the attached subpoena commanding Ms. Schneller to produce documents at the law offices of Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005, or at another location by mutual agreement of counsel, by July 19, 2007 at 9:00 a.m., and to appear for deposition at the law offices of Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005, on July 26, 2007 at 9:00 a.m. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony will be recorded by both stenographic means and sound-and-visual means, and may include machines using instantaneous or "real-time" transcription, and instant visual display of testimony.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Leslie A. Polizoti* |
|  | _____ |
|  | Thomas C. Grimm (#1098) |
|  | Leslie A. Polizoti (#4299) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899-1347 |
|  | (302) 658-9200 |
| Robert G. Krupka, P.C. | tgrimm@mnat.com |
| Laura M. Burson | lpolizoti@mnat.com |
| Julian D. Forman | *Attorneys for Defendants* |
| KIRKLAND & ELLIS LLP |  |
| 777 S. Figueroa Street |  |
| Suite 3400 |  |
| Los Angeles, CA  90017 |  |
| (213) 680-8400 |  |

July 10, 2007
945374

2

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Richard L. Horwitz, Esquire.

I also certify that on July 10, 2007, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Leslie A. Polizoti*
_____
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

945374

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

SOLVAY, S.A.,

                  Plaintiff,

V.

HONEYWELL SPECIALTY MATERIALS, LLC and
HONEYWELL INTERNATIONAL INC.,

                  Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 06-557-SLR
District of Delaware

TO: Marina Schneller
204 N. Alfred Street
Alexandria, VA 22314-2408

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkland & Ellis, LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005 | July 26, 2007 at 9:00 AM |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
(SEE "SCHEDULE A" FOR LIST OF DOCUMENT REQUESTS)

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis, LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005 | July 19, 2007 at 9:00 AM |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Counsel for Defendant | July 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Julian Forman; Kirkland & Ellis, LLP, 777 S. Figueroa Street, Los Angeles, CA 90017; (213) 680-8400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A - REQUESTED DOCUMENTS

## **DOCUMENT REQUESTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, SCHNELLER is requested to produce, for inspection and copying, documents described by the following requests, subject to the Definitions and the Instructions listed below.

1. All DOCUMENTS evidencing, constituting, referring or relating to the decision(s) to seek a patent covering the subject matter described or claimed in the SOLVAY PATENTS, including but not limited to any memoranda, notes of meetings, notes or handouts of presentations, and/or written communications.

2. All DOCUMENTS evidencing, constituting, referring or relating to the preparation, filing, or prosecution of any patent application relating to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein.

3. All DOCUMENTS evidencing, constituting, referring or relating to any communications regarding the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein, including, but not limited to, communications with SOLVAY, involving any other PERSON, or with Vincent Wilmet, Francine Janssens, and/or Jean-Paul Schoebrechts.

4. All DOCUMENTS evidencing, constituting, referring or relating to any communications with any PERSON regarding a process for making 1,1,1,3,3-pentafluoropropane including, but not limited to, communications with SOLVAY, involving any other PERSON, or with Vincent Wilmet, Francine Janssens, and/or Jean-Paul Schoebrechts.

5. All DOCUMENTS evidencing, constituting, referring or relating to any meeting(s), discussions, conference(s) or communications with the U.S. Patent and Trademark Office or any foreign patent office regarding: the SOLVAY PATENTS, any of the alleged invention(s) described or claimed therein, or the disclosure of any PRIOR ART to the U.S. Patent and Trademark Office or any foreign patent office.

6. All DOCUMENTS evidencing, constituting, referring or relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue, or interference regarding the SOLVAY PATENTS or the alleged invention(s) described or claimed therein.

7. All DOCUMENTS evidencing, constituting, referring or relating to the preparation, drafting, and filing of any declarations relating to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein.

8. All DOCUMENTS that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the SOLVAY PATENTS, including but not limited to any PRIOR ART and/or any technical and scientific publications.

9. All DOCUMENTS evidencing, constituting, referring or relating to any PRIOR ART to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein identified by any PERSON, including, without limitation, PRIOR ART references cited during the prosecution of the SOLVAY PATENTS, whether cited by a patent office or by the applicant, references known by SOLVAY or the named inventors or brought to the attention of SOLVAY or the named inventors by another PERSON, and/or any analysis of any PRIOR ART references or activities asserted by any PERSON at any time to be PRIOR ART to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed

therein, whether such analysis was conducted by, on behalf of, or at the request of SOLVAY or any other PERSON.

