IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-557-SLR |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| HONEYWELL SPECIALTY ) | |
| MATERIALS, LLC and ) | |
| HONEYWELL INTERNATIONAL INC., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SERVICE OF SUBPOENA AD TESTIFICANDUM AND DUCES TECUM**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Solvay, S.A. has served or will serve the attached subpoena and accompanying Schedule A on the following:

Jay P. Friedenson, Esq.
4375 Elmore Mount Rd.
Morrisville, VT 05661

Please be advised that the deposition will be conducted before a person duly authorized and will be recorded by stenographic and videographic means. You are invited to attend and cross-examine.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | |
| Arthur I. Neustadt | |
| Jean-Paul Lavalleye | By: */s/ David E. Moore* |
| Barry J. Herman | Richard L. Horwitz (#2246) |
| John F. Presper | David E. Moore (#3983) |
| OBLON, SPIVAK, McCLELLAND, | Hercules Plaza, 6th Floor |
| MAIER & NEUSTADT, P.C. | 1313 N. Market Street |
| 1940 Duke St. | Wilmington, Delaware 19801 |
| Alexandria, VA 22314 | Tel: (302) 984-6000 |
| Tel.: (703) 413-3000 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| Dated: September 14, 2007 | |
| 819004 / 30651 | *Attorneys for Plaintiff Solvay, S.A.* |

⇘AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ NEW JERSEY

Solvay, S.A.

V.

Honeywell International Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-557-SLR, District of Delaware

TO: Jay P. Friedenson, Esq.
4375 Elmore Mount Rd.
Morrisville, VT 05661

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Oblon Spivak, et al., 1940 Duke Street, Alexandria, VA 22314  Depositon will be recorded stenographically and videographically. | DATE AND TIME  9/28/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See "Schedule A" for list of document requests.)

| PLACE    Oblon, Spivak, McClelland, Maier & Neustadt, P.C.  1940 Duke Street, Alexandria, VA 22314 | DATE AND TIME  9/28/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* COUNSEL FOR PLAINTIFF | DATE  9/14/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John F. Presper; Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street, Alexandria, VA 22314; (703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A – REQUESTED DOCUMENTS

## **DOCUMENT REQUESTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Jay P. Friedenson is requested to produce, for inspection and copying, documents described by the following requests:

1. All documents evidencing, constituting, referring or relating to the preparation, filing or prosecution of any patent application relating to the '706 patent or any of the alleged invention(s) described or claimed therein.

2. All documents evidencing, constituting, referring or relating to any communications with any person regarding the '706 patent or any of the alleged invention(s) described or claimed therein, including but not limited to, communications with Honeywell, patent engineers at Honeywell, Hsueh Sung Tung, Daniel C. Merkel, Zenart J. Dziadyk, Clayton H. Carson and/or Hang Thanh Pham.

3. All documents evidencing, constituting, referring or relating to any meeting(s), discussions, conference(s) or communications with the U.S. Patent and Trademark Office or any foreign patent office regarding: the '706 patent, any of the alleged invention(s) described or claimed therein, or the disclosure of any prior art to the U.S. Patent and Trademark Office or any foreign patent office.

4. All documents evidencing, constituting, referring or relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue or interference regarding the '706 patent or any of the alleged invention(s) described or claimed therein.

5.All documents that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the '706 patent, including but not limited to, any prior art and/or any technical and scientific publications.

6.All documents evidencing, constituting, referring or relating to any analysis, contention, conclusions or opinions by any person regarding the disclosure of any of the references provided or cited to the U.S. Patent and Trademark Office during the prosecution of the '706 patent, including but not limited to, any of the references listed in applicants' information disclosure statements filed during prosecution.

7.All documents evidencing, constituting, referring or relating to any similarities or differences between the prior art provided or cited during the prosecution of the '706 patent in the U.S. Patent and Trademark Office or any patent office and any of the alleged invention(s) described or claimed in the applications for patent.

