IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the order of the Court, for purposes of the disposition of this case, as follows:

1. Solvay admits the authenticity of each document that on its face appears to have been generated by it and produced to Honeywell in this case.

2. Solvay admits the business record status of each document that on its face appears to have been generated by it and produced to Honeywell in this case subject to the caveat that Solvay may object to the admissibility of any specific statement in a document to the extent it can show that such statement was not made in the course of regularly conducted business activity (Rule 803(6), Fed. R. Evid.) or should otherwise not be admitted (*e.g.*, pursuant to Rule 402 or 403, Fed. R. Evid.).

3. As to each document produced by Solvay to Honeywell in this case which was not generated by Solvay, Solvay admits that it received this document.

4. Documents generated by a third party on behalf of Solvay shall be treated as if they were generated by Solvay or its employees with respect to Rule 801(d)(2)(D), Fed. R. Evid.

5.  Honeywell admits the authenticity of each document that on its face appears to have been generated by it and produced to Solvay in this case.

6.  Honeywell admits the business record status of each document that on its face appears to have been generated by it and produced to Solvay in this case subject to the caveat that Honeywell may object to the admissibility of any specific statement in a document to the extent it can show that such statement was not made in the course of regularly conducted business activity (Rule 803(6), Fed. R. Evid.) or should otherwise not be admitted (*e.g.*, pursuant to Rule 402 or 403, Fed. R. Evid.).

7.  As to each document produced by Honeywell to Solvay in this case which was not generated by Honeywell, Honeywell admits that it received this document.

8.  Documents generated by a third party on behalf of Honeywell shall be treated as if they were generated by Honeywell or its employees with respect to Rule 801(d)(2)(D), Fed. R. Evid.

| POTTER ANDERSON & CORROON LLP | MORRIS NICHOLS ARSHT & TUNNELL LLP |
|---|---|
| */s/ David E. Moore* | */s/ Thomas C. Grimm* |
| Richard L. Horwitz (#2246) | Thomas C. Grimm (#1098) |
| David E. Moore (#3983) | Benjamin J. Schladweiler (#4601) |
| Hercules Plaza, 6th Floor | 1201 N. Market Street |
| 1313 N. Market Street, P.O. Box 951 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899-1347 |
| (302) 984-6000 | (302) 658-9200 |
| rhorwitz@potteranderson.com | tgrimm@mnat.com |
| dmoore@potteranderson.com | bschladweiler@mnat.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED this ____ day of _____, 2007

_____
United States District Judge

1252285