# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

December 19, 2007

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *Solvay, S.A. v. Honeywell Specialty Materials LLC, et al.*
       C.A. No. 06-557-SLR

Dear Judge Robinson:

We respectfully request leave to submit this letter for the sole purpose of ensuring that, in fairness, the Court is aware of the full context of certain quotations and characterizations in Solvay's letter to the Court dated December 17, 2007 (D.I. 100).

1) Solvay's December 18, 2007 letter suggests that the *Bristol Myers* case is inapposite because it dealt with older EPO regulations that are no longer in effect.  To the contrary, Bristol Myers holds that the EPO regulations are not relevant to a determination of the law of privilege.  The *Bristol Myers* court stated later in the same paragraph quoted by Solvay: "Accordingly, there is no basis to conclude that the EPO regulations create an evidentiary privilege where French law does not."  And further stated in footnote 17, referenced in the same paragraph: "Furthermore, '[i]n cases where privilege issues have arisen in relation to European Patent Attorneys ... U.S. Courts have turned to the privilege law of the patent attorney's country of practice rather than the European standard,'... and RPR has not demonstrated that French law would give effect to an evidentiary privilege for EPO professional representatives" (citation omitted).

2) Solvay's letter states "[t]he current European Patent Convention rules (known as "EPC 2000") *expressly provide an evidentiary privilege for confidential communications between a European Patent Attorney and his or her client*." (emphasis in original).  EPO Article 134a & Rule 153 are both cited in the letter, yet "*expressly*" apply only to "proceedings before the European Patent Office..."

3) *Renfield Corp. v. Remy Martin* is quoted out of context by Solvay. That case considered U.S. privilege law, not foreign law. In fact, the lead sentence in the section where the quoted language is found states: "For the purposes of this motion, I assume that French law would not grant a privilege to refuse to disclose these documents."

We hesitate to further the debate in this manner, but Honeywell writes solely to ensure that the Court is fully informed on the context of the foregoing statements made in Solvay's December 17 letter.

Respectfully,

Thomas C. Grimm (#1098)

cc: Dr. Peter T. Dalleo, Clerk (by hand)
Richard L. Horwitz, Esquire (by e-filing & e-mail)
Barry J. Herman, Esquire (by e-mail)
Robert G. Krupka, Esquire (by e-mail)

1341158