IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 06-557-SLR |
| HONEYWELL SPECIALTY | ) |
| MATERIALS, LLC and | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SUBPOENA DUCES TECUM TO RICHARD S. ROBERTS

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 45, Plaintiff Solvay, S.A. ("Solvay") has served or will serve the attached subpoena commanding Mr. Richard S. Roberts to produce documents at the law offices of Oblon, Spivak, McClelland, Maier & Neustadt, P.C., 1940 Duke Street, Alexandria, VA 22314, or at another location by mutual agreement, by January 4, 2008 at 9:00 a.m.

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
John F. Presper
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel.: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: December 21, 2007
839490

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 21, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 21, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Thomas C. Grimm<br>Benjamin J. Schladweiler<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>tgrimm@mnat.com<br>bschladweiler@mnat.com | Robert G. Krupka<br>Laura M. Burson<br>Helen Hong<br>Kirkland & Ellis LLP<br>777 S. Figueroa Street, Suite 3400<br>Los Angeles, CA 90017<br>service-solvay@kirkland.com |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

756119 / 30651

◎AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE       DISTRICT OF       NEW JERSEY

Solvay, S.A.

V.

Honeywell International Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-557-SLR, District of Delaware

TO: Richard S. Roberts, Esq.
Roberts & Roberts LLP
81 Tamarack Circle
Princeton, NJ 08558-2019

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See "Schedule A" for list of document requests.)

| PLACE   Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street, Alexandria, VA 22314 | DATE AND TIME<br>1/4/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   COUNSEL FOR PLAINTIFF | 12/21/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John F. Presper; Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street, Alexandria, VA 22314; (703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A – REQUESTED DOCUMENTS

### DOCUMENT REQUESTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Richard S. Roberts is requested to produce, for inspection and copying, documents described by the following requests:

1. All documents evidencing, constituting, referring or relating to the preparation, filing or prosecution of any patent application relating to the '839 patent or any of the alleged invention(s) described or claimed therein.

2. All documents evidencing, constituting, referring or relating to any communications with any person regarding the '839 patent or any of the alleged invention(s) described or claimed therein, including but not limited to communications with Honeywell, patent engineers at Honeywell, Hsueh Sung Tung, Chad L. Marks, and/or Stephen A. Cottrell.

3. All documents evidencing, constituting, referring or relating to any meeting(s), discussions, conference(s) or communications with the U.S. Patent and Trademark Office or any foreign patent office regarding the '839 patent, any of the alleged invention(s) described or claimed therein, or the disclosure of any prior art to the U.S. Patent and Trademark Office or any foreign patent office.

4. All documents evidencing, constituting, referring or relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue or interference regarding the '839 patent or any of the alleged invention(s) described or claimed therein.

5. All documents that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the '839 patent, including but not limited to, any prior art and/or any technical and scientific publications.

6. All documents evidencing, constituting, referring or relating to any analysis, contention, conclusions or opinions by any person regarding the disclosure of any of the references provided or cited to the U.S. Patent and Trademark Office during the prosecution of the '839 patent, including but not limited to, any of the references listed in applicants' information disclosure statements filed during prosecution.

7. All documents evidencing, constituting, referring or relating to any similarities or differences between the prior art provided or cited during the prosecution of the '839 patent in the U.S. Patent and Trademark Office or any patent office and any of the alleged invention(s) described or claimed in the applications for patent.

8. All documents evidencing, constituting, referring or relating to any alleged invention(s) described or claimed in the '839 patent, including but not limited to, laboratory notebooks, test and laboratory results, drawings, graphs, charts, internal or external presentations, technical files, internal or external communications, diaries, calendars, trip reports, work records, grant proposals, research articles, invention disclosures or summaries.

9. All documents evidencing, constituting, referring or relating to the nature of the relationship between you and Honeywell with respect to the '839 patent or any of the alleged invention(s) described or claimed therein.

## DEFINITIONS

A. The term "you" or "your" shall mean Richard S. Roberts himself, and any employees, officers, attorneys and any other persons acting on his behalf.

B. The term "Honeywell" shall mean Defendants Honeywell International Inc. and Honeywell Intellectual Properties Inc., and includes all of its employees, officers, attorneys and any other persons acting on its behalf.

C. The terms "person" or "persons" shall mean any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

D. The term "the '839 patent" shall mean United States Patent No. 7,214,839, entitled "METHOD OF MAKING HYDROFLUOROCARBONS" and all underlying patent applications, and all continuation and/or divisional applications.

E. The term "prior art" includes the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales and offers for sale, and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

F. The term "proceeding" includes any action, case, litigation or appeal—whether legal or administrative—in any foreign or domestic court, patent office, trade commission (e.g., U.S. International Trade Commission) or tribunal.

G. The words "and," "or," and "including" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

H.   The term "document(s)" shall have the full meanings prescribed by Federal Rule of Civil Procedure 34 and include the terms "writings and recordings," "photographs," "originals," and "duplicate" as defined in Federal Rule of Evidence 1001 and shall mean any document or thing or electronically stored information in the possession or control of Roberts or its counsel, or known to Roberts of its counsel, and is used in its customarily broad sense to include the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal: all patents and all applications, foreign or domestic, as well as correspondence and filings in connection therewith, contracts, agreements, guarantees, amendments, assignments, offers, prospectuses, proxy statements, invoices, purchase orders, research and development records, production records, quality control records, management reports, audit reports, accounting reports, work papers, ledgers, balance sheets, profit and loss statements, financial statements, memoranda, correspondence, communications, computer printouts, computer tapes or disks, envelopes, summaries, analyses, opinions, projections, forecasts, budgets, estimates, transcripts, tape recordings, business cards, notes, calendar or diary entries, newspaper articles advertisements, pamphlets, periodicals, pleadings, indexes, file folders and press releases.

I.   The terms "constituting," "evidencing," and "referring or relating to," shall mean in whole or in any part alluding to, responding to, embodying, concerning, containing, comprising, indicating, identifying, describing, discussing, involving, supporting, reflecting, commenting on, in respect of, about, associated with, summarizing,

memorializing, stating, tending to support, tending to discredit, or otherwise in any way pertaining directly or indirectly to.

  J.  The terms "include" and "including" shall mean including but not limited to.

  K.  The terms "any" or "each" should be understood to include and encompass "all."

  L.  The singular used herein shall include the plural.

## **INSTRUCTIONS**

1. These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2. If you object to any request for production, set for the basis for the objection and answer the request to the extent that it is not objected to.

3. For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (1) identify the document by date, title, nature, author, sender, recipients, and/or participants; (2) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (3) identify the allegedly applicable privilege or protection.

4. These document requests seek answers current to the date of response, and further shall be deemed to be continuing under Rule 26 (e) of the Federal Rules of Civil Procedure, so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be produced promptly after being so acquired or known by you.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document produced in response hereto, you shall identify the request in response to which the document is being produced.

7. You shall keep and produce a record of the source of each document produced. This record shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of it.