# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

January 15, 2008

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Solvay, S.A. v. Honeywell Specialty Materials LLC, et al.*
              C.A. No. 06-557-SLR

Dear Judge Robinson:

      We respectfully submit this status letter as requested by Your Honor for the purpose of ensuring that the Court is aware of the facts and circumstances surrounding Solvay's request to produce its own license agreement with Arkema (the "Solvay-Arkema License"). A teleconference is scheduled for January 17, 2008, at 8:30 a.m.

      On October 4, 2007, Solvay sent a letter to its license partner, Arkema (a non-party to this litigation), stating that Solvay intended to produce a license agreement between Arkema and Solvay in this case unless Arkema objected within ten days. Arkema requested and Solvay agreed to an extension to October 22, 2007 – the day that Solvay's opening expert report on damages was due. On October 22, Arkema responded, objecting to Solvay's disclosure of the Solvay-Arkema License and agreeing to appear before the Court to assert its objections. Despite this objection and despite that its damages expert report was due, Solvay did not contact the Court to seek review of Arkema's objections nor did it contact Honeywell to seek an extension of time to file Solvay's expert report on damages. Instead, Solvay filed its damages expert report without relying upon or referencing the Arkema license in any way. Honeywell's rebuttal report on damages was filed on November 20, 2007. Despite being aware of the Solvay-Arkema License issue by October 22, Solvay took no further action to contact the Court until mid-December 2007, *nearly two months after* the due date for Solvay's initial expert reports, *nearly one month after* the due date for Honeywell's rebuttal expert reports, and on the eve of the *January 15, 2008 close of expert discovery.*

The Honorable Sue L. Robinson
January 15, 2008
Page 2

Solvay's failure to promptly raise this issue with the Court will prejudice Honeywell at this late date because neither the Solvay nor the Honeywell experts have been able to analyze this license or include any discussion of this license in their respective expert reports. Moreover, had Solvay acted promptly, Honeywell would have had the opportunity, based on expert analysis, to conduct further fact discovery of Solvay and also Arkema – all before the deadline for Honeywell's rebuttal report. Although the damage expert depositions will be taken, by agreement, later this month, this does not mitigate the prejudice. Honeywell is still denied the opportunity to take appropriate fact discovery concerning this license agreement[1], and will be prejudiced if Solvay can now rely upon an agreement that was not produced earlier because Solvay delayed in raising the issue. Reopening fact discovery would be equally prejudicial because, at this late date when the parties are gearing up for summary judgment motions and claim construction briefs, it would require the re-taking of depositions or the taking of additional depositions. In addition, permitting Solvay to rely on the Arkema license would require either further postponing the damages expert depositions until after the expert reports are supplemented for this late-produced Solvay license, or the scheduling of a second set of expert depositions after fact discovery on this late produced Solvay license is completed. Thus, Honeywell asks that the Court deny Solvay's request to disclose one of its own license agreements at this late date.

Respectfully,

Thomas C. Grimm (#1098)

TCG
cc:   Dr. Peter T. Dalleo, Clerk (by hand)
      Richard L. Horwitz, Esquire (by efiling & email)
      Barry J. Herman, Esquire (by email)
      Robert G. Krupka, Esquire (by email)

1383790

---

[1] In September 2007, at the deposition of a Solvay witness, counsel for Solvay provided a copy of a Solvay-Arkema License (which may or may not be the license in issue here) and allowed counsel for Honeywell to ask questions about it. However, Honeywell was not permitted to show that license to Honeywell's damages expert or to retain a copy in order to fully study and understand its terms. In all events, no Solvay-Arkema License has been produced to date or relied upon by the damages experts in their reports.