

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com                    January 16, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

> Re:    Solvay, S.A. v. Honeywell Specialty Materials, LLC, et al.,
>         C.A. No. 06-557-SLR

Dear Judge Robinson:

Solvay submits this letter in connection with the hearing scheduled for January 17, 2008 regarding third-party Arkema's objection to Solvay's production of a certain patent license agreement between Solvay and Arkema (the "Solvay-Arkema Agreement").  Solvay also writes in response to Honeywell's letter of January 15, 2008.

**Background**

This case involves Solvay's assertion that Honeywell infringes a Solvay patent on a process for manufacturing 1,1,1,3,3 pentafluoropropane, a halogenated fluorocarbon.  Solvay seeks a reasonable royalty for Honeywell's infringement of the patent-in-suit.  During discovery, each party has requested production of patent license agreements relating to halogenated fluorocarbons.  Both parties subsequently withheld from one another certain responsive patent license agreements based on third party confidentiality concerns.

To resolve this confidentiality issue, the parties stipulated to the entry of an Order (D.I. 84), which the Court entered on September 21, 2007 (the "Order").  The Order provides in relevant part that:

> Within ten (10) calendar days of this order being entered by the
> Court, Solvay will give notice to each licensee or licensor as the
> case may be for each agreement that Solvay intends to produce to
> Honeywell pursuant to the protective order noted above unless the

The Hon. Sue L. Robinson
January 16, 2008
Page 2

licensee or licensor states an objection thereto to Solvay within ten
(10) calendar days of the notice from Solvay that it will appear
before the Court to assert an objection at a hearing to determine
whether disclosure should be ordered.

Pursuant to the Order, Solvay timely notified Arkema regarding its intention to produce the Solvay-Arkema Agreement and Arkema's obligation to object to such production. In early October 2007, Arkema's U.S. counsel requested one additional week to respond to the Order. Solvay's counsel agreed. Subsequently, Arkema informed Solvay's counsel that it objected to Solvay's production to Honeywell of the Solvay-Arkema Agreement.

Solvay and Arkema's counsel attempted without success to resolve Arkema's objection without the Court's intervention. When those efforts failed, Solvay requested this hearing.

### Arkema's Proposal

On January 11, 2008, Arkema's counsel contacted Solvay's counsel and offered to withdraw its objection to Solvay's production of the Solvay-Arkema Agreement, provided that: (1) the Solvay-Arkema Agreement is designated as "Highly Confidential" under the Court's July 6, 2007 Stipulated Protective Order; and (2) the Protective Order be amended to confer upon Arkema the rights of a "designating party" as defined in the Protective Order.

Although Solvay agreed with both parts of Arkema's January 11th proposal, since the second part of Arkema's proposal required the consent of Honeywell, Solvay's counsel contacted Honeywell's counsel to advise them of that proposal. Solvay's counsel requested that Honeywell's counsel respond to Arkema's proposed modification to the Protective Order by January 15, 2008. Rather than respond to Solvay's request, however, Honeywell has submitted its January 15 letter to the Court.

### Response to Honeywell's January 15, 2008 Letter

In its January 15 letter, Honeywell requests that "the Court deny Solvay's request to disclose one of its own license agreements at this late date." Honeywell's request should be denied.

First, Honeywell's statement that it has been prejudiced is incorrect. As Honeywell's own letter points out, however, expert discovery is still ongoing and the damages experts have not yet been deposed. Moreover, Honeywell's counsel was provided with a copy of the Solvay-Arkema Agreement for use during the September 25, 2007 Rule 30(b)(6) deposition of Mr. Serrier, Solvay's corporate witness on licensing. During that deposition, Honeywell's counsel questioned Mr. Serrier extensively about the Solvay-Arkema Agreement. Thus, contrary to Honeywell's assertion in its letter, Honeywell has not been denied discovery regarding the Solvay-Arkema Agreement, and Honeywell's counsel was not denied any opportunity to rely upon that Agreement (and still can).

The Hon. Sue L. Robinson
January 16, 2008
Page 3

        Second, Honeywell's argument that Solvay unduly delayed bringing this matter to the Court's attention is equally misplaced. As stated above, Solvay and Arkema's counsel attempted to resolve their dispute without seeking the Court's intervention. Only when it became clear that Solvay was not going to be able to work out a compromise with Arkema did it request the scheduling of a hearing. Moreover, the Court initially scheduled a hearing in mid-December, but Arkema's counsel was not available on that date. The next available date for the Court to hear the matter was January 17, 2008.

*    *    *

        For the reasons stated above, Arkema's proposed modification to the Protective Order to allow it to be a "designating party" should be granted. Honeywell's request that the Court deny Solvay's request to disclose the Solvay-Arkema Agreement to Honeywell should be denied.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

842870/30651
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)