IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-557-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HONEYWELL SPECIALTY | ) **PUBLIC VERSION** |
| MATERIALS, LLC and | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| Defendants. | ) |

**SOLVAY'S OPENING BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF INFRINGEMENT**

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850535 / 30651

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I. NATURE AND STAGE OF PROCEEDINGS ............................................................1

II. SUMMARY OF ARGUMENT .....................................................................................1

III. CONCISE STATEMENT OF FACTS ........................................................................2

IV. ARGUMENT..................................................................................................................3

    A. Summary Judgment Is Appropriate ..................................................................3

    B. Infringement........................................................................................................4

    C. Honeywell Literally Infringes Claims 1, 5-7 and 10-11 of the '817 Patent .............5

        1. Honeywell's Infringement of Claim 1 .........................................................5

        2. Honeywell's Infringement of Claims 5-7 and 10-11 ..................................7

V. CONCLUSION................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**            Page

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................. 3, 4, 5

*Applied Cos. v. United States*,
   144 F.3d 1470 (Fed. Cir. 1998) ..................................................................................... 4

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
   731 F.2d 831 (Fed. Cir. 1984) ........................................................................................ 3

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................................ 3

*Chimie v. PPG Indus., Inc.*,
   402 F.3d 1371 (Fed. Cir. 2005) ...................................................................................... 7

*Cybor Corp. v. FAS Techs., Inc.*,
   138 F.3d 1448 (Fed. Cir. 1998) (*en banc*) .................................................................... 4

*E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.*,
   849 F.2d 1430 (Fed. Cir. 1988) ...................................................................................... 6

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ............................................................................................ 4

*JVW Enters., Inc. v. Interact Accessories, Inc.*,
   424 F.3d 1324 (Fed. Cir. 2005) ...................................................................................... 7

*Kegel Co. Inc. v. AMF Bowling, Inc.*,
   127 F.3d 1420 (Fed. Cir. 1997) ...................................................................................... 4

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995) .......................................................................................... 4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005) ...................................................................................... 5

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ................................................................... 6

*Purdue Pharma L.P. v. Endo Pharms., Inc.*,
   438 F.3d 1123 (Fed. Cir. 2006) ...................................................................................... 7

*Terlep v. Brinkmann Corp.*,
    418 F.3d 1379 (Fed. Cir. 2005)..................................................................................4

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.*,
    418 F.3d 1326 (Fed. Cir. 2005) .................................................................................4

**Rules**

Fed. R. Civ. P. 56......................................................................................................................3

Fed. R. Civ. P. 56(c) .................................................................................................................3

**Statutes**

35 U.S.C. § 271.........................................................................................................................4

35 U.S.C. § 271(a) ....................................................................................................................6

35 U.S.C. § 271(g) ....................................................................................................................6

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Solvay S.A. ("Solvay") filed its complaint for patent infringement on September 7, 2006 (D.I. 1), fact discovery and expert discovery have been completed, and motions for summary judgment are due on February 18, 2008.

## II. SUMMARY OF ARGUMENT

Independent claim 1 of U.S. patent 6,730,817 ("the '817 patent") is directed to a process for making the chemical compound 1,1,1,3,3-pentafluoropropane ("HFC-245fa" or "245fa") by reacting 1,1,1,3,3-pentachloropropane ("HCC-240fa" or "240fa") and hydrogen fluoride ("HF") in the presence of a hydrofluorination catalyst. Properly construed,[1] claim 1 covers processes which are carried out at a temperature and pressure at which produced HFC-245fa is at least partially gaseous, and in which gaseous HFC-245fa is separated from the reaction mixture in the reactor by continuously drawing of HFC-245fa and hydrogen chloride ("HCl").



Consequently, Honeywell literally infringes claim 1 of the '817 patent.

Honeywell also literally infringes claims 5, 6, 7, 10 and 11 of the '817 patent. Claim 5 requires the reaction of claim 1 to be carried out at a temperature of approximately 50 to 150°C

---

[1] *See* Solvay's Opening Claim Construction Brief, filed concurrently herewith.

--- █████████████████████████████████████████████. Claim 6 requires the HCC-240fa of claim 1 to be made by reacting vinyl chloride and tetrachloromethane --- ████████████████████████████████████████████. Claims 7, 10 and 11 all require specified hydrofluorination catalysts --- ████████████████████████ ████████████████████████████████████████████████████ ████████.[2]

### III. CONCISE STATEMENT OF FACTS

Honeywell manufactures HFC-245fa at its plant located in Geismar, Louisiana. *See* Declaration of Jeffrey McIntyre ("McIntyre Decl."), Ex. 1 (Def.'s Resp. to Pl.'s First Set of Req. for Admis., Resp. to Req. No. 1). Honeywell also sells HFC-245fa in the U.S. McIntyre Decl., Ex. 1 (Def.'s Resp. to Pl.'s First Set of Req. for Admis., Resp. to Req. No. 2).

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████    ████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

[2] Honeywell also infringes claims 2-4, 12-18, 21 and 22 of the '817 patent. However, infringement of these claims is not addressed in this motion.

