# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A. | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-557-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., | ) ) ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

### SOLVAY'S OPENING BRIEF SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON HONEYWELL'S SEVENTH AFFIRMATIVE DEFENSE OF LACHES, EQUITABLE ESTOPPEL AND PROSECUTION LACHES

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850518 / 30651

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   NATURE AND STAGE OF PROCEEDINGS ...............................................................1

II.  SUMMARY OF ARGUMENT .......................................................................................1

III. CONCISE STATEMENT OF FACTS ............................................................................2

IV.  ARGUMENT ...................................................................................................................4

    A.   Summary Judgment Is Appropriate .....................................................................4

    B.   Solvay Is Entitled to Summary Judgment on Honeywell's Laches Defense ...........4

    C.   Solvay Is Entitled to Summary Judgment on Honeywell's Equitable
        Estoppel Defense ...................................................................................................6

    D.   Solvay Is Entitled to Summary Judgment on Honeywell's Prosecution
        Laches Defense .....................................................................................................7

V.   CONCLUSION .................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                  Page

*A. C. Aukerman Co. v. R.L. Chaides Construction Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) (en banc)..................................................................4, 6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..............................................................................................................4

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984)..............................................................................................4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..............................................................................................................4

*Hemstreet v. Computer Entry Systems Corp.*,
    972 F.2d 1290 (Fed. Cir. 1992)............................................................................................6

*Meyers v. Asics Corp.*,
    974 F.2d 1304 (Fed. Cir. 1992)............................................................................................5

**Rules**

Fed. R. Civ. P. 56 ......................................................................................................................4

Fed. R. Civ. P. 56(c) .................................................................................................................4

I.  **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Solvay S.A. ("Solvay") filed its complaint for patent infringement on September 7, 2006 (D.I. 1), fact discovery and expert discovery have been completed, and motions for summary judgment are due on February 18, 2008.

II. **SUMMARY OF ARGUMENT**

Honeywell's seventh affirmative defense is that "Solvay's claims of infringement are barred by equitable estoppel and laches, including prosecution laches." Each of these defenses is factually unsupported and legally baseless.

Honeywell cannot prevail on its laches defense because the undisputed facts prove that Solvay did not "unreasonably" or "inexcusably" delay filing suit after Solvay had reason to believe that Honeywell's secret process for making HFC-245fa infringed the '817 patent. Moreover, Honeywell has not met its burden of coming forward with evidence that Solvay's alleged delay in filing suit caused any prejudice to Honeywell.

Honeywell cannot prevail on its equitable estoppel defense because the undisputed facts prove that Solvay did not mislead Honeywell regarding its intention to enforce the '817 patent. Moreover, Honeywell has failed to adduce any evidence that Honeywell would have done anything differently had Solvay filed suit sooner, or that Honeywell has been prejudiced in any way as a result of the alleged delay.

Honeywell also cannot prevail on its prosecution laches defense. Honeywell has failed to identify any facts, theories, or argument as to why or how Solvay allegedly delayed prosecution of the '817 patent.

For all of the foregoing reasons, and as discussed more fully below, Solvay is entitled to summary judgment on Honeywell's seventh affirmative defense.

III. **CONCISE STATEMENT OF FACTS**

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████

The '817 patent issued to Solvay on May 4, 2004. *See* McCabe Decl., Ex. 3 ('817 patent). The '817 patent covers processes for manufacturing HFC-245fa. *See, id.* ████

█████████████████████████████████████████████████

███████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████



This suit followed.

## IV. ARGUMENT

### A. Summary Judgment Is Appropriate

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admission on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, summary judgment must be granted when no reasonable fact-finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is as appropriate in a patent case as in any other. Where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law, the court should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

### B. Solvay Is Entitled to Summary Judgment on Honeywell's Laches Defense

To establish laches, Honeywell must prove that: (1) Solvay unreasonably and inexcusably delayed filing suit after it became aware of Honeywell's infringing activities; and (2) Honeywell suffered material prejudice caused by the delay. *A. C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*). Honeywell's laches defense fails as a matter of law.

