**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOLVAY, S.A. | ) | |
| | ) | C.A. No. 06-557-SLR |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**SOLVAY'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. §§ 102(g) AND 103 BASED ON COMMERCIAL SUPPRESSION**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850537 / 30651

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF PROCEEDINGS ..... 1

II. SUMMARY OF ARGUMENT ..... 1

III. CONCISE STATEMENT OF FACTS ..... 2

IV. ARGUMENT ..... 4

A. Summary Judgment Is Appropriate ..... 4

B. Anticipation Under 35 U.S.C. § 102(g) ..... 5

C. Honeywell's Buffalo Work Is Not Prior Art to the '817 Patent Because Honeywell Intentionally Suppressed and Concealed that Work ..... 6

V. CONCLUSION ..... 9

**TABLE OF AUTHORITIES**

**Cases** Page

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ....................4

*Apotex USA, Inc. v. Merck & Co.*,
254 F.3d 1031 (Fed. Cir. 2001)....................5, 6

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
731 F.2d 831 (Fed. Cir. 1984)....................4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ....................4

*Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*,
54 F.3d 756 (Fed. Cir. 1995)....................5, 6

*Lutzker v. Plet*,
843 F.2d 1364 (Fed. Cir. 1988)....................6, 7

*Oddzon Prods., Inc. v. Just Toys, Inc.*,
122 F.3d 1396 (Fed. Cir. 1997)....................5

*Paulik v. Rizkalla*,
760 F.2d 1270 (Fed. Cir. 1985), *appeal after remand*,
796 F.2d 456 (Fed. Cir. 1986)....................6

*Young v. Dworkin*,
489 F.2d 1277 (CCPA 1974) ....................7

**Rules**

Fed. R. Civ. P. 56....................4

**Statutes**

35 U.S.C. § 102.................... *passim*

35 U.S.C. § 103 ....................1, 8, 9

35 U.S.C. § 282....................5

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Solvay S.A. ("Solvay") filed its complaint for patent infringement on September 7, 2006 (D.I. 1), fact discovery and expert discovery have been completed, and motions for summary judgment are due on February 18, 2008.

## II. SUMMARY OF ARGUMENT

Solvay's U.S. Patent No. 6,730,817 (the "'817 patent") is directed to processes for manufacturing 1,1,1,3,3-pentafluoropropane ("HFC-245fa"). Honeywell asserts that the '817 patent claims are invalid under 35 U.S.C. §§ 102(g) and 103 based upon work performed prior to Solvay's date of invention by Honeywell in Buffalo, New York (the "Buffalo work"). To prevail under this theory, Honeywell must prove by clear and convincing evidence that: (1) it invented the subject matter claimed in the '817 patent in the United States prior to October 23, 1995 (the priority date of the '817 patent); and (2) it did not abandon, suppress or conceal its alleged prior invention. Even assuming, *arguendo* and for purposes of this motion only, that Honeywell invented the claimed subject matter before Solvay's date of invention, Honeywell still cannot satisfy its high burden of proving invalidity under 102(g) because [REDACTED] [REDACTED]. Consequently, Honeywell's Buffalo work does not, as a matter of law, constitute prior art to the '817 patent under either 35 U.S.C. §§ 102(g) or 103.[1]

---

[1] [REDACTED]

## III. CONCISE STATEMENT OF FACTS



2

3

[redacted]

[redacted]

---

[4] *See* McIntyre Decl., Ex. 10 (60 FR 47497, September 13, 1995), in which the DOE extended the comment period on a proposed regulation mandating improved energy efficiency for the appliance industry.



[redacted]

> [redacted]

[redacted] Honeywell filed a patent application [redacted] on July 3, 1996. McIntyre Decl., Ex. 12 ('706 patent).

