IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
|     Plaintiff and Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | C.A. No. 06-557-SLR |
| HONEYWELL SPECIALTY MATERIALS LLC, and HONEYWELL INTERNATIONAL INC., | ) ) ) ) | PUBLIC VERSION |
|     Defendants and Counterclaim Plaintiffs. | ) ) | |

**HONEYWELL INTERNATIONAL INC.'S OPENING BRIEF
IN SUPPORT OF SUMMARY JUDGMENT OF INVALIDITY
OF CLAIMS 1, 5, 7, AND 10 - 11 OF U.S. PATENT NO. 6,730,817**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: February 18, 2008
Public Version Filed: February 27, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS...................2

III. SUMMARY OF ARGUMENT .................................................................................2

IV.  STATEMENT OF UNDISPUTED FACTS .................................................................3

     A.  The '817 Patent. .............................................................................................3

     B.  Invalidating Prior Art To The '817 Patent. ....................................................4

                               REDACTED

                                                                                    ...........5

     C.  Honeywell's '706 Patent. ...............................................................................8

V.   ARGUMENT ...........................................................................................................8

     A.  Legal Principles. ............................................................................................8

         1.  Summary Judgment Standard. .................................................................8

         2.  Section 102(g) Invalidity Defense. ..........................................................9

     B.  Honeywell Successfully Performed A Process Covered By Claims 1, 5, 7, 10 - 11 Of The '817 Patent      REDACTED ................................................10

     C.  There Is No Evidence That The Invention was Abandoned, Suppressed Or Concealed. ..................................................................................................11

     D.  As A Matter Of Law,     REDACTED     By Honeywell From REDACTED   Is Irrelevant For A § 102(g) Defense. ..........................12

VI.  CONCLUSION ......................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ......................................................................................................... 9

*Apotex USA, Inc. v. Merck & Co., Inc.*,
254 F.3d 1031, 1036 (Fed. Cir. 2001) ............................................................................... 9

*Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*,
731 F.2d 831 (Fed. Cir. 1984) ........................................................................................... 8

*Checkpoint Systems, Inc. v. U.S. Int'l Trade Com'n*,
54 F.3d 756-763 (Fed. Cir. 1995) ................................................................................ 11-12

*Cochran v. Kresock*,
530 F.2d 385 (Cust. & Pat. App. 1976) .......................................................................... 12

*Fujikawa v. Wattanasin*,
93 F.3d 1559 (Fed. Cir. 1996) ......................................................................................... 12

*Inline Connection Corp. v. AOL Time Warner Inc.*,
465 F. Supp. 2d 312 (D. Del. 2006) .................................................................................. 8

*Innovative Scuba Concepts. Inc. v. Feder Indus. Inc.*,
26 F.3d 1112 (Fed. Cir. 1994) ......................................................................................... 11

*LP Matthews LLC v. Bath & Body Works, Inc.*,
458 F. Supp. 2d 189 (D. Del. 2006) ............................................................................... 8-9

*Pennsylvania Coal Ass'n v. Babbitt*,
63 F.3d 231 (3rd Cir. 1995) .............................................................................................. 9

*Tyler Refrigeration Corp. v. Kysor Indus. Corp.*,
601 F. Supp. 590 (D.C. Del. 1985) .............................................................................. 2, 13

**STATUTES**

35 U.S.C. § 102(g) .................................................................................................... Passim

35 U.S.C. § 102(g)(2) .......................................................................................................... 9

**RULES**

Fed. R. Civ. P. 56 ................................................................................................................ 8

Fed. R. Civ. P. 56(c) ........................................................................................................... 8

I.  **INTRODUCTION**

Solvay accuses Honeywell's commercial manufacturing process for making HFC-245fa[1] (a blowing agent for the production of foam) of infringing claims 1 - 7, 10 - 18, and 21 - 22 of U.S. Patent No. 6,730,817 ("the '817 Patent"). The '817 Patent, entitled "Method for Preparing 1,1,1,3,3-Pentafluoropropane," purports to claim an "improv[ed]" process for making HFC-245fa.

