IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., | ) | PUBLIC VERSION |
| | ) | |
| Defendants and Counterclaim Plaintiffs. | ) | |

## HONEYWELL INTERNATIONAL INC.'S OPENING BRIEF IN SUPPORT OF SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,730,817

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

OF COUNSEL:

*Attorneys for Defendants*

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: February 18, 2008
Public Version Filed: February 27, 2008

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION. ...........................................................................................1

II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS...................2

III.  SUMMARY OF ARGUMENT. ........................................................................2

IV.   STATEMENT OF UNDISPUTED FACTS. ........................................................3

      A.    Honeywell's Commercial Process. ...................................................3

      B.    The Purported "Improvement" Of The '817 Patent..............................4

V.    THE LEGAL STANDARDS...........................................................................5

      A.    The Legal Standard For Summary Judgment. ....................................5

      B.    The Legal Standard For Determination Of Infringement. ....................6

VI.   ARGUMENT. ..............................................................................................7

      A.    Honeywell's Accused Process Does Not Infringe Claim 1  REDACTED
            REDACTED
            ...............7

      B.    Honeywell's Commercial Process Does Not Infringe Claim 12  REDACTED
            REDACTED
            .....9

            1.    Claim 12 Includes The "Isolating" Limitation Of Claim 1 And
                  Adds A "Keep In The Reactor" Limitation. .................................9

            2.                      REDACTED
                                                                    ..........9

            3.                      REDACTED

                                                                    ........10

      C.    Honeywell's Commercial Process Does Not Infringe Dependent Claims 2
            - 7, 10 - 11, 13 - 18, and 21 - 22. ...........................................12

VII.  CONCLUSION............................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barmag Barmer Maschinenfebrik AG v. Murata Mach. Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984) ........................................................................... 5, 6

*Centricut, LLC v. Esab Group, Inc.*,
    390 F.3d 1361 (Fed. Cir. 2004) ............................................................................ 6

*Desper Prods. Inc. v. QSound Labs, Inc.*,
    157 F.3d 1325 (Fed. Cir. 1998) ............................................................................ 5

*Genzyme Corp. v. Transkaryotic Therapies, Inc.*,
    346 F.3d 1094 (Fed. Cir. 2003) ............................................................................ 7

*LP Matthews LLC v. Bath & Body Works, Inc.*,
    458 F. Supp. 2d 189 (D. Del. 2006) .................................................................. 5, 6

*Novartis Corp. v. Ben Venue Labs*,
    271 F.3d 1043 (Fed. Cir. 2001) ............................................................................ 6

*Terlep v. Brinkmann Corp.*,
    418 F.3d 1379 (Fed. Cir. 2005) ............................................................................ 7

*Wahpeton Canvas Co., Inc. v. Frontier, Inc.*
    870 F.2d 1546 (Fed. Cir. 1989) ............................................................................ 7

**Statutes**

Fed. R. Civ. P. 56(c) ...................................................................................................... 5

## I.    INTRODUCTION.

Plaintiff Solvay, S.A. ("Solvay") accuses Honeywell International Inc. ("Honeywell") of infringing claims 1 - 7, 10 - 18, and 21 - 22 of U.S. Patent No. 6,730,817 ("the '817 Patent"), a method patent issued on May 4, 2004.  (Ex. 1, '817 Patent)[1].  Honeywell now moves for summary judgment of noninfringement of each asserted claim.  For purposes of this motion, Honeywell relies on the claim constructions stated in its Opening Claim Construction Brief, filed simultaneously with this motion.

In the present case, Solvay alleges that its '817 Patent – an "improvement" patent – is infringed by Honeywell's commercial process for making 1,1,1,3,3-pentafluoropropane, also known as "HFC-245fa."  Both independent claims of the '817 Patent (claims 1 and 12) acknowledge that it was known in the prior art that HFC-245fa can be created by reacting HCC-240fa with HF in the presence of a catalyst.  Furthermore, both independent claims require as part of Solvay's alleged improvement that the HFC-245fa be isolated from the reaction mixture by being drawn off along with the byproduct HCl as each is being formed.     REDACTED

REDACTED


REDACTED

Likewise, claim 12 specifies that the reactor be controlled to keep in the reactor, in a liquid state, most of the HF.                    REDACTED

---

[1]    All Exhibits are attached to the Combined Appendix to Honeywell International Inc.'s Two Opening Briefs In Support Of Its Motions For Summary Judgment Of Invalidity And Noninfringement, filed and submitted concurrently herewith.

