IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOLVAY, S.A.,                                          )
                                                      )
            Plaintiff and Counterclaim                )
            Defendant,                                )
                                                      )
      v.                                              )          C.A. No. 06-557-SLR
                                                      )
HONEYWELL SPECIALTY MATERIALS LLC,                    )
and HONEYWELL INTERNATIONAL INC.,                     )
                                                      )
            Defendants and Counterclaim               )
            Plaintiffs.                               )


**HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO SOLVAY'S *DAUBERT*
MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL
TESTIMONY OF HONEYWELL'S PATENT LAW EXPERT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendant*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

March 3, 2008
1738542

# TABLE OF AUTHORITIES

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

COUNTERSTATEMENT OF THE FACTS .............................................................................2

ARGUMENT ........................................................................................................................4

    A.    Mr. Garner's Expected Trial Testimony Is Not Precluded By This Court's Guidelines ........................................................................................................4

    B.    Mr. Garner's Expected Testimony Is Admissible Under Fed. R. Evid. 702 ...........5

    C.    Solvay's Arguments Lack Merit ...................................................................6

        1.    Solvay Mischaracterizes Mr. Garner's Expected Testimony ......................6

        2.    Solvay Fails To Demonstrate That Mr. Garner's Expected Testimony Is Irrelevant Or Unreliable ........................................................6

        3.    Mr. Garner's Field Of Scientific Expertise Is Irrelevant .............................7

CONCLUSION ......................................................................................................................8

**Cases**

*Akzo, N.V. v. U.S. Int'l Trade Comm'*
    808 F.2d 1471 (Fed. Cir. 1986) ........................................................................... 7

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ................................................................................. *passim*

*Honeywell v. Hamilton Sundstrand Corp.,*
    C.A. No. 99-309-GMS (D. Del. Mar. 22, 2006) .................................................. 8

*Kumho Tire Co., Ltd. v. Carmichael,*
    526 U.S. 137 (1999) ........................................................................................... 5

*LP Mathews LLC v. Bath & Body Works, Inc.,*
    458 F. Supp. 2d  198 (D. Del. 2006) ................................................................. 4

*Reiffen v. Microsoft Corp,*
    270 F. Supp. 2d 1132 (N.D. Cal. 2003) ......................................................... 6, 8

*Semiconductor Energy Lab v. Samsung Elec.,*
    204 F.3d 1368 (Fed. Cir. 2000) ......................................................................... 7

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Solvay S.A. ("Solvay") filed its Complaint on September 7, 2006, accusing Honeywell of infringing U.S. Patent No. 6,730,817 ("the '817 patent"). (D.I. 1)  On October 23, 2006, Honeywell answered and counterclaimed that the '817 is not infringed, invalid and unenforceable due to inequitable conduct.  (D.I. 9)  Solvay filed its Answer to Honeywell's Counterclaims on November 13, 2006.  (D.I. 13)  Both fact and expert discovery are now closed in this case.  Trial is set for July 28, 2008.  (D.I. 20)

On February 18, 2008, Solvay filed, *inter alia*, its Opening Brief In Support Of Its *Daubert* Motion To Strike The Expert Report And Exclude The Trial Testimony Of Honeywell's Patent Law Expert.   (D.I. 130)   Defendant Honeywell International Inc. ("Honeywell") respectfully submits Honeywell International Inc.'s Opposition to Solvay's *Daubert* Motion to Strike the Expert Report And Exclude The Trial Testimony Of Honeywell's Patent Law Expert.

## SUMMARY OF ARGUMENT

1.    Mr. Garner's expected trial testimony is not precluded by this Court's guidelines for patent law experts.  Honeywell does not intend to elicit testimony from Mr. Garner related to U.S. Patent And Trademark Office ("USPTO") practice and procedure.  Rather, Mr. Garner will testify to the actions a reasonable patent attorney would take to satisfy the duty of disclosure and how Solvay failed to take these actions during prosecution of the '817 patent.

