IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., <br><br> Defendants and Counterclaim Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-557-SLR <br> ) <br> ) PUBLIC VERSION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO SOLVAY'S
*DAUBERT* MOTION TO STRIKE THE OCTOBER 22, 2007 EXPERT REPORT
AND PORTIONS OF THE NOVEMBER 20, 2007 EXPERT REPORT AND TO LIMIT
THE TRIAL TESTIMONY OF HONEYWELL'S DAMAGES EXPERT**

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Defendant*

Confidential Version Filed: March 3, 2008
Public Version Filed: March 10, 2008

## **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................4

II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS....................4

III. SUMMARY OF ARGUMENT .................................................................................5

IV. STATEMENT OF FACTS .......................................................................................7

V. ARGUMENT.........................................................................................................10

    A. The Legal Standards..............................................................................10

    B. Ms. Davis Is A Qualified Damages Expert..........................................12

    C. The October 22, 2007 Report Is Relevant To Honeywell's Equitable Estoppel Defense And Should Be Permitted As It Is Based Upon Sound Methodology. ..........................................................................................12

        1. Ms. Davis' October 22, 2007 Report is Relevant to Honeywell's Equitable Estoppel Defense. ................................................................12

        2. Ms. Davis' REDACTED REDACTED REDACTED Is Procedurally Sound. ............13

    D. There Is No Legal Basis For Precluding Solvay And Honeywell's Damages Experts From Relying On REDACTED REDACTED REDACTED ..........14

        1. Solvay's Motion Regarding REDACTED Goes To The Weight REDACTED REDACTED Rather Than REDACTED Admissibility........................................................................................14

        2. This Court's Reasons For Excluding REDACTED Are Inapplicable REDACTED REDACTED .....................................................15

        3. Solvay Does Not Claim, Nor Can It Claim, That REDACTED REDACTED Is Irrelevant And Would Not Assist The Jury In Reaching A Reasoned Decision Regarding An Appropriate Royalty Rate..........................................................................................16

        4.    Ms. Davis' Consideration Of REDACTED Like Mr. Carter's, Was Proper Under The *Georgia-Pacific* Factors REDACTED REDACTED

        REDACTED ..................................................17

VI.   CONCLUSION..................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) ............................................................................... 11

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ..................................................................................... *passim*

*Elcock v. Kmart Crop.*,
   233 F.3d 734 (3d Cir. 2000) ..................................................................................... 9

*Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*,
   410 F. Supp. 2d 417 (W.D. Pa. 2006) ...................................................................... 9

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
   318 F.Supp. 1116 (S.D.N.Y.1970) ............................................................... *passim*

*In re Paoli Railroad Yard Litig.*,
   35 F.3d 717 (3d Cir. 1994) ....................................................................................... 9

*Kumho Tire Co., Ltd. V. Carmichael*,
   526 U.S. 137 (1999) ................................................................................................. 8

*Magistrini v. One Hour Martinizing Dry Cleaning*,
   180 F. Supp. 2d 584 (D.N.J. 2002) ........................................................................ 10

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003) ......................................................................... 8, 13

*Montgomery v. Mitsubishi Motors Corp.*,
   No. 04-3234, 2006 WL 1147616 (E.D. Pa. Apr. 27, 2006) ..................................... 9

**Rules**

Fed. R. Evid. 401 .................................................................................................. 12, 16

Fed. R. Evid. 702 .................................................................................................. 1, 9, 10

Fed. R. Evid. 703 ............................................................................................................ 1

I.  **INTRODUCTION**

Solvay's *Daubert* motion concerning the testimony of Honeywell's damages expert Julie Davis seeks to preclude Honeywell from presenting to the jury admissible evidence in support of its equitable estoppel defense and reasonable royalty calculations. Solvay, however, presents no valid basis for such an overbroad, wholesale preclusion of expert testimony. Solvay's motion is not premised on any criticism of Ms. Davis' qualifications, but rather represents nothing more than points going to the weight to be given Ms. Davis' testimony that can be raised on cross-examination. Because Ms. Davis' conclusions in her October 22, 2007 report are relevant to Honeywell's equitable estoppel defense and because her conclusions in both reports are based on sufficient facts and data permitted under Federal Rules of Evidence 702 and 703 and are derived from sound methodology, Solvay's *Daubert* motion should be denied.

