**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOLVAY, S.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-557-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HONEYWELL SPECIALTY | ) | |
| MATERIALS, LLC and | ) | |
| HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SOLVAY'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION
TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY
OF HONEYWELL'S PATENT LAW EXPERT**

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 10, 2008
853924 / 30651

# TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................................1

A.     There Are No Exceptional Circumstances That Would Warrant This
       Court From Departing From Its Guidelines.........................................................1

B.     Garner's Proposed Testimony Plainly Relates To USPTO Practices And
       Procedures And Substantive Legal Issues And Is Inadmissible ..........................1

       1.     Garner's Testimony On USPTO Practices And Procedures....................2

       2.     Garner's Testimony On Substantive Legal Issues .................................2

       3.     This Court Has Previously Determined That Expert Opinions Similar
              To Garner's Are Inadmissible................................................................3

CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Hebert v. Lisle Corp.,*
    99 F.3d 1109 (Fed. Cir. 1996)...................................................................................4

*LP Matthews LLC v. Bath & Body Works, Inc.,*
    458 F. Supp. 2d 198 (D. Del. 2006)...........................................................................4

*Revlon Consumer Prods. Corp. v. L'Oreal S.A.,*
    C.A. No. 96-192-MMS, 1997 U.S. Dist. LEXIS 4117 (D. Del. March 26, 1997) ......3, 4, 5

*Sygenta Seeds v. Monsanto Co.,*
    C.A. No. 02-1331-SLR, 2004 U.S. Dist. LEXIS 18712 (D. Del. Sept. 8, 2004).............3, 5

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................................1

## ARGUMENT

### A.    There Are No Exceptional Circumstances That Would Warrant This Court From Departing From Its Guidelines

Honeywell's attempt to offer patent law "expert" testimony is directly contrary to this Court's "Guidelines: Legal Expert Testimony in Patent Cases." The "Guidelines" themselves are unambiguous -- unless there are "extraordinary circumstances," the Court will not permit expert testimony from attorneys (such as Mr. Garner) concerning patent practice and procedure. Although it purports to oppose Solvay's motion to strike, Honeywell's opposition brief does not identify any circumstances, "extraordinary" or otherwise, that would justify this Court's departure from its usual practice of not allowing legal expert testimony in patent cases.

### B.    Garner's Proposed Testimony Plainly Relates To USPTO Practices And Procedures And Substantive Legal Issues And Is Inadmissible

Honeywell argues that the Court's Guidelines are inapposite because "Honeywell does not intend to elicit testimony from Mr. Garner related to U.S. Patent and Trademark Office ("USPTO") practice and procedure." Opposition Brief at 1 (emphasis added). Honeywell also asserts that Garner "is not being proffered to instruct the jury on the law of inequitable conduct." *Id.* at 4. Instead, Honeywell asserts that Garner "will testify to the actions a reasonable patent attorney would take to satisfy the duty of disclosure and how Solvay failed to take these actions during prosecution of the '817 patent." *Id.* at 1, 4, 5, 6. Thus, according to Honeywell, Garner's proposed testimony, "will prove helpful to the Court and there is no risk of jury confusion" because "Mr. Garner would be testifying before the Court and not the jury." *Id.* at 4 & n.1. However, Honeywell's characterization of the substance of Garner's proposed testimony is contradicted by Garner's Rule 26(a)(2)(B) expert report and is contrary to the Court's Guidelines and practices.

### 1.    Garner's Testimony On USPTO Practices And Procedures

Honeywell contends, in its opposition brief, that Garner will <u>not</u> testify regarding USPTO

practice and procedure.  Garner's report, on the other hand, plainly states that "I am prepared to

testify at trial . . . . as an expert on the operation, rules of practice and procedures of the

[USPTO] . . ." *See* Solvay Opening Brief, Ex. 1, ¶1 (Garner report).  Likewise, Section IX of

Garner's report, entitled "Overview of the USPTO Patent Examination Process," includes a

lengthy dissertation on USPTO practices and procedures. *See Id.*, Ex. 1, ¶¶ 27-35.  Similarly,

Section X and XIII of Garner's report purport to describe, at length, the various submissions,

responses and other events that occurred during the USPTO prosecution of the '817 patent. *Id.*,

Ex. 1, ¶¶ 36-66, 87-88, 90-91.  Garner's report is thus plainly directed to USPTO practices and

procedures.

### 2.    Garner's Testimony On Substantive Legal Issues

Honeywell also asserts, in its opposition brief (at 4), that Garner will not testify about

"substantive legal issues" or "the law of inequitable conduct."  These assertions, however, are

also contradicted by Garner's report.  Indeed, Section XII of his report, entitled "The Duty of

Candor and Inequitable Conduct," sets forth Garner's supposed opinions regarding the legal

standards that should apply in this case concerning PTO Rule 56 and cases interpreting or

applying the law of materiality and inequitable conduct. *Id.*, Ex. 1, ¶¶ 71-82.  In Section XIII of

his report, Garner purports to parrot Honeywell's technical expert's interpretation of and

opinions on certain technical facts (Garner himself is admittedly not qualified to speak to any

technical issues in this case), and he applies those facts and opinions in rendering additional

opinions concerning the ultimate issue in this case; *i.e.*, his "opinion" that inequitable conduct

was committed in this case. *Id.*, Ex. 1, ¶¶ 83-102.

