IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-557-SLR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HONEYWELL SPECIALTY | ) |
| MATERIALS, LLC and | ) **PUBLIC VERSION** |
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| Defendants. | ) |

**SOLVAY'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE OCTOBER 22, 2007 EXPERT REPORT AND PORTIONS OF THE NOVEMBER 20, 2007 EXPERT REPORT AND TO LIMIT THE TRIAL TESTIMONY OF HONEYWELL'S DAMAGES EXPERT**

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 10, 2008
Public Version Dated: March 11, 2008
853948 / 30651

# TABLE OF CONTENTS

**Page**

ARGUMENT ...........................................................................................................................1

    A.    Davis' October 22, 2007 Report Is Irrelevant And Unreliable ...............................1

    B.    Davis Should Be Precluded From Relying On The ▮▮▮▮▮▮
        Patent License Agreement .........................................................................3

CONCLUSION ........................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**      **Page**

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ...........................................................1, 2

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993)..............................................................................................1, 3

*Novartis Pharms. Corp. v. Abbott Labs.*,
    203 F.R.D. 159 (D. Del. 2001) ...................................................................................4

*Vanderlande Indus. Nederland BV v. U.S. Int'l Trade Comm'n*,
    366 F.3d 1311 (Fed. Cir. 2004)...................................................................................2

**Rules**

Fed. R. Civ. P. 30(b)(6).............................................................................................................4

## ARGUMENT

### A. Davis' October 22, 2007 Report Is Irrelevant And Unreliable

Davis' October 2007 report purports to quantify "costs incurred by Honeywell in reliance upon its belief that Solvay was not going to accuse Honeywell of infringing the '817 patent." Opposition Brief at 5. Honeywell asserts that Davis' report is "clearly relevant" to show the reliance element of Honeywell's equitable estoppel defense. *Id.* For expert testimony to be relevant, however, the opinion testimony must have a "valid . . . . connection to the pertinent inquiry as a precondition to admissibility." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). Davis' report is irrelevant to the issue of equitable estoppel for at least three reasons.

First, Davis' report utilizes a time frame for calculating costs that has no nexus to the equitable estoppel inquiry.[1] Davis' report purports to add costs allegedly incurred by Honeywell from March 17, 2003 (more than one year <u>before</u> the '817 patent issued) through September 30, 2007 (16 months <u>after</u> Solvay specifically accused Honeywell of infringement of the '817 patent, and 12 months <u>after</u> Solvay filed suit in this case). Davis' time period for calculating costs is irrelevant. Solvay could not have led Honeywell <u>reasonably</u> to believe by Solvay's alleged silence that Solvay was not going to enforce the '817 patent-in-suit when the '817 patent had not yet even issued (and would not issue for at least another 14 months).[2] Likewise, it is undisputed

---

[1] To establish equitable estoppel, Honeywell must prove that: (1) Solvay, through misleading conduct, led Honeywell reasonably to infer that Solvay did not intend to enforce its '817 patent; (2) Honeywell relied on that misleading conduct; and (3) Honeywell will be materially prejudiced if Solvay is allowed to proceed with its claim. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*).

[2] That the Patent Office issued a Notice of Allowance in March 2003 is also irrelevant to the equitable estoppel or reliance inquiries. The Notice of Allowance did not provide Solvay with any right that it could enforce, and nothing precluded the USPTO from subsequently rejecting Solvay's patent application even after it issued the Notice of Allowance. Solvay did not have an

that Solvay accused Honeywell of infringing the '817 patent by no later than May 2006. Therefore, any alleged costs that Honeywell incurred <u>after</u> May 2006 (including up through September 30, 2007, as set forth in Davis' report) could not be in reasonable reliance on Honeywell's belief that Solvay was <u>not</u> going to enforce the '817 patent. To the contrary, Solvay filed this suit in September 2006, yet Davis' report continues to add costs allegedly incurred by Honeywell through September 30, 2007.

<u>Second</u>, there is no reliable or relevant evidence on which Davis could base her (implicit) conclusion that Solvay had actual or constructive knowledge of Honeywell's infringing process for making HFC-245fa in March 2003 or even in May 2004 when the '817 patent issued. Knowledge by the patentee of the infringement is, of course, a prerequisite to establish an equitable estoppel defense. *See Aukerman*, 960 F.2d at 1028. In this case, it is undisputed that Honeywell's accused infringing process is carried out in secret. Thus, Solvay did not have actual knowledge of Honeywell's process until after this suit was filed. Moreover, it is undisputed that when Solvay asked Honeywell, in 2006, for Honeywell's basis for denying that it infringed the '817 patent, Honeywell refused to respond other than to provide a conclusory denial of liability.[3] Solvay's 2006 warning to Honeywell regarding its potential infringement of the '817 patent is "precisely the <u>opposite</u> of the sort of conduct needed to give rise to equitable estoppel." *Vanderlande Indus. Nederland BV v. U.S. Int'l Trade Comm'n*, 366 F.3d 1311 (Fed. Cir. 2004) (emphasis added). For this additional reason, Davis' addition of costs allegedly incurred

---

enforceable patent right until the '817 patent issued in May 2004. Thus, it is axiomatic that Honeywell could not have been materially prejudiced by Solvay's alleged failure to accuse Honeywell of infringing a patent 14 months before the patent issued.

