IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., </br></br>　　Plaintiff and Counterclaim Defendant, </br></br>v. </br></br>HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., </br></br>　　Defendants and Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) C.A. No. 06-557-SLR ) ) ) ) ) ) ) ) ) |

**DECLARATION OF JAY FRIEDENSON IN SUPPORT OF
HONEYWELL INTERNATIONAL INC.'S
OPPOSITION TO SOLVAY'S SUMMARY JUDGMENT MOTION
OF NO INVALIDITY**

　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　　　　　　　　　　　　　　Thomas C. Grimm (#1098)
　　　　　　　　　　　　　　　　　　1201 N. Market Street
　　　　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-1347
　　　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　　　tgrimm@mnat.com
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

March 17, 2008

## DECLARATION OF JAY FRIEDENSON

1. I, Jay Friedenson, make this declaration based on my personal knowledge, and if called to testify, could and would testify hereto.

2. I was employed by Honeywell International Inc. ("Honeywell") or one of its predecessors for thirty-six years. I began working at Honeywell in 1964 and retired in 2000.

3. Throughout my thirty-six year career at Honeywell and its predecessors, I held various titles as a patent attorney, retiring in 2000 as Chief Intellectual Property Counsel, Chemicals. My responsibilities, among others, as a patent attorney included participating in management decisions on whether to file patent applications, setting priorities for such filings and managing the filing and prosecution of patent applications relating to the chemical HFC-245fa.

4. I was named as the attorney of record on United States Patent 5,763,706 ("'706 Patent").

5. On October 25, 2007 I sat for a deposition for this case. I understand that a portion of my testimony has been cited by Solvay to support a motion in the above-captioned case. Solvay cited the portion of my testimony concerning a form entitled "Request and Authority for Patent Application Preparation" ("Request Form") that I helped create. The quoted portion of the Request Form is: "[f]or inventions of possible use, summarize evaluations which establish definite commercial value. If information [is] not available, state why application should not be deferred until such evaluation is obtained."

6. I testified in part that with respect to a submitted invention disclosure and pursuant to this procedure that . . . "if there was some question as to whether or not it (the invention) had sufficient commercial value to justify proceeding with the expense and time of

1

preparing a patent application, it would be deferred." Solvay argues that this is evidence that in 1995, it was Honeywell policy to delay the preparation and filing of a patent application for commercial purposes.

7.  I disagree with Solvay's interpretation of my testimony regarding the Request Form. The question presented in the Request Form asking for an evaluation of inventions of possible commercial use was not the embodiment or instrument of a policy of suppressing inventions for commercial purposes or advantage. It was a tool for assisting the corporation in determining whether there was sufficient value to consider the filing of a patent application on a given invention. With respect to a submitted invention, only if there were some substantial question as to whether there was sufficient value to justify the expense of filing, prosecuting and maintaining a patent application, would the decision to file be deferred. The cases in which such a deferral was made were few and in those cases our policy was to develop any necessary information to answer such question(s) as promptly as possible so as to justify filing, if warranted, and minimize the possibility that, in the case of inventions of commercial value, that we would be disadvantaged in interference proceedings due to the earlier filings on the same invention by others.

8.  During the 1995-1996 time frame, and during all times I was employed at Honeywell and it predecessors, at no time did the company have a policy or practice which entails or orders the delay of patent applications to gain a commercial advantage.

2

9.  To the contrary, HFC-245fa inventions, such as the '706 patent, were at a high priority in the department. For competitive reasons, I strived to file and prosecute patent applications concerning HFC-245fa, including the application that issued as the '706 patent, as quickly as possible, so as to not lose priority of invention to others.

I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct.

_____
Jay Friedenson

Date: March 17, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 17, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND & E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
  & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com