## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A. | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-557-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HONEYWELL SPECIALTY | ) | **PUBLIC VERSION** |
| MATERIALS, LLC and | ) | |
| HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SOLVAY'S MEMORANDUM IN OPPOSITION TO HONEYWELL'S
## MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 17, 2008
Public Version Dated: March 24, 2008
856777 / 30651

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ........................................................................................1

II.   ARGUMENT ...............................................................................................................2

  A.   Summary Judgment Of Non-Infringement Should Be Denied
       Because Honeywell Relies On An Improper Construction Of
       The '817 Patent Claims............................................................................................2

    1.   Honeywell's Assertion of Non-Infringement Is Based On
         An Improper Construction of the "Isolating" Term in Claims
         1 and 12 ......................................................................................................2

    2.   Honeywell's Assertion of Non-Infringement Is Based on an
         Improper Construction of the "Keep In" Term in Claim 12........................3

  B.   Summary Judgment Of Non-Infringement Should Be
       Denied Because Factual Issues Exist ......................................................................4

    1.   A Factual Issue Exists Regarding ████████████
         ██████████████████████████████.......................................................4

III.  CONCLUSION.............................................................................................................5

## TABLE OF AUTHORITIES

*E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.,*
    849 F.2d 1430 (Fed. Cir. 1988).............................................................................................2

*Genentech, Inc. v. Chiron Corp.,*
    112 F.3d 495 (Fed. Cir. 1997)..............................................................................................3

## I.    SUMMARY OF ARGUMENT

Honeywell's arguments in its Opening Brief in Support of Summary Judgment of Noninfringement of U.S. patent 6,730,817 (hereinafter "Brief") (D.I. 133) are based on an improper construction of the '817 patent claims.  Specifically, Honeywell's proposed claim interpretation (1) adds unrecited limitations to the claims; (2) is inconsistent within the context of the claims; and/or (3) is contrary to the specification of the '817 patent.  Using Honeywell's improper claim construction, the '817 patent claims would have negligible scope and would essentially cover <u>theoretical</u> processes relating to "<u>pure</u> HFC-245fa" in which the gas removed from the reactor "contained <u>only</u> HFC-245fa and HCl."  Because Honeywell's proposed claim construction is improper, summary judgment of non-infringement for Honeywell is inappropriate.

Further, irrespective of claim construction, factual issues make summary judgment for Honeywell inappropriate at this stage of the proceedings.  For example, with respect to claim 12, Honeywell asserts that, ██████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████.

Similarly, irrespective of claim construction, and with reference to the doctrine of equivalents, a determination of whether Honeywell's process is substantially the same as the claimed methods must still be undertaken, making summary judgment for Honeywell inappropriate at this stage of the proceedings.  For example, with respect to claim 12, Solvay's expert ██████████ has stated ████████████████████████████████████ ████████████████████████████.

For the above reasons, Honeywell's motion for summary judgment of non-infringement should be denied.

## II.    ARGUMENT

### A.    Summary Judgment Of Non-Infringement Should Be Denied Because Honeywell Relies On An Improper Construction Of The '817 Patent Claims

#### 1.    Honeywell's Assertion of Non-Infringement Is Based On An Improper Construction of the "Isolating" Term in Claims 1 and 12

Honeywell asserts that it does not infringe any of the '817 patent claims because ▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (i.e., "the "isolating…" term").[1]  (D.I. 133 at 7-8).  To support its non-infringement assertion, Honeywell relies on a construction of claims 1 and 12 that adds the word "only" to the claims.  Honeywell construes the "isolating…" term of these claims to mean "… removing as a gas only the HFC-245fa and the HCl from that [reaction] mixture as soon as the HFC-245fa and HCl are created."  (D.I. 133 at 7) (emphasis added).

As set forth in Solvay's Opening Claim Construction Brief (D.I. 124) and Solvay's Responsive Claim Construction Brief filed concurrently herewith, Honeywell's assertion that the "isolating …" term of claims 1 and 12 requires that HFC-245fa and HCl are the only materials in the gas stream that is drawn off from the reaction mixture is baseless.  Honeywell's proposed interpretation improperly reads limitations into claims 1 and 12 by requiring the gaseous stream to contain only HFC-245fa and HCl.  *See, E.I. DuPont de Nemours and Co. v. Phillips*

---

[1] For clarity [HFC-245fa], [HCC-240fa], [HCl] and [HF] are used in place of the chemical names 1,1,1,3,3-pentafluoropropane, 1,1,1,3,3-pentachloropropane, hydrogen chloride and hydrogen fluoride, respectively.

