IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., <br><br>　　　　Plaintiff and Counterclaim Defendant, <br><br>　　v. <br><br>HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., <br><br>　　　　Defendant and Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )　C.A. No. 06-557-SLR <br><br>PUBLIC VERSION |

**HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO SOLVAY'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT**

　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　　　　　　　　　　　　Thomas C. Grimm (#1098)
　　　　　　　　　　　　　　　　1201 N. Market Street
　　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　　Wilmington, DE 19899-1347
　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　tgrimm@mnat.com

　　　　　　　　　　　　　　　　*Attorneys for Defendant*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: March 17, 2008
Public Version Filed: March 24, 2008

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..........................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS .....................................................1

III. SUMMARY OF THE ARGUMENT ............................................................................1

IV. COUNTERSTATEMENT OF THE FACTS ................................................................2

V. ARGUMENT .................................................................................................................2

    A. Under The Proper Construction Of Claim 1, Honeywell's Commercial Process For Manufacturing HFC-245fa, At A Minimum, Does Not Meet The "Isolating" Limitation Of Claim 1. ......................................................2

    B. Solvay's Motion Must Be Denied Because Solvay Improperly Construes The "Carrying Out The Reaction" And "Isolating" Limitations Of Claim 1. ...................................................................................2

VI. CONCLUSION ..............................................................................................................5

I.   **INTRODUCTION**

Honeywell opposes Solvay's Motion for Summary Judgment of Infringement, which alleges that the commercial process of manufacturing HFC-245fa literally infringes claims 1, 5-7 and 10-11 of the '817 patent. (D.I. 119). As Solvay notes in its opening brief, Solvay's motion for infringement depends entirely on its proposed construction of the "carrying out the reaction" and "isolating" limitations in claim 1. As summarized below and more fully explained in Honeywell's briefs on claim construction and noninfringement, Solvay's motion fails as a matter of law because under the proper claim construction, Honeywell does not infringe. Accordingly, Solvay's motion for infringement should be denied.

II.   **NATURE AND STAGE OF THE PROCEEDINGS**

Solvay filed its Complaint on September 7, 2006, accusing Honeywell of infringing the '817 Patent. (D.I. 1). Honeywell filed an Answer and Counterclaims on October 23, 2006 for noninfringement, invalidity, and inequitable conduct. (D.I. 9). Solvay filed an Answer to Honeywell's Counterclaims on November 13, 2006. (D.I. 13). Both fact and expert discovery are now closed in this case. Trial is set for July 28, 2008. (D.I. 20).

On February 18, 2008, Solvay filed a Motion for Summary Judgment on Infringement. (D.I. 119). This is Honeywell's brief in opposition to Solvay's motion.

III.   **SUMMARY OF THE ARGUMENT**

Solvay has brought a motion for summary judgment on Honeywell's defense of noninfringement; however, Solvay is not entitled to judgment as a matter of law because Solvay's motion is based on improper constructions of the "carrying out the reaction" and "isolating" limitations of claim 1.

**IV.   COUNTERSTATEMENT OF THE FACTS**

Honeywell incorporates by reference its statement of facts in Honeywell's Opening Brief on Claim Construction (D.I. 137) and Brief on Motion for Summary Judgment of Noninfringement (D.I. 133).

**V.   ARGUMENT**

  **A.   Under The Proper Construction Of Claim 1, Honeywell's Commercial Process For Manufacturing HFC-245fa, At A Minimum, Does Not Meet The "Isolating" Limitation Of Claim 1.**

As explained in Honeywell's motion for summary judgment of noninfringement, under the proper claim construction, Honeywell's commercial process for manufacturing HFC-245fa does not infringe claim 1 (and thus cannot infringe claims 5-7 and 10-11 which depend from claim 1) because                              REDACTED


(D.I. 133, Honeywell's Opening Noninfringement Brief, p. 8).

REDACTED




  **B.   Solvay's Motion Must Be Denied Because Solvay Improperly Construes The "Carrying Out The Reaction" And "Isolating" Limitations Of Claim 1.**

As explained more fully in Honeywell's claim construction briefing, Solvay's proposed construction reads the two claim limitations of claim 1 out of the claim and fails to distinguish the process of claim 1 over the prior art as Solvay was required to do in order to obtain allowance of the claim. These errors are summarized as follows:

- Solvay specifically designated the "carrying out the reaction" limitation as part of the improvement of claim 1 over the prior art '192 Patent. However, it was already known to a person of ordinary skill in the art in 1995 (the relevant date of inquiry for Solvay's '817 Patent) that HFC-245fa exists as a gas in the reaction disclosed in the preamble of claim 1 which was recited in the '192 Patent. Thus, the "carrying out the reaction" limitation must mean something more than what Solvay's proposes (*i.e.,* it cannot mean carrying out the reaction at a temperature and pressure at *which HFC-245fa produced is present as a gas in the reactor*) (D.I. 124, Solvay's Opening Claim Construction Brief, pp. 3-4); (D.I. 108, Solvay and Honeywell Joint Claim Construction Chart, p. 2). Otherwise, the improvement would be something already found in the prior art known to Solvay during prosecution. (D.I. 137, Honeywell's Opening Claim Construction Brief, pp. 12-15).

- Solvay also disclaimed an embodiment where HF and other substances are drawn off along with the HFC-245fa because Solvay argued that the "isolating" limitation was not taught or suggested by Honeywell's '192 Patent. (D.I. 137, Honeywell's Opening Claim Construction Brief, pp. 17-18). Thus, the "isolating" limitation must mean something more than what Solvay's proposes (i.e., that it merely means a stream of gas *containing any components so long as it contains some HFC-245fa and some HCl*) (D.I. 124, Solvay's Opening Claim Construction Brief, pp. 4-5); (D.I. 108, Solvay and Honeywell Joint Claim Construction Chart, pp. 2-3).     REDACTED

● The ordinary meaning of "isolating [HFC-245fa] from the reaction mixture" requires, in the context of claim 1, "drawing off" only HFC-245fa and HCl as a gas without other reaction mixture components, such as HF or partially fluorinated compounds. (D.I. 137, Honeywell's Opening Claim Construction Brief, pp. 15-16).

● One of skill in the art in 1995 would understand that "isolating" in the context of claim 1 requires drawing off only HFC-245fa and HCl as a gas because it was known and understood that purifying HFC-245fa from HCl was a very simple task, while purifying HFC-245fa from, for example HF, was known to be a much more difficult and complicated procedure. (D.I. 137, Honeywell's Opening Claim Construction Brief, p. 16).

● The '817 Patent's specification does not give "isolating" any specific meaning that deviates from its ordinary and accepted meaning, nor does it broaden the meaning of "isolating" in the context of the patent, as proposed by Solvay. (D.I. 137, Honeywell's Opening Claim Construction Brief, p. 17).

REDACTED

## VI.   CONCLUSION

The merit of Solvay's motion relies exclusively on Solvay's proposed claim construction. For the reasons stated in Honeywell's claim construction briefing, Honeywell's process does not meet the "carrying out the reaction" and "isolating" limitations of independent claim 1 when those limitations are construed properly. Accordingly, Honeywell does not infringe claim 1, or claims 5-7 and 10-11, which depend from claim 1. Solvay's Motion for Summary Judgment on Infringement should therefore be denied in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
tgrimm@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

March 17, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 24, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE 19899-0951

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com