10. All DOCUMENTS evidencing, constituting, referring or relating to YOUR first knowledge of any of the references provided or cited to the U.S. Patent and Trademark Office during the prosecution of the '817 PATENT, including but not limited to any of the references listed in applicants' information disclosure statements filed during prosecution.

11. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, or opinions by any PERSON regarding the disclosure of any of the references provided or cited to the U.S. Patent and Trademark Office during the prosecution of the '817 PATENT, including but not limited to any of the references listed in applicants' information disclosure statements filed during prosecution.

12. All DOCUMENTS evidencing, constituting, referring or relating to any similarities or differences between the PRIOR ART provided or cited during the prosecution of the SOLVAY PATENTS in the U.S. Patent and Trademark Office or any patent office and any of the alleged invention(s) described or claimed in the applications for patent.

13. All DOCUMENTS evidencing, constituting, referring or relating to any similarities or differences between any PRIOR ART and any of the alleged invention(s) described or claimed in the SOLVAY PATENTS.

14. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, or opinions by any PERSON regarding the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, or claim interpretation or scope of any of the claims of the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein.

15. All DOCUMENTS evidencing, constituting, referring or relating to any patentability or validity search relating to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein, whether conducted by, on behalf of, or at the request of SOLVAY, the named inventors of the '817 PATENT, the U.S. Patent and Trademark Office or another patent office, or any other PERSON.

16. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, or opinions of the scope, meaning, or application of any language in the SOLVAY PATENTS, including but not limited to claim language, contained in the SOLVAY PATENTS.

17. All DOCUMENTS evidencing, constituting, referring or relating to the conception, research, testing, design, development, reduction to practice or diligence toward reduction to practice of any of the alleged invention(s) described or claimed in the SOLVAY PATENTS, including but not limited to laboratory notebooks, test and laboratory results, drawings, graphs, charts, internal or external presentations, technical files, internal or external communications, diaries, calendars, trip reports, work records, grant proposals, research articles, invention disclosures or summaries.

18. All DOCUMENTS evidencing, constituting, referring or relating to the contribution of any PERSON to the conception, research, testing, design, development or reduction to practice of any of the alleged invention(s) described or claimed in the SOLVAY PATENTS.

19. All DOCUMENTS evidencing, constituting, referring or relating to the inventorship of the claims of the SOLVAY PATENTS including, but not limited to, documents relating to the contributions of any PERSON, including, but not limited to

Vincent Wilmet, Francine Janssens, or Jean-Paul Schoebrechts, to the alleged invention(s) described and/or claimed in the SOLVAY PATENTS.

20. All DOCUMENTS evidencing, constituting, referring or relating to articles, abstracts, and/or publications including, but not limited to, internal technical memoranda, authored by any of the named inventors of the SOLVAY PATENTS--Vincent Wilmet, Francine Janssens, or Jean-Paul Schoebrechts.

21. All DOCUMENTS evidencing, constituting, referring or relating to any alleged invention(s) described or claimed in the SOLVAY PATENTS, including but not limited to laboratory notebooks, test and laboratory results, drawings, graphs, charts, internal or external presentations, technical files, internal or external communications, diaries, calendars, trip reports, work records, grant proposals, research articles, invention disclosures or summaries.

22. All DOCUMENTS evidencing, constituting, referring or relating to the decision to assign the rights of the subject matter of the SOLVAY PATENTS, including but not limited to written policies governing the assignment of such rights, memoranda, and written communications.

23. All DOCUMENTS evidencing, constituting, referring or relating to any communications regarding the subject matter described or claimed in the SOLVAY PATENTS, including but not limited to any communications with any of the named inventors of the SOLVAY PATENTS, Vincent Wilmet, Francine Janssens, and Jean-Paul Schoebrechts.

24. All DOCUMENTS evidencing, constituting, referring or relating to any public use, potential public use, experimental use, demonstrations, publications, disclosures (whether or not under a non-disclosure agreement), sales, offers of sale, or other efforts to

commercialize any product, system, or process that incorporates or practices the subject matter described or claimed in the SOLVAY PATENTS prior to October 23, 1995.

25. All DOCUMENTS evidencing, constituting, referring or relating to or corroborating the conception DATE(s) and/or the DATE(s) of first reduction to practice of any of the alleged invention(s) described or claimed in the SOLVAY PATENTS.

26. All DOCUMENTS evidencing, constituting, referring or relating to the best mode contemplated by any inventor of the '817 PATENT regarding any invention(s) described or claimed in the '817 PATENT.

27. All DOCUMENTS evidencing, constituting, referring or relating to the alleged advantages of the technology allegedly covered by the SOLVAY PATENTS.

28. All DOCUMENTS evidencing, constituting, referring or relating to the priority DATE to which each claim of the '817 PATENT is entitled.

29. All DOCUMENTS evidencing, constituting, referring or relating to any opposition proceedings instituted against European Patent No. 858440, entitled "Method for Preparing 1,1,1,3,3-Pentafluropropane."

30. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, opinions, testing, or investigation by any PERSON that the '192 PATENT does or does not anticipate or render obvious any claims of the '817 PATENT.

31. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, opinions, testing, or investigation by any PERSON that the '706 PATENT does or does not anticipate or render obvious any claim of the '817 PATENT.

32. All DOCUMENTS evidencing, constituting, referring or relating to any analysis, assertion, contention, conclusions, opinions, testing, or investigation by any PERSON that the '997 PATENT does or does not anticipate or render obvious any claim of the '817 PATENT.

33. All DOCUMENTS evidencing, constituting, referring or relating to YOUR knowledge of compliance with the duty of disclosure to the U.S. Patent and Trademark Office pertaining to the prosecution of the SOLVAY PATENTS.

34. All DOCUMENTS evidencing, constituting, referring or relating to YOUR policies, practices and procedures regarding patent prosecution.

35. All DOCUMENTS evidencing, constituting, referring or relating to SOLVAY'S policies, practices, and procedures regarding patent prosecution.

36. All DOCUMENTS evidencing, constituting, referring or relating to the nature of the relationship between YOU and SOLVAY with respect to the SOLVAY PATENTS or any of the alleged invention(s) described or claimed therein.

## **DEFINITIONS**

A. The term "SCHNELLER," "YOU" or "YOUR" shall mean Marina Schneller herself, and any employees, officers, attorneys and other persons acting on her behalf.

B. The term "HONEYWELL" shall mean Defendant Honeywell International Inc. and includes all of its employees, officers, attorneys and any other person acting on its behalf.

C. The term "SOLVAY" refers to Plaintiff Solvay, S.A., itself, and its officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes Solvay, S.A.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Solvay, S.A. and all predecessors and successors in interest to such entities.

D. The terms "PERSON" and "PERSONS" shall mean any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

E. The term "the '817 PATENT" shall mean U.S. Patent No. 6,730,817, entitled "METHOD FOR PREPARING 1,1,1,3,3-PENTAFLUOROPROPANE" and all underlying patent applications, and all continuation and/or divisional applications.

F. The term "'215 PATENT" shall mean U.S. Patent No. 6,930,215, entitled "PROCESS FOR THE PREPARATION OF 1,1,1,3,3-PENTAFLUOROPROPANE," all underlying patent applications, and all continuation and/or divisional applications, including but not limited to U.S. Patent Application No. 11/184,353, also known as U.S. Patent Application Publication 2005/256348.

G. The term "FOREIGN COUNTERPARTS" shall mean any foreign patent application or patent that claims priority from FR 2740132 (also known as FR 9512558) filed October 23, 1995, including but not limited to AT 211723, AU 7284996, AU 9672849, AU 722645, BR 9611223, CA 2232421, CN1205682, CN 1079787, DE 69618476, DK 858440, EP 858440, ES 2171228, FR 2740132, HU 9802978, HU 222560, IL 124086, JP 2000513705, NO 9801800, NO 309716 NZ 320161, PL 326367, PL 186534, PT 858440, RO 120193, WO 9715540, ZA 9608481, CZ 9801254, CZ 291762, SK 4800998, SK 9800489, SK 282636, EA 1400016, and UA 61895.

H. The term "SOLVAY PATENTS" shall include the '817 PATENT, the '215 PATENT, and any FOREIGN COUNTERPARTS.

I. H. The term "'192 PATENT" shall mean U.S. Patent No.5,574,192, entitled "PROCESS FOR THE MANUFACTURE OF 1,1,1,3,3-PENTAFLUOROPROPANE."

J. The term "'706 PATENT" shall mean U.S. Patent No. 5,763,706, entitled "PROCESS FOR THE MANUFACTURE OF 1,1,1,3,3-PENTAFLUOROPROPANE and 1,1,1,3,3,3-HEXAFLUOROPROPANE."

K. The term "'997 PATENT" shall mean U.S. Patent No. 5,395,997, entitled "PROCESS FOR THE PREPARATION OF HYDROFLUOROCARBONS HAVING 3 TO 7 CARBON ATOMS."

L. The term "PRIOR ART" includes the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

M. The term "PROCEEDING" includes any action, case, litigation, or appeal--whether legal or administrative--in any foreign or domestic court, patent office, trade commission (e.g., U.S. International Trade Commission) or tribunal.

N. The words "and," "or," and "including" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

O. When used in reference to DOCUMENTS, "IDENTIFY" or "IDENTITY of" means to state: (i) the date of creation; (ii) the author; (iii) all recipients; (iv) any PERSON receiving a copy, by "cc," "bcc," or otherwise; (v) a basic description of the nature of the DOCUMENT, including, if applicable, (vi) the title, if any; and (vii) if the DOCUMENT has been or is being produced in this litigation, the bates or identifier number affixed to it. DOCUMENTS to be identified include DOCUMENTS in SCHNELLER's possession, custody or control, and those known by SCHNELLER to have existed but no longer exist, and others of which SCHNELLER has knowledge or information.

P. The term "DOCUMENT(S)" shall have the full meanings prescribed by Federal Rule of Civil Procedure 34 and include the terms "writings and recordings," "photographs," "originals," and "duplicate" as defined in Federal Rule of Evidence 1001 and shall mean any document or thing or electronically stored information in the possession or control of SCHNELLER or its counsel, or known to SCHNELLER or its counsel, and is used in its customarily broad sense to include the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal: letters; memoranda; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); correspondence; summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs; laboratory or research reports

and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patent appraisals; opinions of counsel; reports of or summaries of either negotiations within or without the corporation or preparations for such; brochures; manuals; pamphlets; advertisements; circulars; press releases; drafts of any documents; memoranda; books; instruments; accounts; bills of sale; invoices; tapes; electronic communications including emails; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate document.

Q. The terms "DATE," "DATE(s)," and "DATES" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

R. The terms "constituting," "evidencing," "relating to," "referred to," "relate to," "referring to," "refers or relates," "referring or relating to," "memorializing," "concerning," and "supporting" shall mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

S. The terms "include" and "including" shall mean including but not limited to.

T. The terms "any" or "each" should be understood to include and encompass "all."

U. The singular used herein shall include the plural and the masculine gender shall include the feminine and the gender neutral.

## INSTRUCTIONS

A. These requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. These requests are of a continuing nature and SCHNELLER is required to file and serve supplemental responses promptly if she obtains further or different information after the date of her initial answer and before this case is completed.

B. To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these requests any responses that might otherwise be construed to be outside their scope.

C. If SCHNELLER objects to any Request for Production, set forth the basis for the objection, and answer the request to the extent that it is not objected to.

D. These Requests shall apply to all DOCUMENTS in SCHNELLER's possession, custody or control at the present time or coming into her possession, custody or control prior to the date of the production. If SCHNELLER knows of the existence, past or present, of any DOCUMENTS requested herein, but is unable to produce such DOCUMENTS because they are not presently in her possession, custody or control, SCHNELLER shall so state and shall identify such DOCUMENTS, and the person who has or had possession, custody or control of them.

E. If no DOCUMENTS are responsive to a particular Request, SCHNELLER is to state that no responsive DOCUMENTS exist.

F. All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a DOCUMENT that

K&E 11945666.

is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT produced in response hereto, SCHNELLER shall identify the Request in response to which the DOCUMENT is being produced.

G. These Requests seek all responsive documents in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such documents.

H. SCHNELLER shall keep and produce a record of the source of each DOCUMENT produced. This record shall include the name and location of the file where each DOCUMENT was located and the name of the person, group or department having possession, custody or control of it.