8.All documents evidencing, constituting, referring or relating to any alleged invention(s) described or claimed in the '706 patent, including but not limited to, laboratory notebooks, test and laboratory results, drawings, graphs, charts, internal or external presentations, technical files, internal or external communications, diaries, calendars, trip reports, work records, grant proposals, research articles, invention disclosures or summaries.

9.All documents evidencing, constituting, referring or relating to the nature of the relationship between you and Honeywell with respect to the '706 patent or any of the alleged invention(s) described or claimed therein.

2

## **DEFINITIONS**

A.  The term "you" or "your" shall mean Jay P. Friedenson himself, and any employees, officers, attorneys and any other persons acting on his behalf.

B.  The term "Honeywell" shall mean Defendants Honeywell International Inc. and Honeywell Intellectual Properties Inc., and includes all of its employees, officers, attorneys and any other persons acting on its behalf.

C.  The terms "person" or "persons" shall mean any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

D.  The term "the '706 patent" shall mean United States Patent No. 5,763,706, entitled "PROCESS FOR THE MANUFACTURE OF 1,1,1,3,3-PENTAFLUOROPROPANE AND 1,1,1,3,3-HEXAFLUOROPROPANE" and all underlying patent applications, and all continuation and/or divisional applications.

E.  The term "prior art" includes the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales and offers for sale, and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

F.  The term proceeding includes any action, case, litigation or appeal—whether legal or administrative—in any foreign or domestic court, patent office, trade commission (e.g., U.S. International Trade Commission) or tribunal.

G.  The words "and," "or," and "including" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

3

H.  The term "document(s)" shall have the full meanings prescribed by Federal Rule of Civil Procedure 34 and include the terms "writings and recordings," "photographs," "originals," and "duplicate" as defined in Federal Rule of Evidence 1001 and shall mean any document or thing or electronically stored information in the possession or control of Roberts or its counsel, or known to Roberts of its counsel, and is used in its customarily broad sense to include the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal: all patents and all applications, foreign or domestic, as well as correspondence and filings in connection therewith, contracts, agreements, guarantees, amendments, assignments, offers, prospectuses, proxy statements, invoices, purchase orders, research and development records, production records, quality control records, management reports, audit reports, accounting reports, work papers, ledgers, balance sheets, profit and loss statements, financial statements, memoranda, correspondence, communications, computer printouts, computer tapes or disks, envelopes, summaries, analyses, opinions, projections, forecasts, budgets, estimates, transcripts, tape recordings, business cards, notes, calendar or diary entries, newspaper articles advertisements, pamphlets, periodicals, pleadings, indexes, file folders and press releases.

I.  The terms "constituting," "evidencing," and "referring or relating to," shall mean in whole or in any part alluding to, responding to, embodying, concerning, containing, comprising, indicating, identifying, describing, discussing, involving, supporting, reflecting, commenting on, in respect of, about, associated with, summarizing, memorializing, stating, tending to support, tending to discredit, or otherwise in any way pertaining directly or indirectly to.

J.  The terms "include" and "including" shall mean including but not limited to.

K.  The terms "any" or "each" should be understood to include and encompass "all."

L.  The singular used herein shall include the plural.

## INSTRUCTIONS

1.  These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2.  If you object to any request for production, set for the basis for the objection and answer the request to the extent that it is not objected to.

3.  For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (1) identify the document by date, title, nature, author, sender, recipients, and/or participants; (2) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (3) identify the allegedly applicable privilege or protection.

4.  These document requests seek answers current to the date of response, and further shall be deemed to be continuing under Rule 26 (e) of the Federal Rules of Civil Procedure, so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be produced promptly after being so acquired or known by you.

5.  If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6.  All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document produced in response hereto, you shall identify the request in response to which the document is being produced.

7.  You shall keep and produce a record of the source of each document produced. This record shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of it.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 14, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 14, 2007, I have Electronically Mailed the document to the following person(s):

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
lpolizoti@mnat.com

Robert G. Krupka
Laura M. Burson
Helen Hong
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
service-solvay@kirkland.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

799366 / 30651