2



## IV.   ARGUMENT

### A.   Summary Judgment Is Appropriate

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admission on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, summary judgment must be granted when no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is as appropriate in a patent case as in any other. Where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law, the court should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

3

**B.     Infringement**

Direct infringement consists of making, using, selling, or offering for sale, within the United States, or importing in to the United States, during the term of the patent, the invention defined by the patent's claims without the patent owner's authority. 35 U.S.C. § 271. A defendant infringes a process patent by practicing the steps of the patented process without the patent owner's authority. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993).

"A determination of infringement requires a two-step analysis. First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1381 (Fed. Cir. 2005); *see also Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*). The first step, interpretation and construction of disputed terms or language of the claims, is a matter exclusively for the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995). The second step, comparing properly construed claims to the accused device or process, is a question of fact. *Terlep*, 418 F.3d at 1382. A material factual dispute must be genuine, however, to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] conclusory statement on the ultimate issue does not create a genuine issue of fact." *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998).

While Solvay bears the burden of proving infringement by a preponderance of the evidence at trial, (*Kegel Co. Inc. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1425 (Fed. Cir. 1997)), to prevail on summary judgment, a movant need only make a prima facie showing in support of its position on that issue. *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005) (*citing Anderson*, 477 U.S. at 252). If it has done so, then the burden of

production shifts to the non-moving party to introduce evidence indicating there is a genuine issue for trial. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005) (citation omitted). The Supreme Court in *Anderson* held that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party" and, "[i]f the evidence [opposing summary judgment] is merely colorable (citation omitted) or is not significantly probative (citation omitted), summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

### C. Honeywell Literally Infringes Claims 1, 5-7 and 10-11 of the '817 Patent

No factual dispute exists regarding the operation of Honeywell's Geismar process. ▮▮▮ The only dispute is whether claims 1, 5, 6, 7, 10 and 11 should be interpreted to cover Honeywell's process. Since claim interpretation is a matter of law, summary judgment with respect to infringement of claims 1, 5, 6, 7, 10 and 11 is appropriate.

#### 1. <u>Honeywell's Infringement of Claim 1</u>

As explained more fully in Solvay's claim construction brief submitted concurrently herewith and incorporated herein by reference, the words in claim 1 should be interpreted in accordance with their ordinary and customary meaning. Applying Solvay's proposed interpretation of claim 1, it cannot be disputed that Honeywell's Geismar process "carries out the reaction at a temperature and under a pressure at which 1,1,1,3,3-pentafluoropropane is gaseous" because ▮▮▮

5

Furthermore, applying Solvay's claim construction, the Geismar process "isolates the 1,1,1,3,3-pentafluoropropane from the reaction mixture by drawing off 1,1,1,3,3-pentafluoropropane and hydrogen chloride in a gaseous phase as each of said 1,1,1,3,3-pentafluoropropane and hydrogen chloride is being formed" because ███████████████████████████████ ███████████████████████████ Based on these undisputed facts, Honeywell literally infringes claim 1 of the '817 patent as a matter of law.[3]

Honeywell asserts that it does not infringe claim 1 because ███████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████

Honeywell's proposed claim construction improperly attempts to read limitations into the claims which are not supported by the language of the claims, the specification or the prosecution history. When construing a patent claim, it is "unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms ... words of a claim are generally given their ordinary and customary meaning." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (citations omitted). Thus, it is "improper" to read a limitation into a claim "wholly apart from any need to interpret what the patentee meant by particular words or phrases in the claim." *E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1433 (Fed. Cir. 1988). It is improper to read a limitation into the

---

[3] Honeywell's manufacture of HFC-245fa infringes claim 1 under 35 U.S.C. § 271(a). Honeywell's sale of HFC-245fa in the U.S. infringes under 35 U.S.C. § 271(g).

6

claim from the specification (*Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1379 (Fed. Cir. 2005) (citing *E.I. DuPont de Nemours and Co.*, 849 F.2d at 1433)); from a particular embodiment (*JVW Enters., Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1335 (Fed. Cir. 2005)); or from statements made in the prosecution history (*Purdue Pharma L.P. v. Endo Pharms., Inc.*, 438 F.3d 1123, 1136-37 (Fed. Cir. 2006)). It is even more improper to read a limitation into the claim that is not even mentioned within the four corners of the patent -- which is precisely what Honeywell has attempted to do.

Contrary to Honeywell's proposed claim construction, nowhere in the '817 patent is the purity of HFC-245fa, the presence of HFC-245fa as only a gas, or the instantaneous removal of HFC-245fa from the reactor even discussed. Thus, Honeywell's attempt to rewrite claim 1 by importing in limitations that do not exist in the claims, the specification, or the prosecution history, is improper and should be rejected.

### 2. Honeywell's Infringement of Claims 5-7 and 10-11

Once infringement of claim 1 has been determined, it follows that Honeywell's Geismar process also infringes claims 5, 6, 7, 10 and 11.

[redacted]

7

[REDACTED]

## V. CONCLUSION

For the foregoing reasons, the undisputed material facts prove as a matter of law that Honeywell infringes claims 1, 5, 6, 7, 10 and 11 of the '817 patent. Accordingly, this Court should enter summary judgment of infringement of these claims in Solvay's favor.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850535 / 30651