First, Solvay did not unreasonably delay filing suit. It is undisputed that Honeywell carries out its process for making 245fa in secret. Thus, Solvay did not (and could not have had) actual knowledge of Honeywell's secret process without Honeywell's permission. ▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4

Second, even assuming that Solvay had knowledge of Honeywell's process on the date the '817 patent issued (May 4, 2004), Solvay did not unreasonably delay filing suit two years and four months later. Delays of less than six years rarely are sufficient to support a defense of laches. In such cases, the patentee took an express position that it would file suit, and then the patentee inexcusably delayed bringing suit for several years. *Meyers v. Asics Corp.*, 974 F.2d 1304, 1307 (Fed. Cir. 1992). In the present case, ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

Third, Honeywell has not produced any evidence that it was prejudiced by Solvay's alleged delay in filing suit. Honeywell simply alleges that between 2003 (before the '817 patent issued) and through September 2007 (long after suit was filed), ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ Not only is this time period irrelevant for establishing laches, Honeywell fails to offer any proof that it would have done anything differently had Solvay filed suit sooner than it did. Economic prejudice is not merely expenditures made in furtherance of infringing activities, but rather it is limited to expenditures that were <u>caused directly by the patentee's delay in asserting its claims, and that would have been avoided by an earlier assertion</u>. As the Federal Circuit has explained:

> Economic prejudice may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit. ... Such damages or monetary losses are not merely those attributable to a finding of liability for infringement. ... Economic prejudice would then arise in every suit. ...

5

The courts must look for a change in the economic position of the alleged infringer during the period of delay.

*Aukerman*, 960 F.2d at 1033. *See also Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1294 (Fed. Cir. 1992) (reversing summary judgment of laches because accused infringer failed to show an "explicitly proven nexus to the patentee's delay in filing suit" and failed to prove that it changed its position "as a result of the delay, not simply a business decision to capitalize on a market opportunity").

### C.  Solvay Is Entitled to Summary Judgment on Honeywell's Equitable Estoppel Defense

To establish equitable estoppel, Honeywell must prove that: (1) Solvay, through misleading conduct, led Honeywell reasonably to infer that Solvay did not intend to enforce its '817 patent; (2) Honeywell relied on that conduct; and (3) Honeywell will be materially prejudiced if Solvay is allowed to proceed with its claim. *Aukerman*, 960 F.2d at 1028. As with its baseless laches defense, Honeywell cannot prevail on its equitable estoppel defense.

There is no evidence that Solvay misled Honeywell regarding its intent to enforce its '817 patent. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████

████████████████████████████  ████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████

6

It is also undisputed that Honeywell had already designed and built its 245fa plant several years <u>before</u> the '817 patent issued. The fact (assuming it is true) that ████████ ████████████████████████████████████████████ does not prove that Honeywell detrimentally relied on Solvay's alleged pre-2006 "silence" regarding the '817 patent. Honeywell must show that it would <u>not</u> have ████████████████████ if Solvay had filed suit earlier.

Honeywell also has not demonstrated, and cannot demonstrate, that it has been materially prejudiced by Solvay's alleged "silence" prior to May 2006. Indeed, ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ For this additional reason, Honeywell's equitable estoppel defense must fail as a matter of law.

### D. Solvay Is Entitled to Summary Judgment on Honeywell's Prosecution Laches Defense

Honeywell has nominally asserted "prosecution laches" in its seventh affirmative defense. However, other than this bald and conclusory assertion in its opening pleading, Honeywell has failed to articulate any facts, arguments or theories to establish a prosecution laches defense. On the contrary, in its response to Solvay's interrogatory no. 6 regarding the basis for Honeywell's seventh affirmative defense, Honeywell does not allege or argue that Solvay delayed prosecution of the '817 patent. Thus, it appears that Honeywell has abandoned this particular defense. Consequently, Solvay is also entitled to summary judgment of no prosecution laches.

7

## V. CONCLUSION

For all of the foregoing reasons, Solvay is entitled to a judgment as a matter of law on Honeywell's seventh affirmative defense of laches, equitable estoppel and prosecution laches.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850518 / 30651

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*