## IV. <u>ARGUMENT</u>

### A. Summary Judgment Is Appropriate

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admission on file … show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, summary judgment must be granted when no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is as appropriate in a patent case as in any other. Where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law, the court should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

**B. Anticipation Under 35 U.S.C. § 102(g)**

35 U.S.C. § 102(g) provides that a person shall be entitled to a patent unless "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2). One of the purposes of § 102(g) is to encourage prompt public disclosure of an invention by penalizing the unexcused delay or failure of a first inventor to share the benefit of the knowledge of the invention with the public after the invention has been completed. *Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*, 54 F.3d 756, 761 (Fed. Cir. 1995). "[T]he spirit and policy of the patent laws encourage an inventor to take steps to ensure that the public has gained knowledge of the invention which will insure its preservation in the public domain or else run the risk of being dominated by the patent of another." *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1038 (Fed. Cir. 2001). "When the possessor of secret prior art [art that has been abandoned, suppressed, or concealed] that predates the critical date is faced with a later-filed patent, the later-filed patent should not be invalidated in the face of this 'prior' art, which has not been made available to the public." *Oddzon Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1402 (Fed. Cir. 1997). "Thus, prior, but non-public, inventors yield to later inventors who utilize the patent system." *Id.*

The presumption of validity under § 282 applies with full force to a § 102(g) defense, "and thus a party asserting invalidity under § 102(g) must prove facts by clear and convincing evidence establishing a prior invention that was not abandoned, suppressed, or concealed." *Apotex*, 254 F.3d at 1035. Because the patent owner has the benefit of the presumption of validity, the challenger bears the initial burden of proving prior invention by clear and convincing evidence. *Id.* at 1037. If the challenger establishes priority of invention, then the patent owner bears the burden of producing evidence indicating that the prior inventor may have

abandoned, suppressed or concealed the invention. *Id.* The patent owner's burden "is appropriately limited to one of production, not persuasion, giving due regard to the presumption of validity." *Id.* Once the patent owner has satisfied its burden of production, the party alleging invalidity under § 102(g) must rebut any alleged suppression or concealment with clear and convincing evidence to the contrary. *Id.* at 1038. The ultimate burden of persuasion remains with the party asserting invalidity. *Id.* at 1037-38.

### C. Honeywell's Buffalo Work Is Not Prior Art to the '817 Patent Because Honeywell Intentionally Suppressed and Concealed that Work

For purposes of this motion only, Solvay does not dispute that Honeywell's Buffalo work culminated by August 31, 1995. Nevertheless, Honeywell's 102(g) defense fails as a matter of law because [REDACTED]. Accordingly, Honeywell's Buffalo work (to the extent that work was eventually published in the later-filed '706 patent) does not constitute prior art to the claims of the '817 patent under 35 U.S.C. § 102(g).

Intentional suppression or concealment "is implicated in a situation in which an inventor actively suppresses or conceals his invention from the public." *Apotex*, 254 F.3d at 1038. Active or intentional suppression or concealment refers to situations in which an inventor "designedly, and with the view of applying it indefinitely and exclusively for his own profit, withholds his invention from the public." *Paulik v. Rizkalla*, 760 F.2d 1270, 1273 (Fed. Cir. 1985), *appeal after remand*, 796 F.2d 456 (Fed. Cir. 1986).

[REDACTED] "[W]hen the activities which cause the delay go to commercialization of the invention, the delay will not be excused." *Lutzker v. Plet*, 843 F.2d 1364, 1367 (Fed. Cir. 1988) (citation omitted); *see also Checkpoint*, 54 F.3d at 762 (explaining

*Lutzker*: "[A]fter the invention described in the patent application was perfected, subsequent activities directed solely toward commercialization of the perfected invention did not excuse a delay in filing the patent application.").

A policy of deferring the filing of a patent application for commercial purposes ([REDACTED]) is evidence of an intention to suppress or conceal the invention under 35 U.S.C. § 102(g). *Young v. Dworkin*, 489 F.2d 1277, 1281-82 (CCPA 1974). Specifically, a policy of deferring the filing of a patent application for commercial reasons "constitute[s] more than an inference of suppression or concealment because [such a] deliberate policy not to disclose [the] invention to the public until [the company] is ready to go into commercial production … is evidence of an intent to suppress or conceal the invention under 35 U.S.C. § 102(g)." *Lutzker*, 843 F.2d at 1367 (citations omitted).

[REDACTED]



Accordingly, to the extent that Honeywell's Buffalo work predated the October 23, 1995 effective filing date of the '817 patent, that work cannot constitute prior art to the '817 patent under either 35 U.S.C. §§ 102(g) or 103.

## V. CONCLUSION

For all of the foregoing reasons, Solvay is entitled to a judgment as a matter of law that Honeywell's Buffalo work does not constitute prior art to the '817 patent and, thus, does not invalidate any of the '817 claims under 35 U.S.C. §§ 102 and 103.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: February 18, 2008
Public Version Dated: February 25, 2008
850537 / 30651