However,         REDACTED         [2] Honeywell performed a process during    REDACTED    for making HFC-245fa which met each claim limitation of claims 1, 5, 7, and 10 - 11 of the '817 Patent as those claims are interpreted by Solvay. Pursuant to 35 U.S.C. § 102(g), a patent is invalid if the claimed inventions of the patent-in-suit (here the '817 Patent) were *first made in this country by another inventor who did not abandon, suppress, or conceal its invention.* Solvay does not dispute that the [REDACTED] process performed by Honeywell falls within the scope of its invention; rather, it argues that the [REDACTED] process does not qualify as § 102(g) prior art because of the involvement of  REDACTED      REDACTED     However, Honeywell will demonstrate below that even taking Solvay's factual allegations as true, as a matter of law, Honeywell's[REDACTED] process constitutes prior art under § 102(g). Accordingly, Honeywell moves this Court for summary judgment of invalidity of claims 1, 5, 7, and 10 - 11 of the '817 Patent.

---

[1]  The chemical name for HFC-245fa is 1,1,1,3,3,-pentafluoropropane.

[2]  The '817 Patent was filed in the United States on June 8, 1998 under the Patent Cooperation Treaty. However, the '817 Patent claims priority back to a French national application filed on October 23, 1995. (Ex. 1, Face of '817 Patent). Solvay has admitted in this case that it will rely on October 23, 1995 as the earliest date of invention for the '817 Patent. (Ex. 3, Pl.'s Admissions # 1, 2;          REDACTED

## II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Solvay filed its Complaint on September 7, 2006, accusing Honeywell of infringing the '817 Patent. (D.I. 1). Honeywell filed an Answer and Counterclaims on October 23, 2006 for noninfringement, invalidity, and inequitable conduct. (D.I. 9). Solvay filed an Answer to Honeywell's Counterclaims on November 13, 2006. (D.I. 13). Both fact and expert discovery are now closed in this case. Trial is set for July 28, 2008. (D.I. 20).

## III. SUMMARY OF ARGUMENT

As advanced in Solvay's Rebuttal Invalidity Expert Report by its expert Dr. Dolbier, Solvay contends that the fact that, before the '817 Patent was filed, Honeywell practiced in this country a prior art process covered by certain claims of the '817 Patent is irrelevant and does not qualify for § 102(g) prior art because         REDACTED
REDACTED Solvay's position is incorrect as a matter of law:

1. It is undisputed that Honeywell performed in the United States a process covered by claims 1, 5, 7, 10 - 11 of the '817 Patent and disclosed this invention in a timely manner in a patent application which resulted in the '706 Patent (i.e., the invention was not abandoned suppressed, or concealed).

2. Even if Honeywell practiced the invention         REDACTED
REDACTED   (as Solvay contends), this Court has held that an invention practiced in the United States qualifies as § 102(g) prior art, even when that invention was the result of foreign instruction. *Tyler Refrigeration Corp. v. Kysor Indus. Corp.*, 601 F. Supp. 590, 600 (D.C. Del. 1985).

## IV. STATEMENT OF UNDISPUTED FACTS

### A. The '817 Patent.

Solvay's '817 Patent, entitled "Method for Preparing 1,1,1,3,3-Pentafluoropropane," issued May 4, 2004, and relies on an earlier French-filed application for its priority date of October 23, 1995. (Ex. 1, '817 Patent).[3] Solvay has admitted in this case that it will rely on October 23, 1995 as the earliest date of invention for the '817 Patent. (Ex. 3, Pl.'s Admissions # 1, 2;           REDACTED

The asserted claims of the '817 Patent all purport to claim an improved process for making HFC-245fa. (Ex. 1, '817 Patent col. 5 ln. 35 - col. 6 ln. 60). The specific claims at issue in this case are claims 1 - 7, 10 - 18, 21 - 22. (D. I. 107). Claims 1 and 12, the only independent claims of the '817 Patent, are Jepson claims, identifying points of novelty over the prior art chemical reaction recited in the preamble of the claims. (Ex. 1, '817 Patent col. 5 lns. 35 - 46; col. 6 lns. 15 - 30). Specifically, the independent claims purport to claim an "improvement" over the prior art method of reacting hydrogen fluoride ("HF") with 1,1,1,3,3-pentachloropropane ("HCC-240fa") in the presence of antimony pentachloride catalyst to form HFC-245fa and hydrogen chloride ("HCl"). (Ex. 1, '817 Patent col. 5 lns. 35 - 46). The chemical equation for the prior art method is as follows:

$$\text{HCC-240fa} + 5\text{ HF} \xrightarrow{\text{antimony pentachloride catalyst}} \text{HFC-245fa} + 5\text{ HCl}$$

As shown in the above equation, 1 mole of HCC-240fa reacts with 5 moles of HF (in the presence of a catalyst such as antimony pentachloride) to form 1 mole of HFC-245fa and 5 moles

---

[3] All Exhibits are attached to the Combined Appendix To Honeywell International Inc.'s Two Opening Briefs In Support Of Its Motions For Summary Judgment Of Invalidity And Noninfringement, filed and submitted concurrently herewith.

of HCl.   REDACTED   Other products of the reaction not identified in the above equation include intermediate products referred to in the '817 Patent as "products of partial fluorination." (Ex. 1, '817 Patent col. 3 lns. 7 - 14;   REDACTED

REDACTED

The so-called improvement of independent claim 1 of the '817 Patent (and claims 5, 7, and 10 - 11 by dependency from claim 1) requires that gaseous HFC-245fa and gaseous HCl be removed from the reaction as they are formed. (Ex. 1, '817 Patent col. 5 lns. 36 - 46). Solvay refers to this removal of gaseous HFC-245fa and gaseous HCl as they are formed as a continuous process. (Ex. 15, Pl.'s Admission # 28). Dependent claim 5 adds the purported "improvement" of carrying out the process at a temperature of approximately 50-150°C. (Ex. 1, '817 Patent col. 5 lns. 56 - 57). Finally, dependent claims 7, 10 - 11 add the purported "improvement" of carrying out the process in the presence of a particular type of hydrofluorination catalyst, which limitation is met by antimony pentachloride catalyst. (Ex. 1, '817 Patent col. 6 lns. 1 - 4; 11 - 15).

The '817 Patent also describes that the improved processes of the claims can be carried out in a reactor equipped with a distillation column and reflux condenser. (Ex. 1, '817 Patent col. 3 lns. 2 - 7).

**B.   Invalidating Prior Art To The '817 Patent.**

The following statement takes Solvay's version of the facts to be true for purposes of this summary judgment motion. Honeywell therefore reserves the right to dispute the truth of these facts at trial if this summary judgment motion is not granted.

- 5 -

REDACTED


REDACTED


REDACTED

REDACTED

REDACTED

REDACTED

---

4          REDACTED

5          REDACTED

- 7 -

REDACTED

REDACTED

- 7 -

### C. Honeywell's '706 Patent.

Based on the work in    REDACTED    , Honeywell[6] filed the patent application for U.S. Patent No. 5,763,706 ("the '706 Patent") on July 3, 1996, entitled "Process for the Manufacture of 1,1,1,3,3-Pentafluoropropane and 1,1,1,3,3,3-Hexafluoropropane." (Ex. 2). The '706 Patent, directed to an integrated manufacturing process for producing HFC-245fa from HCC-240fa, issued on June 9, 1998. (Ex. 2, '706 Patent col. 1 lns. 7 - 16).

## V. ARGUMENT

### A. Legal Principles.

#### 1. Summary Judgment Standard.

Summary judgment is as appropriate in a patent case as in any other. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984) ("Where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law, the court should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources."). Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F. Supp. 2d 312, 315 (D. Del. 2006).

It is the moving party's burden to prove that no genuine issue of material fact exists. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 189, 193 (D. Del. 2006). A fact is

---

[6] Honeywell Int'l Inc. is the current assignee of the '706 Patent. At the time the '706 Patent was filed, AlliedSignal Inc. was the assignee. AlliedSignal Inc. later merged with and into Honeywell Int'l Inc. in 1999.

"material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the moving party has demonstrated an absence of material fact, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." *LP Matthews LLC*, 458 F. Supp. 2d at 193. Although the court views the underlying facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3rd Cir. 1995), the mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *Anderson*, 477 U.S. at 249.

### 2. Section 102(g) Invalidity Defense.

Under §102(g) of the United States' patent statute, a patent claim is invalid if "before such person's invention thereof, the invention was made in this country by another inventor" as long as the invention was not "abandoned, suppressed, or concealed." 35 U.S.C. § 102(g)(2).

One who asserts a § 102(g) defense has the burden of proving prior invention by clear and convincing evidence. *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001). Once prior invention has been established by clear and convincing evidence, the burden shifts to the patentee to come forward with evidence, if any, indicating that the prior inventor abandoned, suppressed, or concealed the invention. *Id.* at 1037.

**B.  Honeywell Successfully Performed A Process Covered By Claims 1, 5, 7, 10 - 11 Of The '817 Patent**   REDACTED

The undisputed facts of this case demonstrate that Honeywell performed a process covered by claims 1, 5, 7, and 10 - 11 of the '817 Patent    REDACTED

REDACTED

The key limitations of claims 1, 5, 7, and 10 - 11 are summarized below:

| CLAIM | KEY LIMITATIONS |
|---|---|
| Claim 1 (Independent) | The reaction involves reacting HCC-240fa with HF in the presence of a hydrofluorination catalyst and removing gaseous HFC-245fa and gaseous HCl as each is formed. |
| Claim 5 (dependent from Claim 1) | The reaction takes place at a temperature of approximately 50-150°C. |
| Claim 7 (dependent from Claim 1) | The hydrofluorination catalyst is selected from Group Vb in periodic table (which includes antimony – *see* claims 10 and 11). |
| Claim 10 (dependent from Claim 7) | The hydrofluorination catalyst is selected from antimony chlorides (which includes antimony pentachloride – *see* claim 11). |
| Claim 11 (dependent from Claim 7) | The hydrofluorination catalyst is antimony pentachloride. |

Solvay admits – and there is no dispute – that in    REDACTED    Honeywell's Dan Merkel performed in the United States a continuous process for the production of HFC-

---

[7] For purposes of this motion, Honeywell has applied the claim construction used by Solvay's expert in rendering his opinion that Honeywell's [REDACTED] process duplicated the REDACTED process, but specifically notes that resolution of this motion would not be any different even under Honeywell's proposed claim construction.

245fa (as claimed by claims 1, 7, 10-11) by reacting HCC-240fa with HF in the presence of antimony pentachloride (the catalyst) at temperatures which fall within the range of 50 to 150°C as claimed in claim 5 of the '817 Patent.    REDACTED

REDACTED    It is also undisputed that Mr. Merkel removed the gaseous HFC-245fa and gaseous HCl produced in the process as each were formed (as claimed by claim 1), obtaining product yields similar to those described by the    REDACTED

REDACTED    Thus, each of the limitations of claims 1, 5, 7, and 10 - 11 were met by the process Honeywell performed in    REDACTED

### C. There Is No Evidence That The Invention was Abandoned, Suppressed Or Concealed.

In the absence of abandonment, suppression or concealment by the earlier inventor, a second to "invent" is not entitled to a patent. A determination of abandonment, suppression or concealment is a matter of law, see *Innovative Scuba Concepts. Inc. v. Feder Indus. Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994), and is based on equitable principles. *See, e.g., Checkpoint Systems, Inc. v. U.S. Int'l Trade Com'n,* 54 F.3d 756, 761 - 763 (Fed. Cir. 1995).

In the present case, there is no evidence – and Solvay has made no contention in pleadings, written discovery, expert reports, or otherwise – that the above process performed by Honeywell relative to the subject matter of claims 1, 5, 7, and 10 - 11 of the '817 Patent was abandoned, suppressed, or concealed. As stated above, it is undisputed that Honeywell performed a continuous process for making HFC-245fa from HCC-240fa in    REDACTED that falls within the claim limitations of claims 1, 5, 7, and 10 - 11 of the '817 Patent as those claims are being asserted against Honeywell by Solvay.

Subsequent to Honeywell's process development work in REDACTED Honeywell disclosed the invention in a U.S. patent application filed on July 3, 1996, which issued as the '706 Patent. In that patent, Honeywell described the process for making HFC-245fa from HCC-240fa and HF in the presence of an antimony catalyst, including antimony pentachloride, wherein the HFC-245fa and HCl are continuously removed as a gas as they are formed and wherein the disclosed temperature ranges for the reaction fall within 50 to 150°C. (Ex. 2, *see e.g.*, col. 2 lns. 33-55; col. 4 ln. 39 - col. 5 ln. 3; claims 1, 2, 4, 5, 6, 22).

REDACTED

REDACTED and the filing of a patent application cannot, as a matter of law, constitute unreasonable delay under § 102(g). *See, e.g., Checkpoint Systems, Inc.*, 54 F.3d at 761 (Four-year delay between completing invention and production of a commercial product was not considered an unreasonable delay); *Cochran v. Kresock*, 530 F.2d 385, 390 (Cust. & Pat. App. 1976) (19-month delay between reduction to practice and filing of patent was reasonable); *Fujikawa v. Wattanasin*, 93 F.3d 1559, 1568 (Fed. Cir. 1996) (17-month delay between reduction to practice and filing of the patent application was reasonable).

**D.   As A Matter Of Law,   REDACTED   By Honeywell From   REDACTED
    REDACTED   Is Irrelevant For A § 102(g) Defense.**

Solvay does not deny that Honeywell performed the process described above in REDACTED

REDACTED

REDACTED

REDACTED

REDACTED   As explained below, even if Honeywell obtained

---

8   REDACTED

information from REDACTED to perform the process it performed in REDACTED Honeywell's activity still qualifies as a matter of law as § 102(g) prior art.

Even assuming that REDACTED simply sent instructions to Honeywell about how to perform the invention of a continuous process for making HFC-245fa from HCC-240fa, *it is undisputed that Mr. Merkel performed the completed experiments (discussed above) in the United States in* REDACTED REDACTED This Court has held that if an invention is practiced in the United States, it qualifies as § 102(g) prior art, even if that invention was the result of foreign instruction. *Tyler Refrigeration Corp. v. Kysor Indus. Corp.*, 601 F. Supp. 590, 600 (D.C. Del. 1985), aff'd on other grounds, 777 F.2d 687 (Fed. Cir. 1985). In *Tyler*, plaintiff Tyler brought suit alleging patent infringement. *Tyler*, 601 F. Supp. at 591. In considering a § 102(g) defense, the Court considered the significance of the foreign inventorship activities that influenced defendant Kysor's eventual practice of the invention in the United States. *Id.* at 593 - 594. Specifically, the Court considered that the invention at issue was conceived and first reduced to practice in Japan by third party Japanese scientists. *Id.* at 600. Later, one of these scientists instructed a Kysor employee how to practice the invention; subsequently, that employee successfully performed the invention in the United States. Because Kysor successfully practiced the invention in the United States one day before Tyler's priority date, the Kysor invention constituted invalidating anticipatory prior art under § 102(g) even though it was first reduced to practice in Japan and even though Kysor practiced the invention by following the instructions of a third party Japanese scientist. *Id.* Thus, *Tyler* squarely holds that an invention qualifies as § 102(g) prior art even if it is first conceived and reduced to practice in a foreign country, and even if the foreign inventor sends instructions on

how to practice the invention into the United States. *Id.* As long as the invention is practiced in the United States before the priority date of the asserted patent, that is all that matters. *Id.*

Therefore, whether Solvay's contention that <sup>REDACTED</sup> invented the process abroad before Honeywell performed it in the United States is true is irrelevant to the instant motion. It is undisputed that Mr. Merkel successfully performed in the United States a continuous process falling within claims 1, 5, 7, 10 - 11 of the '817 Patent (as asserted by Solvay). REDACTED

REDACTED       That undisputed fact means those claims are invalid under § 102(g).

## VI. CONCLUSION

It is undisputed that Honeywell performed in the United States a continuous process for making HFC-245fa     REDACTED     and that Honeywell's process included each limitation in asserted claims 1, 5, 7, and 10 - 11. It is also undisputed that Honeywell did not abandon, suppress, or conceal the process, but instead disclosed it to the public in the '706 Patent. Accordingly, and for all the reasons stated above, Honeywell respectfully requests the Court grant summary judgment of invalidity under § 102(g) of claims 1, 5, 7, and 10 - 11 of the '817 Patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ *Thomas C. Grimm*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendants*

February 18, 2008
1566638

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on February 27, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com