REDACTED

REDACTED

Consequently, Honeywell respectfully requests the Court to grant summary judgment of noninfringement.

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.

Solvay filed its Complaint on September 7, 2006, accusing Honeywell of infringing the '817 Patent. (D.I. 1). Honeywell filed an Answer and Counterclaims on October 23, 2006 for noninfringement, invalidity, and inequitable conduct. (D.I. 9). Solvay filed an Answer to Honeywell's Counterclaims on November 13, 2006. (D.I. 13). Both fact and expert discovery are now closed in this case. Trial is set for July 28, 2008. (D.I. 20).

## III.    SUMMARY OF ARGUMENT.

1.    Solvay's '817 Patent has only two independent claims:  claim 1 and claim 12.

REDACTED

2.    Claim 12 has essentially the same "isolating" limitation as claim 1. REDACTED

REDACTED                                In addition, claim 12 also requires that the claimed process "keep in the reactor in the liquid state the unconverted

2

[HCC-240fa], most of the [HF] and most of the products of partial fluorination of [HCC-240fa]."

REDACTED

## IV.    STATEMENT OF UNDISPUTED FACTS.

### A.    Honeywell's Commercial Process.

REDACTED

REDACTED

2                                REDACTED

3

REDACTED

**B.     The Purported "Improvement" Of The '817 Patent.**

The claims of the '817 Patent all relate to a purported improvement in the known process for making HFC-245fa.  (Ex. 1, '817 Patent col. 5 ln. 35 - col. 6 ln. 60).  Claims 1 and 12, the only independent claims of the '817 Patent, are written in Jepson format, explicitly identifying supposed improvements over the prior art subject matter recited in the claim preamble.  (Ex. 1, '817 Patent col. 5 lns. 35 - 46, col. 6 lns. 15 - 30).  *See, e.g.*, claim 1 reproduced here:

> **Claim 1.**   In a process for the preparation of 1,1,1,3,3-pentafluoropropane comprising reaction of 1,1,1,3,3-pentachloropropane with hydrogen fluoride in the presence of a hydrofluorination catalyst, the improvement which comprises
>
> carrying out the reaction at a temperature and under a pressure at which 1,1,1,3,3-pentafluoropropane is gaseous and
>
> isolating and [sic] 1,1,1,3,3-pentafluoropropane from the reaction mixture by drawing off 1,1,1,3,3-pentafluoropropane and hydrogen chloride in a gaseous phase as each of said 1,1,1,3,3-pentafluoropropane and hydrogen chloride is being formed.

4

Notably, the independent claims purport to be directed to an improvement over the prior art process which was disclosed by Honeywell in U.S. Patent No. 5,574,192 ("the '192 Patent"): reacting hydrogen fluoride (HF) with 1,1,1,3,3-pentachloropropane (HCC-240fa) in the presence of a hydrofluorination catalyst (antimony pentachloride is a hydrofluorination catalyst) to form 1,1,1,3,3-pentafluoropropane (HFC-245fa).

## V.    THE LEGAL STANDARDS.

### A.    The Legal Standard For Summary Judgment.

Summary Judgment is "as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfebrik AG v. Murata Mach. Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).    Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Desper Prods. Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998).    It is the moving party's burden to prove no genuine issue of material fact exists.    *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 189, 193 (D. Del. 2006).

"If the moving party has demonstrated an absence of material fact, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." *Id* (internal quotations and citations omitted).    Although the court views the underlying facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, "[t]he mere existence of some evidence in support of the nonmoving party . . . will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party." *Id.*

As patentee, Solvay has the burden of proving infringement by a preponderance of the evidence.    *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004).

5

Notwithstanding that legitimate evidentiary inferences must be drawn in the nonmovant's favor, Solvay cannot create a genuine issue of material fact merely by stating that a fact is challenged. *See Barmag Barmer Maschinenfabrik AG*, 731 F.2d at 836.

"Since the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs*, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

### B.    The Legal Standard For Determination Of Infringement.

A determination of infringement requires a two-step analysis. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1381 (Fed. Cir. 2005) (internal quotations and citations omitted). If even one limitation from an asserted claim is absent from Honeywell's accused process, then the Court should grant summary judgment of noninfringement. *See, e.g., Genzyme Corp. v. Transkaryotic Therapies, Inc.*, 346 F.3d 1094, 1106 (Fed. Cir. 2003).

It is "axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." *Wahpeton Canvas Co., Inc. v. Frontier, Inc.* 870 F.2d 1546, 1553 (Fed. Cir. 1989). Thus, if the Court finds that any independent claim is not infringed, all claims dependent on that claim are also not infringed.

## VI.   ARGUMENT.

### A.   Honeywell's Accused Process Does Not Infringe Claim 1   REDACTED
REDACTED

As shown in the chart below, claim 1 has only two limitations that form the claimed process "improvement," the second of which is "isolating [HFC-245fa] from the reaction mixture by drawing off [HFC-245fa] and [HCl] in a gaseous phase as each … is being formed." (Ex. 1, '817 Patent col. 5, lns. 42 - 46).

| |
|---|
| **Claim 1.**  In a process for the preparation of [HFC-245fa] comprising reaction of [HCC-240fa] with hydrogen fluoride in the presence of a hydrofluorination catalyst, the improvement which comprises |
| carrying out the reaction at a temperature and under a pressure at which [HFC-245fa] is gaseous and |
| **isolating and [sic] [HFC-245fa] from the reaction mixture by drawing off [HFC-245fa] and hydrogen chloride in a gaseous phase as each of said [HFC-245fa] and hydrogen chloride is being formed.** [3] |

REDACTED

REDACTED

---

[3]   For simplicity, references in the claims to 1,1,1,3,3-pentachloropropane are often denoted throughout this brief with the convention "HCC-240fa" -- a shorthand name for 1,1,1,3,3-pentachloropropane.  Similarly, references in the claims to 1,1,1,3,3-pentafluoropropane are often denoted throughout this brief with the convention "HFC-245fa."

REDACTED

REDACTED

REDACTED

---

4   This percentage is on a mole percentage basis, meaning the percentage of quantity of
molecules of the various components of the mixture.

**B.    Honeywell's Commercial Process Does Not Infringe Claim 12** REDACTED
REDACTED

**1.    Claim 12 Includes The "Isolating" Limitation Of Claim 1 And Adds A "Keep In The Reactor" Limitation.**

Claim 12 has an "isolating" limitation that is essentially the same as that of claim 1, and

adds a further limitation requiring that "most of the [HF]," among other things, be kept in the

reactor:

| |
|---|
| **Claim 12.** In a process for the preparation of [HFC-245fa] comprising reaction of [HCC-240fa] with hydrogen fluoride in the presence of a hydrofluorination catalyst, the improvement which comprises |
| carrying out the reaction in a reactor equipped with a device for drawing off a gas stream at a temperature and under a pressure at which [HFC-245fa] is gaseous and wherein said device is controlled |
| **(a) to draw off a gas stream comprising [HFC-245fa] and hydrogen chloride as each of said [HFC-245fa] and hydrogen chloride is being formed thereby isolating said [HFC-245fa] from the reaction mixture** |
| **(b) to keep in the reactor in the liquid state the unconverted [HCC-240fa], most of the hydrogen fluoride and most of the products of partial fluorination of [HCC-240fa].** |

**2.**                       REDACTED

REDACTED

REDACTED

REDACTED

**3.**                                    REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

Q:                          REDACTED


A:                          REDACTED
                            REDACTED

Q:                          REDACTED



A:                          REDACTED

    REDACTED

                            REDACTED








                            REDACTED

REDACTED

**C.    Honeywell's Commercial Process Does Not Infringe Dependent Claims 2 - 7, 10 - 11, 13 - 18, and 21 - 22.**

Dependent claims 2 - 7 and 10 - 11 all depend from claim 1, while dependent claims 13 - 18 and 21-22 all depend from claim 12.  Because Honeywell's accused process does not infringe either claims 1 or 12, the claims that depend from these base claims likewise cannot be infringed.

**VII.    CONCLUSION.**

As explained above, Solvay is unable to meet its burden of proof of infringement for any of the asserted claims.                REDACTED

REDACTED

REDACTED                      For the reasons set forth above, Honeywell respectfully requests that this Court grant summary judgment of non-infringement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

February 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on February 27, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY E-MAIL

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

### BY E-MAIL

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)
tgrimm@mnat.com