2.    Mr. Garner's expected trial testimony is admissible under Federal Rule of Evidence 702 because it is based on Mr. Garner's extensive experience prosecuting patent applications, and will assist Your Honor in gauging Solvay's actions during the prosecution of the '817 patent.

1

3.     Solvay's *Daubert* motion to preclude Mr. Garner's expected trial testimony should be denied because it is nothing more than an improper attempt to argue the merits of its case. Solvay has failed to demonstrate that Mr. Garner's expected testimony will be unreliable or irrelevant.

<u>COUNTERSTATEMENT OF THE FACTS</u>

Mr. Garner is a registered patent attorney and Principal at the law firm of Darby & Darby P.C. In the course of his thirty-five-year career, Mr. Garner has prosecuted and/or supervised the prosecution of thousands of patent applications. (Ex. 1, Expert Report Of Melvin Garner ("Garner Report") at 2-3, attached hereto). Highly respected in the field of patent law, Mr. Garner has been invited to teach various patent prosecution courses for the Practicing Law Institute ("PLI") and the American Intellectual Property Law Association ("AIPLA"). (*Id.* at 3-4). Mr. Garner has also testified as a patent law expert in several patent infringement actions. (*Id.* at 3).

In his report, Mr. Garner concludes that there is sufficient evidence in the record to support the finding that Solvay committed inequitable conduct by mischaracterizing and/or failing to disclose material portions of U.S. Patent No. 5,574,192 ("the '192 patent") and the *Advances in Fluorine Chemistry* treatise during prosecution of the '817 patent. Mr. Garner bases his conclusion on several actions by Solvay's representatives during prosecution of the '817 patent. For example, Mr. Garner explains:

- I am prepared to testify at trial on behalf of Defendants as an expert on . . . the reasonable practices of patent attorneys prosecuting patent applications before the USPTO, including the duty to disclose and its relationship to inequitable conduct. (Ex. 1, Garner Report at 1);

- Assuming the correctness of Dr. Short's opinion, the Hamilton chapter and the reference on page 184, which surround the material provided by the applicant, created a substantial likelihood that a reasonable examiner . . . would have considered this reference important in deciding whether to allow the application to issue as a patent. Thus, it should have been cited. (Ex. 1, Garner Report at 29);

- The difficulty I have with [Solvay's] behavior is that, even though [Solvay] thought it was a batch process, there were clear statements in the ['192] patent itself which would suggest otherwise * * * And it doesn't matter whether it's right or not, that information [from the '192 patent] has to be brought to the attention of the examiner once you raise it. (Ex. 2, Garner Dep. Tr. at 108:11-14, 17-19, attached hereto);

- I believe that there was an obligation to disclose to the examiner that this patent is talking about a continuous mode. Now, subsequently, [Solvay's patent attorney] would have been free to say, "In that continuous mode, the only thing continuous is the input of the material." That's sort of coming back with the argument afterwards. But it doesn't detract from the materiality of the reference that it talks about there being a continuous mode here * * * But there's enough of this information about "continuous" that it would have been fair for the examiner to know about that and to allow the examiner to be persuaded by the argument you're now raising. (Ex. 2, Garner Dep. Tr. at 115:18-116:5, 116:12-17).

As these excerpts illustrate, Mr. Garner's expert report does not, and his expected trial testimony will not, relate to ordinary practice and procedure before the USPTO to procure a patent, or whether a particular patent examiner would have found certain prior art references material. Rather, Mr. Garner expects to testify regarding the actions that a reasonable attorney would have taken in prosecuting the '817 patent to avoid inequitable conduct or an appearance of inequitable conduct. That Solvay's attorney did not take such actions is probative evidence that there was inequitable conduct during prosecution of the '817 patent. (Ex. 1, Garner Report at 29-30).

<u>ARGUMENT</u>

To support its *Daubert* motion, Solvay mischaracterizes Mr. Garner's expert report and expected testimony before this Court at trial.[1]  Honeywell recognizes that under this Court's Guidelines, patent law experts "have a very limited role at trial."  *LP Mathews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d  198, 210 (D. Del. 2006).  Following the Court's instruction, Honeywell seeks to proffer focused testimony regarding the reasonable actions that a patent attorney would have taken in prosecuting the '817 patent.

A.    Mr. Garner's Expected Trial Testimony Is Not Precluded By This Court's Guidelines

This Court's guidelines for patent law experts prohibits:  (a) testimony relating to USPTO procedure and practice; and (b) testimony relating to descriptions or instructions regarding substantive legal issues.  Contrary to Solvay's assertion, Mr. Garner's expected trial testimony is not precluded by this Court's guidelines for patent law experts.  Mr. Garner is expected to testify before Your Honor — not the jury — regarding the actions that a reasonable patent attorney would have taken to satisfy the duty of disclosure and how Solvay failed to take these reasonable actions during prosecution of the '817 patent.  Although the Court's guidelines states that substantive testimony is "generally not admitted," Honeywell anticipates that Mr. Garner's expected testimony will prove helpful to the Court and there is no risk of jury confusion.  Notably, Mr. Garner is not being proffered to instruct the jury on the law of inequitable conduct or to provide testimony regarding patent office practice and procedure.

---

[1]    Honeywell understands that, because of the equitable nature of the claim at issue, Mr. Garner would be testifying before the Court and not the jury.

B.    <u>Mr. Garner's Expected Testimony Is Admissible Under Fed. R. Evid. 702</u>

Federal Rule of Evidence 702 allows an expert witness to provide his opinion when the expert's "specialized knowledge will assist the trier of fact [here the Court] to understand the evidence or to determine a fact in issue." In *Daubert v. Merrell Dow Pharms., Inc.*, the U.S. Supreme Court held that the preconditions to the admissibility of an expert's testimony are relevance and reliability. 509 U.S. 579, 589 (1993).

As a patent attorney with over thirty-five-years experience prosecuting patents, Mr. Garner's expected testimony "has a reliable basis in [] knowledge and experience." *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (internal quotations and citation omitted). For example, Mr. Garner has

- prosecuted or supervised the prosecution of thousands of patent applications over the last thirty-five years (Ex. 1, Garner Report at 4);

- instructed numerous practitioners in courses for the PLI and AIPLA relating to patent prosecution (Ex. 1, Garner Report at Ex. B, pp. 2-3);

- been recognized as a 2007 New York Super Lawyer in Intellectual Property (Ex. 1, Garner Report at Ex. B, p. 3);

- been rated as one of America's Top Black Lawyers by *Black Enterprise Magazine* and as one of the "Intellectual Property Superstars" in the May/June issue of *Diversity & the Bar* (Ex. 1, Garner Report at 4);

- testified at trial, as a patent law expert, in the United States District Courts for the Southern District of New York, the District of Connecticut and the Eastern District of Virginia (Ex. 1, Garner Report at 3).

Given these qualifications, Mr. Garner is capable of providing reliable testimony regarding the practices that a reasonable patent attorney would follow in prosecuting a patent application and how Solvay did not follow these practices in prosecuting the '817 patent. *See, e.g., Reiffen v. Microsoft Corp*, 270 F. Supp. 2d 1132, 1145-46 (N.D. Cal. 2003) (excluding

patent law expert testimony concerning legal conclusions but allowing expert testimony on the issue of whether "the plaintiff has prosecuted his patents reasonably").

Mr. Garner's proposed testimony is also highly relevant because it will assist the Court in gauging the actions of Solvay's representatives during prosecution of the '817 patent and in reaching the ultimate conclusion of whether Solvay committed inequitable conduct. *See Daubert*, 509 U.S. at 589 (explaining that whether "the evidence or testimony [will] 'assist the trier of fact to understand the evidence or to determine a fact in issue goes primarily to relevance'").

C.  Solvay's Arguments Lack Merit

    1.  Solvay Mischaracterizes Mr. Garner's Expected Testimony

Solvay incorrectly asserts that Mr. Garner will testify regarding USPTO practice and procedure. (Solvay Op. Br. at 1). As stated above, Mr. Garner's expected testimony is not about ordinary USPTO practice and procedure in obtaining of a patent. Rather, Mr. Garner's expected testimony relates to the reasonable practices of a patent attorney in fulfilling the duty of disclosure and how Solvay acted unreasonably in failing to satisfy its duty of disclosure during the '817 patent's prosecution. Such limited testimony is not precluded by this Court's guidelines.

    2.  Solvay Fails To Demonstrate That Mr. Garner's Expected Testimony Is Irrelevant Or Unreliable

Instead of addressing the relevance or reliability of Mr. Garner's opinions — the proper inquiry of a *Daubert* motion — Solvay attempts to argue the merits of its case. In particular, Solvay cites *Akzo, N.V. v. U.S. Int'l Trade Comm'n* to question prematurely the merits of Mr. Garner's opinions. In any event, Solvay's reliance on *Akzo* is misplaced. In *Akzo*, the patent examiner cited the prior art references at issue during anticipation and obviousness rejections and

the applicant was later accused of inequitable conduct for mischaracterizing the references during prosecution. 808 F.2d 1471, 1478, 1481 (Fed. Cir. 1986). The Federal Circuit disagreed, finding that an applicant's attempt to distinguish a prior art reference that is the subject of back and forth correspondence between the applicant and examiner does not constitute a material omission. *Id.* at 1482. Here, during the prosecution of the '817 patent, it was Solvay, not the patent examiner, that raised the applicability of the '192 patent. By bringing the reference to the examiner's attention, however, Solvay had a duty to accurately describe and characterize the reference. *See, e.g., Semiconductor Energy Lab v. Samsung Elec.*, 204 F.3d 1368, 1377 (Fed. Cir. 2000) (finding inequitable conduct where the applicant disclosed a foreign prior art reference but offered a misleading summary of the reference that highlighted the less material portions of the reference). Because Solvay failed to discharge this duty, Mr. Garner finds support to conclude that there is sufficient evidence in the record for the trier of fact to find inequitable conduct. (Ex. 1, Garner Report at 27-30).

3.     Mr. Garner's Field Of Scientific Expertise Is Irrelevant

Solvay raises the irrelevant point that Mr. Garner is not an expert in chemistry. This argument, however, lacks any merit. Mr. Garner's field of scientific expertise relates to the weight that should be given to his testimony, not the admissibility of his testimony. In *Reiffen*, the Northern District of California explained that:

> Expert testimony of a patent attorney may be admitted, even if the attorney does not have specific expertise regarding the technical field involved in the litigation before the court, because the attorney's familiarity (or lack of familiarity) with that technical field bears on the weight to be accorded the evidence, not the threshold question of admissibility.

270 F. Supp. 2d at 1145. Moreover, contrary to Solvay's assertion, Mr. Garner's inequitable conduct opinions are not based on his own technical expertise. Rather, Mr. Garner relies on the

chemical expertise of Honeywell's experts, Drs. Doherty and Short, both of whom opine in this

litigation concerning the disclosure of the prior art.[2]

## CONCLUSION

For all the reasons set forth above, Honeywell respectfully requests that the Court deny

Solvay's *Daubert* Motion To Strike The Expert Report And Exclude The Trial Testimony Of

Honeywell's Patent Law Expert.

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

March 3, 2008
1738542

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendants*

---

[2]    Solvay raises the equally irrelevant point that Mr. Garner should somehow be precluded from testifying because Judge Sleet precluded his testimony in *Honeywell v. Hamilton Sundstrand Corp.*, C.A. No. 99-309-GMS (D. Del. Mar. 22, 2006). In *Hamilton Sundstrand*, however, Mr. Garner's proposed testimony was not related to the inequitable conduct issue. Rather, the testimony concerned whether a person of skill in the art could have drafted a claim that would have encompassed an alleged equivalent.

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 3, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND & E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

/s/ *Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)
tgrimm@mnat.com

1738542

EXHIBIT 1

CONFIDENTIAL EXHIBIT

# EXHIBIT 2

CONFIDENTIAL EXHIBIT