II.  **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Solvay filed its Complaint on September 7, 2006, accusing Honeywell of infringing U.S. Patent No. 6,730,817 ("the '817 Patent"). (D.I. 1). Honeywell filed an Answer and Counterclaims on October 23, 2006 for noninfringement, invalidity, and inequitable conduct. (D.I. 9). Solvay filed an Answer to Honeywell's Counterclaims on November 13, 2006. (D.I. 13). Both fact and expert discovery are now closed in this case. Trial is set for July 28, 2008. (D.I. 20).

On February 18, 2008, Solvay filed its *Daubert* Motion to Strike the October 22, 2007 Expert Report and Portions of the November 20, 2007 Expert Report and to Limit the Trial Testimony of Honeywell's Damages Expert. (D.I. 128). This is Honeywell's brief in opposition to Solvay's motion.

## III. SUMMARY OF ARGUMENT

Solvay does not complain that Honeywell's damages expert Julie Davis is not qualified. Indeed, it cannot, given Ms. Davis' extensive experience consulting and testifying regarding intellectual property damages. Instead, Solvay attacks: (1) the relevance and reliability of Ms. Davis' October 22, 2007 report in its entirety; and (2) Ms. Davis' reliance on REDACTED REDACTED in particular in her November 20, 2007 report. In both instances, Solvay fails to raise genuine *Daubert* issues, doing no more than raising arguments properly left for cross-examination.

Solvay's criticisms of Ms. Davis' October 22, 2007 report should have been raised in a rebuttal expert report, not a *Daubert* Motion. Solvay's arguments fail to establish any lack of relevancy and reliability in Ms. Davis' testimony. For example, as to relevancy, Ms. Davis REDACTED

REDACTED Because one element of Honeywell's equitable estoppel defense is its reliance on Solvay's misleading conduct, the October 22, 2007 report is clearly relevant. And because Ms. Davis' method REDACTED

REDACTED was procedurally sound, REDACTED

REDACTED Solvay's arguments in its *Daubert* motion may reflect cross-examination points, but they do not support striking Ms.

---

1   All Exhibits are attached to the Appendix to Honeywell International Inc.'s Opposition to Solvay's *Daubert* Motion to Strike Testimony of Honeywell's Damages Expert, filed and submitted concurrently herewith.

5

Davis' October 22, 2007 report. Therefore, Solvay's attempted use of a *Daubert* motion to exclude Ms. Davis' October 22, 2007 report should be denied.

Solvay's efforts to preclude Ms. Davis from relying on and testifying about REDACTED REDACTED via its *Daubert* motion similarly fail. Solvay does *not* claim, *nor can it claim*, that REDACTED is irrelevant and that expert testimony about it won't assist the jury in reaching a reasoned decision regarding an appropriate reasonable royalty. In fact, because REDACTED

REDACTED

REDACTED          *both* Solvay and Honeywell's damages experts considered   REDACTED   in reaching their respective opinions regarding an appropriate reasonable royalty.          REDACTED

REDACTED


Solvay argues that   REDACTED   should be excluded as evidence for the same reasons that this Court denied Solvay's request to produce          REDACTED

REDACTED          But the Court's reasons for excluding          REDACTED

REDACTED

REDACTED are inapplicable          REDACTED

REDACTED

REDACTED


REDACTED          In fact, as noted above, *both* parties' experts, under the guidelines of *Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F.Supp. 1116, 1120

6

(S.D.N.Y. 1970), formed opinions as to an appropriate reasonable royalty on the basis REDACTED

REDACTED

REDACTED Solvay at this late date asks this Court to remove from the Court and jury's consideration relevant evidence relied upon by both parties' damages experts. This Court should deny Solvay's masked attempt to bolster the weight that should be afforded REDACTED

REDACTED

### IV. STATEMENT OF FACTS

REDACTED

REDACTED Solvay was notified by the United States Patent and Trademark Office ("PTO") on March

7

17, 2003 of the allowance of its patent and Solvay's patent issued on May 4, 2004. (Ex. 12, March 17, 2003 Notice of Allowance; Ex. 11, Face of '817 Patent).   REDACTED

REDACTED

In support of Honeywell's equitable estoppel defense, Honeywell's damages expert, Julie Davis, prepared a report served on October 22, 2007   REDACTED

REDACTED

REDACTED   Ms. Davis holds a Bachelor of Science degree in Business Administration and Accounting and is a Certified Public Accountant. The early part of her career was devoted to directing and performing independent audits of private and publicly held companies. Drawing upon that background, Ms. Davis now consults extensively with companies involved in business and intellectual property disputes. The damages analyses she has performed over the years include evaluations of lost sales, lost profits, incremental profits, manufacturing and marketing capacities, fixed and variable costs, product line profitability, price erosion, reasonable royalty and prejudgment interest. (Ex. 6, Oct. 22, 2007 Julie Davis Report at 1).

To prepare her October 22, 2007 report,   REDACTED

REDACTED

8

REDACTED

On November 20, 2007, Honeywell served a second report prepared by Ms. Davis,     REDACTED

REDACTED

REDACTED

V.  **ARGUMENT**

   A.  **The Legal Standards.**

Expert testimony is expressly admissible under the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Court has broad discretion to admit expert testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152-53 (1999). Though the parties to the litigation may disagree about the merits or impact of particular expert conclusions, a court may admit expert

conclusions that fall within "the range where experts might reasonably differ, and where the jury must decide among the conflicting views . . .." *Id.* at 153. "A review of the caselaw after *Daubert* [*v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)] shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 Advisory Committee Notes 2000 Amendments. Courts routinely deny motions to preclude expert testimony on patent damages based on the parties' difference of opinion, recognizing instead that resolution of conflicting expert views is a matter for the jury. *See, e.g., Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). The Court's inquiry must "focus . . . solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [even] shaky but admissible evidence." *Id.* at 596.

Under Federal Rule of Evidence 702, as interpreted by *Daubert* and its progeny, Solvay's challenge to the admissibility of Ms. Davis' expert testimony must rest on one of the three grounds, "qualifications, reliability and fit." *Montgomery v. Mitsubishi Motors Corp.*, No. 04-3234, 2006 WL 1147616, *3 (E.D. Pa. Apr. 27, 2006) (quoting *Elcock v. Kmart Crop.*, 233 F.3d 734, 741 (3d Cir. 2000)). To exclude an expert based on a lack of qualifications requires a showing that the expert does not have "specialized knowledge about the area of the proposed testimony." *Id.* (internal quotation marks omitted). To challenge testimony as unreliable, it must be shown that the expert's work is not "based on the methods and procedures of science" and the expert does not "have good grounds for his or her belief." *Id.* (quoting *In re Paoli R.R. Yard Litig.*, 35 F.3d 717, 743 (3d Cir. 1994)) (internal quotation marks omitted). And for testimony to be excluded on fit grounds, a party has to show that the testimony will not in any way "assist the

11

jury, by providing it with relevant information, necessary to a reasoned decision of the case." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 420 (W.D. Pa. 2006) (quoting *Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 595 (D. N.J. 2002)).

### B. Ms. Davis Is A Qualified Damages Expert.

Solvay does not challenge Ms. Davis' qualifications as a damages expert. Indeed, Ms. Davis has over 29 years of experience in analyzing damages and performing reasonable royalty analyses in patent cases. (Ex. 7, Julie Davis Nov. 20, 2007 Report at 1). Ms. Davis testified specifically that she has performed reasonable royalty analyses in numerous other cases, a number of them involving chemical patents. (Ex. 7, Julie Davis Nov. 20, 2007 Report at 1; Ex. 1, July Davis Feb. 5, 2008 Dep. 9:1 - 12). Ms. Davis used her experience to perform a *Georgia-Pacific* analysis to reach the conclusion that a royalty rate REDACTED reasonable in the present case. (Ex. 7, Julie Davis Nov. 20, 2007 Report at 34).

### C. The October 22, 2007 Report Is Relevant To Honeywell's Equitable Estoppel Defense And Should Be Permitted As It Is Based Upon Sound Methodology.

#### 1. Ms. Davis' October 22, 2007 Report is Relevant to Honeywell's Equitable Estoppel Defense.

Ms. Davis' October 22, 2007 report, REDACTED
REDACTED

REDACTED supports Honeywell's equitable estoppel defense and is thus relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. To support its equitable estoppel defense, Honeywell must show that: (1) Solvay, through misleading conduct, led Honeywell reasonably to infer that Solvay did not intend to enforce its '817 patent against it; (2) Honeywell relied on

12

that conduct; and (3) due to its reliance, Honeywell will be materially prejudiced if Solvay is allowed to proceed with its claim. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*).   REDACTED

REDACTED

### 2. Ms. Davis' REDACTED REDACTED REDACTED Is Procedurally Sound.

Contrary to Solvay's claims, REDACTED

REDACTED

REDACTED

13

REDACTED

REDACTED

REDACTED          *If* there exists any error in the time period used by Ms. Davis in her calculations – and Honeywell contends there is not – it does not warrant exclusion of Ms. Davis' October 22, 2007 report, but rather an adjustment to her calculations to reflect the appropriate time period.

> **D. There Is No Legal Basis For Precluding Solvay And Honeywell's Damages Experts From Relying On** REDACTED **To Determine A Reasonable Royalty For The '817 Patent Should It Be Found Valid, Enforceable, And Infringed.**
>
> **1. Solvay's Motion Regarding** REDACTED **Goes To The Weight** REDACTED REDACTED **Rather Than** REDACTED **Admissibility.**

Solvay's motion asking this Court to preclude Ms. Davis from relying REDACTED REDACTED is based exclusively on differences of opinion between Solvay and Honeywell's experts REDACTED

REDACTED

REDACTED

14

REDACTED

REDACTED "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [even] shaky but admissible evidence", not the wholesale exclusion of admissible evidence. *Daubert*, 509 U.S. at 596.

    **2.** **This Court's Reasons For Excluding** REDACTED **Are Inapplicable** REDACTED

REDACTED

REDACTED

15

REDACTED

3. **Solvay Does Not Claim, Nor Can It Claim, That** REDACTED **Is Irrelevant And Would Not Assist The Jury In Reaching A Reasoned Decision Regarding An Appropriate Royalty Rate.**

REDACTED

REDACTED

REDACTED

    **4.   Ms. Davis' Consideration Of** REDACTED **Like Mr. Carter's, Was Proper Under The *Georgia-Pacific* Factors** REDACTED
REDACTED

Ms. Davis' evaluation of REDACTED like Mr. Carter's, is reliable because it comports with the guidelines identified in *Georgia-Pacific* and REDACTED *See Daubert*, 509 U.S. at 595. *Georgia-Pacific* identifies fifteen factors to be considered when performing a reasonable royalty analysis. REDACTED

REDACTED

REDACTED

REDACTED

## VI. CONCLUSION

Ms. Davis' October 22, 2007 report is relevant to Honeywell's inequitable estoppel defense. Moreover, Solvay has failed to demonstrate that Ms. Davis' October 22, 2007 report and those portions of her November 20, 2007 report concerning REDACTED are inadmissible on the grounds of qualifications, reliability, or fit. Accordingly, and for all the reasons stated above, Honeywell respectfully requests that the Court deny Solvay's *Daubert* Motion to strike Ms. Davis' October 22, 2007 report and those portions of her November 20, 2007 report discussing REDACTED and to exclude Ms. Davis from testifying at trial on these issues.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Robert G. Krupka, P.C.<br>Laura M. Burson<br>KIRKLAND & ELLIS LLP<br>777 S. Figueroa Street<br>Suite 3400<br>Los Angeles, CA 90017<br>(213) 680-8400<br><br>March 3, 2008<br>1741655 | */s/ Thomas C. Grimm*<br><br>Thomas C. Grimm (#1098)<br>Benjamin J. Schladweiler (#4601)<br>1201 N. Market Street, P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>tgrimm@mnat.com<br>bschladweiler@mnat.com<br><br>*Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 10, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND & E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com