2

**3.    This Court Has Previously Determined That Expert Opinions Similar To Garner's Are Inadmissible**

Honeywell's assertion (at 6) that Garner's testimony "will assist Your Honor in gauging Solvay's actions during the prosecution of the '817 patent" is wholly without merit, and such arguments have been repeatedly rejected by this Court. For example, in *Sygenta Seeds v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 U.S. Dist. LEXIS 18712, *3, n.1 (D. Del. Sept. 8, 2004), defendants charged plaintiff with inequitable conduct and offered the testimony of patent law experts on conclusions of law and general USPTO practices and procedures. All of the experts had significant experience in patent law and prosecution, and all had a technical background. As with the Garner report, each expert in the *Monsanto* case discussed in his respective report the prosecution history of the patents-in-suit, the role that prior art played in that prosecution, and the conclusions they drew from the prosecution record, such as whether certain individuals had a duty to disclose information to the USPTO and whether they complied with that duty, such as by allegedly failing to disclose prior art that plaintiff knew or should have known about. *Id.*

This Court granted plaintiff's motion to exclude defendants' patent law expert reports. The Court explained (at **4-5):

> I have issued guidelines for patent litigation that explicitly state,
> 'expert testimony from attorneys regarding patent practice and procedure
> is not required and will not be permitted except in the case of
> extraordinary circumstances.' In all patent cases tried before me, the jury is
> shown a Federal Judicial Center video about patent law, PTO policies and
> procedures. I have determined that this video is a sufficient basis for instructing
> jurors. I am not convinced that additional information about patent law is
> required in this case.

In *Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, C.A. No. 96-192-MMS, 1997 U.S. Dist. LEXIS 4117 (D. Del. March 26, 1997), defendant proposed offering the testimony of a

patent law expert to support its charge of inequitable conduct. *Id.* at *7. The Court in rejecting

this testimony also took pains to acknowledged the admonitions of the Federal Circuit on one of

the "hazards" of permitting patent law expert testimony: "'We take note of the extent to which . .

. . incorrect law was announced by a patent law expert witness. We encourage exercise of the

trial court's gatekeeper authority when parties proffer, through purported experts . . . markedly

incorrect law." *Id.* at n. 3 (quoting *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1114 (Fed. Cir. 1996)).

*See also LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del.

2006)(precluding both parties' experts on inequitable conduct from testifying at trial).

Honeywell's attempt to characterize Garner's proposed testimony as relating to "the

reasonable practices of a patent attorney in fulfilling the duty of disclosure" does not change the

nature of his opinions and is simply an exercise in semantics to avoid the plain mandate of the

Guidelines. Other judges from this District have properly rejected similar attempts to recast a

patent law expert's proposed testimony in a way that tried to avoid the Guidelines. For example,

in *Revlon*, at * 10, the Court explained that defendant's patent law expert "may not testify as to

substantive issues of patent law, including inequitable conduct." The Court further explained

that, "[f]or purposes of clarity, it is noted this holding precludes, among other things, [the patent

expert's] proposed testimony regarding the 'duties and responsibilities of an inventor, his or her

attorney or agent, and others substantively involved in the preparation and prosecution of a

patent application in the PTO . . . .'" *Id.* (emphasis added).

The patent law expert testimony rejected by the Court in *Revlon* is precisely the same

type of testimony that Honeywell seeks to offer through Garner. Here, as in the *Revlon* case,

Garner seeks to testify about the details of the prosecution of the '817 patent, the scope of the

alleged prior art, and the alleged duties and responsibilities of Solvay's representatives in how

they disclosed, or failed to disclose, such prior art to the USPTO. The nature of Garner's proposed expert testimony is no different than that excluded by the Court in *Revlon,* and the result here should be the same. This Court should preclude Honeywell from offering patent law expert testimony concerning the prosecution of the patent-in-suit, inequitable conduct, the duty of disclosure, or whether an individual with a duty of disclosure complied with that duty.

Finally, Honeywell asserts that the Guidelines should not apply, or that the issue of jury confusion should not be considered, because Garner would be testifying before the Court and not the jury. *See* Opposition Brief at 1, n. 1. This issue can be disposed of easily. As this Court noted in *Syngenta*, 2004 U.S. Dist. LEXIS 18712, *3, n. 1, where claims of inequitable conduct will be presented in a bench trial as opposed to a jury trial, that fact "further obviate[es] the need for legal experts," since this Court is well versed in the law of inequitable conduct and its application and it does not require the assistance of patent law experts.

## CONCLUSION

For all of the above reasons as well as those set forth in its opening brief, Solvay

respectfully requests that the Court strike the expert report of, and exclude the trial testimony of,

Honeywell's patent law expert.[1]

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

By: */s/ David E. Moore*
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, Delaware 19801
  Tel: (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 10, 2008
853924 / 30651

---

[1] Should this Court grant Solvay's motion, Solvay will not offer at trial the testimony of its conditional rebuttal patent law expert, former PTO Commissioner Q. Todd Dickinson. Mr. Dickinson was only offered as a conditional rebuttal expert if this Court were going to allow Honeywell to offer patent law expert testimony from Garner at trial.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 10, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 10, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas C. Grimm
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
bschladweiler@mnat.com

Robert G. Krupka
Laura M. Burson
Helen Hong
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
service-solvay@kirkland.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

799366 / 30651