[3] *See* Declaration of Michael E. McCabe, Jr. in Support of Solvay's Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense of Laches, Equitable Estoppel and Prosecution Laches, Exhs. 9-11, filed on February 18, 2008.

2

by Honeywell between March 2003 and September 30, 2007 has no relevance to the issue of equitable estoppel.

Third, and finally, Honeywell has failed to come forward with any relevant or reliable evidence that it detrimentally relied on Solvay's alleged silence in incurring costs that it would not have otherwise incurred. There is no evidence or argument in Honeywell's opposition brief that Honeywell's conduct would have been any different had Solvay accused it of infringing the '817 patent earlier than it did. Indeed, since this lawsuit was filed, Honeywell has done nothing to curtail its infringing activities. Thus, there is simply no reliable evidentiary basis for Davis to assert, in conclusory fashion, that Honeywell "relied" upon a belief that Solvay was not going to accuse it of infringing the '817 patent. For this additional reason, Davis' report is irrelevant and unreliable. Therefore, the Court should strike Davis' October 2007 report in its entirety and should preclude Davis from testifying at trial on the substance of that report.[4]

### B. Davis Should Be Precluded From Relying On The ▇▇▇▇ Patent License Agreement

Davis' testimony related to the ▇▇▇▇ license agreement should be excluded for the same reasons the Court precluded Solvay from relying upon the Solvay-Arkema patent license agreement. The Court excluded the Solvay-Arkema agreement because it determined that Honeywell did not have an opportunity to take meaningful discovery on the agreement. (D.I. 112 at 12-13) (Tr. Jan. 17, 2008 Hear. 12-13).[5] Likewise, Solvay has not had the opportunity to take meaningful discovery on the ▇▇▇▇ patent license agreement.

---

[4] Of course, if the Court grants Solvay's Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense (at least as to the issue of equitable estoppel), then the instant *Daubert* motion would be moot.

[5] A copy of the January 17, 2008 hearing transcript was included as Exhibit 5 to Solvay's Opening Brief.

3

During discovery, Solvay took a 30(b)(6) deposition of Honeywell covering, in part, "[l]icenses or sublicenses offered, negotiated, received, or accepted from or by Honeywell on any United States or foreign patent relating to halogenated fluorocarbon products or manufacturing processes, including HFC-245fa products or manufacturing processes." As set forth in Solvay's opening brief, which is not disputed by Honeywell, Honeywell's 30(b)(6) witness was unable to answer even the most basic questions regarding the ███████ agreement, including when the negotiations took place, whether Honeywell had any files or documents relating to the negotiations, which party approached the other to obtain the agreement, or what royalty rates or payment provisions were discussed by the parties. In her deposition, Davis likewise could not answer any of these same basic questions. *See* Solvay's Opening Brief at p. 4, Exhibits 3 & 4.

Honeywell had an obligation to designate and prepare its witness to provide corporate testimony on the matters set forth in the 30(b)(6) deposition notice. *See* Fed. R. Civ. P. 30(b)(6); *see also Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162 (D. Del. 2001). Honeywell failed to meet its obligation. It produced a witness who was not prepared to speak on behalf of Honeywell regarding the ███████ patent license agreement. Consequently, Solvay did not have an opportunity to take meaningful discovery on the ███████ license agreement.[6] As was the case with the Arkema agreement and Honeywell's assertions with respect thereto, it is now too late for Solvay to take this discovery.

---

[6] Contrary to Honeywell's assertions in its opposition brief, Solvay's damages expert, Andrew Carter, did not rely upon the ███ agreement in "reaching his conclusion regarding an appropriate reasonable royalty, *without noting any deficiencies* in the discovery on this agreement." (D.I. 152 at 15-16). Rather, Mr. Carter merely acknowledged the existence of the ███ agreement in discussing Honeywell's licensing history, and listed the ███ agreement as a countervailing fact that confirms his opinions. *See* Appendix to Honeywell's Opposition to Solvay's Daubert Motion to Strike Testimony of Honeywell's Damages Expert, Exhibit 8, pp. 37, 57.

4

Accordingly, and for the same reasons the Court excluded the Arkema agreement, Davis' testimony related to the ▮▮▮ agreement should also be excluded.

## CONCLUSION

For all of the above reasons as well as those set forth in its opening brief, Solvay respectfully requests that the Court strike the October 2007 expert report of Honeywell's damages expert in its entirety, strike those portions of the November 2007 damages expert report relating to the ▮▮▮▮▮▮ agreement, and exclude Honeywell's damages expert from testifying on those topics at trial.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

By: */s/ David E. Moore*
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19801
　　Tel: (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 10, 2008
Public Version Dated: March 11, 2008
853948 / 30651

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 11, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 11, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas C. Grimm
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com
bschladweiler@mnat.com

Robert G. Krupka
Laura M. Burson
Helen Hong
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
service-solvay@kirkland.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

799366 / 30651