*Petroleum Co.*, 849 F.2d 1430, 1433 (Fed. Cir. 1988). Honeywell's attempts to improperly read limitations into claims 1 and 12 would render the claims meaningless as they would essentially be limited to practical impossibilities.

Also, the gas stream of claims 1 and 12 are not limited to HCl and HFC-245fa because (1) the gas stream in claim 12 **comprises** HFC-245fa and HCl; (2) the term "comprising" is an open-ended, non-exclusionary term, s*ee Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997); and (3) the "isolating" term of claims 1 and 12 are "nearly identical" and "should be consistently construed." (D.I. 137 at 20). To consistently construe claim 1 and claim 12, the "isolating" phrase in claim 1 should be interpreted to cover a gas mixture containing HFC-245fa, HCl and other compounds.

The '817 patent and claims make it clear that Honeywell's asserted construction of the "isolating…" term of claims 1 and 12 is baseless. Therefore, Honeywell's non-infringement assertion is similarly baseless.

### 2. Honeywell's Assertion of Non-Infringement Is Based On An Improper Construction of the "Keep In" Term in Claim 12

Honeywell argues that its process does not infringe claim 12 of the '817 patent because ███████████████████████████████████████████████████████. To support its non-infringement assertion, Honeywell's proposed construction of the "keep in …" term requires that reactants remain in the reactor vessel. (D.I. 133 at pp. 10-11). Honeywell asserts that, in its process ████████████████████████████████████ ███████████████████████████.

As set forth in Solvay's Opening Claim Construction Brief (D.I. 124) and Solvay's Responsive Claim Construction Brief filed concurrently herewith, Honeywell's proposed construction of the "keep in …" term is baseless. The intrinsic evidence and common usage of

the phrase "keep in" in the art demonstrate that one skilled in the art would construe this phrase in the '817 patent claims such that "keeping in" and "returning to" are related concepts, not disjunctive concepts, and that returning reactants to the reactor vessel is tantamount to keeping them in the vessel.

The '817 patent and claims make it clear that Honeywell's asserted construction of the "keep in…" term of claims 1 and 12 is baseless. Therefore, Honeywell's non-infringement assertion is similarly baseless.

### B.    Summary Judgment Of Non-Infringement Should Be Denied Because Factual Issues Exist

#### 1.    A Factual Issue Exists Regarding ███████████████████████ ████████████

Honeywell asserts that its process does not meet the "in the liquid state" limitation of claim 12 because ████████████████████████████████████. (D.I. 133 at 11-12). However, Solvay's expert, ███████████, stated that ████████████████████ ████████████████████████████████████████████████ ████████████████████████. Moreover, during his deposition, ███████████ stated that █████████ ████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████

Thus, irrespective of claim construction, a factual dispute exists. Honeywell asserts that ████████████████████████████████████████████. Solvay asserts that using ███████████ results in a process that either (1) literally falls within claim 12 because ████████████████████████████████████████



██████████; or (2) falls within claim 12 under the doctrine of equivalents because

████████████████████████████████████████████████████

████████████. Because a genuine issue of material fact exists regarding the effect gaseous HF

has on or within Honeywell's process, summary judgment of infringement or non-infringement

of claim 12 is improper.

## III.    CONCLUSION

For all of the foregoing reasons, Solvay respectfully submits that Honeywell's motion for

summary judgment of non-infringement of U.S. patent 6,730,817 be denied.


Respectfully submitted,

OF COUNSEL:                          POTTER ANDERSON & CORROON LLP

Arthur I. Neustadt
Jean-Paul Lavalleye                  By: */s/ David E. Moore*_____
Barry J. Herman                          Richard L. Horwitz (#2246)
Michael E. McCabe, Jr.                   David E. Moore (#3983)
John F. Presper                          Hercules Plaza, 6th Floor
OBLON, SPIVAK, McCLELLAND,               1313 N. Market Street
MAIER & NEUSTADT, P.C.                   Wilmington, Delaware 19801
1940 Duke St.                            Tel:  (302) 984-6000
Alexandria, VA 22314                     rhorwitz@potteranderson.com
Tel.:  (703) 413-3000                    dmoore@potteranderson.com

Dated:  March 17, 2008               *Attorneys for Plaintiff Solvay, S.A.*
Public Version Dated: March 24, 2008
856777 / 30651

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 24, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on March 24, 2008, the attached document was

Electronically Mailed to the following person(s):

Thomas C. Grimm
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
tgrimm@mnat.com
bschladweiler@mnat.com

Robert G. Krupka
Laura M. Burson
Helen Hong
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
service-solvay@kirkland.com

By:  /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

799366 / 30651

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY