IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOLVAY, S.A.,                                      )
                                                   )
            Plaintiff and Counterclaim             )
            Defendant,                             )
                                                   )
      v.                                           )        C.A. No. 06-557-SLR
                                                   )
HONEYWELL SPECIALTY MATERIALS, LLC                 )        PUBLIC VERSION
and HONEYWELL INTERNATIONAL INC.,                  )
                                                   )
            Defendants and Counterclaim            )
            Plaintiffs.                            )
                                                   )
                                                   )

**HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO
SOLVAY'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER
35 U.S.C. §§ 102(g) AND 103 BASED ON COMMERCIAL SUPPRESSION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: March 17, 2008
Public Version Filed: March 24, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS .........................................1

III.    SUMMARY OF ARGUMENT ..........................................................................1

IV.     COUNTER-STATEMENT OF FACTS .............................................................3

V.      ARGUMENT .......................................................................................................7

        A.      Legal Principles. ......................................................................................7

        B.      Honeywell Did Not Delay Disclosing The Inventions In The '706 Patent. ............8

        C.      Even Assuming There Was Some Minimal Delay Honeywell Did Not
                Engage In Commercial Suppression ......................................................10

                1.      Honeywell Did Not Have A Policy Of Commercial Suppression Or
                        Concealment  REDACTED   ...............................................................10

                2.      Solvay's Basis For Concluding That Honeywell Suppressed Its
                        Prior Reduction To Practice Is Misleading And Incorrect.......................12

                3.      Solvay's Specific Allegations Of Suppression Are Inadequate As
                        A Matter Of Law....................................................................................15

VI.     CONCLUSION...................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Apotex USA, Inc. v. Merck & Co., Inc.*,
    254 F.3d 1031 (Fed. Cir. 2001)........................................................................................ 7

*Dow Chemical Co. v. Astro-Valcour, Inc.*
    267 F.3d 1334 (Fed. Cir. 2001)...................................................................................... 13

*Fujikawa v. Wattanasin*,
    93 F.3d 1559 (Fed. Cir. 1996)................................................................................... 8, 15

*Halbert v. Schuurs*,
    220 USPQ 558 (Bd. Pat. Int'f 1983)............................................................................... 9

*Lutzker v. Plet*,
    843 F.2d 1364 (Fed. Cir. 1988)........................................................................... 3, 15, 16

*Paulik v. Rizkalla*,
    760 F.2d 1270 (Fed. Cir. 1985)...................................................................................... 3

*Rosenblum v. Hiroshima*,
    219 USPQ 844 (Bd. Pat. Int'f 1983)............................................................................... 9

*Young v. Dworkin*,
    489 F.2d 1277 (Cust. & Pat. App. 1974) ............................................................. 8, 15, 16

**Statutes**

35 U.S.C. § 102(g) .................................................................................................... *passim*

35 U.S.C. § 102(g)(2) ......................................................................................................... 1

## I.    INTRODUCTION

Honeywell opposes Solvay's Motion for Summary Judgment of No Invalidity Under 35 U.S.C. § 102(g).  Solvay, for the purposes of its motion, does not dispute that Honeywell reduced the alleged inventions of the '817 patent to practice before            REDACTED            .  Solvay supports its motion solely on its assertion that Honeywell intentionally suppressed the invention.  Honeywell opposes Solvay's motion on two bases.  First, Solvay has failed to present evidence sufficient to justify an inference that Honeywell suppressed its invalidating work.  Second, in any event, the overwhelming undisputed evidence shows that Honeywell did not delay in disclosing its prior reduction to practice.  Rather, it promptly filed a patent application disclosing its work, including subject matter that invalidates the '817 patent, after diligently completing its invention of an "integrated manufacturing process for producing HFC-245fa."

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Solvay filed this patent case on September 7, 2006.  Honeywell filed its Answer and Counterclaims on October 23, 2006.  Trial is set for July 28, 2008.  On February 18, 2008, Solvay filed a Motion for Summary Judgment of No Invalidity Under Section 35 U.S.C. § 102(g) and supporting brief.  This is Honeywell's brief in opposition to that motion.

## III.    SUMMARY OF ARGUMENT

For the purposes of this motion, it is undisputed that Honeywell reduced the alleged inventions of the '817 patent to practice before            REDACTED            .  (Solvay's Opening Br. at 6).  Thus, Solvay is left with only one possible argument -- that Honeywell suppressed its invention under § 102(g)(2).  Solvay presents no evidence that could reasonably support such an accusation.

First, as a threshold matter, Solvay erroneously presupposes that Honeywell delayed disclosing its reduction to practice.  While Honeywell reduced the '817 patent's alleged

1

inventions to practice          REDACTED          , Honeywell continued to develop and refine the
invention, enabling it to disclose to the public not only the process covered by the '817 patent,
but a broader "integrated manufacturing process for producing HFC-245fa." [1]   (Ex. 33, U.S.
Patent No. 5,763,706 ("the '706 patent") at Abstract).   Honeywell's research and development
actually continued                                    REDACTED

                            Honeywell began drafting the disclosure leading to the '706 patent no later
than           REDACTED          and filed it with the U.S. Patent and Trademark Office
("USPTO") in July 1996.

          Secondly, assuming *arguendo* that there was any delay in disclosing Honeywell's prior
reduction to practice to the public, there are no reasonable grounds to infer intentional
commercial suppression.

          In particular, Solvay contends that the supposed delay was an act of "commercial
suppression" pursuant to a company policy to defer and suppress inventions for commercial
reasons.   Solvay bases its accusation on a Honeywell form document          REDACTED

                            REDACTED

                                                   Without basis, Solvay
characterizes this form request as constituting a widespread corporate policy of suppressing
inventions to gain commercial advantage.   Solvay then selectively and misleadingly quotes
deposition testimony in this case to conclude that "Honeywell did not earlier believe that a
commercial market existed for 245fa."  (Solvay's Opening Br. at 7).  Finally, Solvay combines

---

[1]     All Exhibits are attached to the Appendix to Honeywell International Inc.'s Oppositions
        to Solvay's February 18, 2008 Motions for Summary Judgment, filed and submitted
        concurrently herewith.

these two unreasonable inferences to conclude that Honeywell intentionally concealed its prior reduction to practice of the '817 patent's claims to garner a commercial advantage. However, the overwhelming evidence,                    REDACTED                    shows that Honeywell was proceeding at full speed with its plans to develop and commercialize its HFC-245fa process and did not delay in disclosing its completed inventions to the public.

Lastly, Solvay presents no evidence that Honeywell, "after the invention described in the ('706) patent application *was perfected*," partook in "activities directed solely toward commercialization of the perfected invention." (Solvay's Opening Br. at 7 (emphasis added)). To the contrary, as explained above, Honeywell immediately drafted and filed the '706 patent's application which disclosed its prior reduction to practice to the public        REDACTED

        REDACTED            Notably, Solvay's brief recites the legal proposition that "intentional suppression or concealment refers to situations in which an inventor 'designedly, and *with the view of applying it indefinitely and exclusively for his own profit*, withholds his invention from the public.'" (Solvay's Opening Br. at 6 ((*quoting Paulik v. Rizkalla*, 760 F.2d 1270, 1273 (Fed. Cir. 1985))). Solvay has not presented, and cannot present, any evidence to satisfy this standard because Honeywell disclosed the invention of the '706 patent to the public        REDACTED

    REDACTED

## IV.    COUNTER-STATEMENT OF FACTS

Honeywell presents the following counter-statement of facts:

The original application leading to Honeywell's U.S. patent number 5,574,192 entitled "Process for the Manufacture of 1,1,1,3,3-Pentafluoropropane" ("the '192 patent") was filed on July 11, 1994. It discloses, among other things, the process of reacting HCC-240fa with HF in the presence of antimony pentachloride catalyst to form HFC-245fa and HCl. The specification

also discloses "a continuous fluorination process" where gaseous HFC-245fa is "vented." (Ex. 32, '192 Patent col. 3 ln. 63 - col. 4 ln. 1).

It is also undisputed that one of skill in the art would have known in 1994 that HCl would be vented with organics.[2] Thus, it is undisputed that Honeywell's '192 patent discloses a continuous process of fluorinating HCC-240fa with HF in the presence of antimony catalyst where HFC-245fa and HCl are produced as a gas. (Ex. 32, '192 Patent).

REDACTED

REDACTED            , Honeywell first performed a continuous process of fluorinating HCC-240fa with HF in the presence of antimony pentachloride catalyst to make gaseous HFC-245fa and gaseous HCl.  Honeywell performed this process in the laboratory.  For purposes this motion, Solvay does not dispute, nor has Solvay or any of its experts disputed throughout this litigation, that this reduction to practice anticipates each and every asserted claim.  (Ex. 13, Nov. 20, 2007 Expert Report of Dr. William Dolbier at 9; Ex. 2, Jan. 3, 2008 Dolbier Dep. 6:10 - 6:15).

---

[2]    Solvay's validity expert Dr. William Dolbier testified to the well-known fact that if HFC-245fa is "vented" HCl necessarily is vented along with the HFC-245fa:

Q: The question was, if you remove 245 in the gas phase, doesn't HCL necessarily come off [with] the 245?
                                        ***
A:  One thing for sure, HCL is going to come off as soon as you allow it to vent. That's going to be the majority of the material to leave. That's going to be the first thing to leave, because it's the most volatile.
(Ex. 2, Jan. 3, 2008 Dolbier Dep. 282:22 - 283:6).

REDACTED

REDACTED

REDACTED

Throughout      REDACTED     , Honeywell continued working to develop and perfect

its process for the preparation of HFC-245.                    REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

On July 3, 1996,  Honeywell filed the '706 patent application disclosing an "integrated

manufacturing process for producing HFC-245fa . . .."  The specification's examples describe

performing a continuous fluorination process in a "50 gallon reactor . . . continuously."  It

---

[3]    Solvay, on page 7 of its Opening Brief, and in its "Concise Statement of Facts"
incorrectly states that Honeywell's "Buffalo work was completed    REDACTED    ."
REDACTED

6

discloses a final HFC-245fa product of "99.5% purity" in an amount of more than "300lbs./day." (Ex. 33, '706 Patent).

## V.    ARGUMENT

Solvay cannot prevail on its motion because it has not come forward with any evidence to support a reasonable inference that Honeywell "abandoned, suppressed or concealed" its prior reduction to practice of the 817 patent's alleged inventions under 35 U.S.C. § 102(g).  Solvay's argument that Honeywell has a policy of suppression is baseless conjecture.  Solvay, instead, should turn its focus on the hard, undisputed facts.  The undisputed evidence shows that Honeywell, as a matter of law, did not engage in commercial suppression of its prior reduction to practice.  To the contrary, Honeywell disclosed its invention of an "integrated manufacturing process to produce HFC-245fa," including its prior reduction to practice of the '817 patent's claims,                           REDACTED

### A.    Legal Principles.

For the purposes of this motion, Solvay concedes that Honeywell reduced to practice the alleged inventions of the '817 patent to practice before              REDACTED              . Therefore, "the burden shifts to [Solvay] to produce evidence sufficient to create a genuine issue of material fact as to whether [Honeywell] abandoned, suppressed or concealed the invention." *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1037 (Fed. Cir. 2001).

Patent case law distinguishes between two types of suppression or concealment.  *See Apotex*, 254 F.3d at 1038 (Fed. Cir. 2001).  The first arises where an inventor actively suppresses or conceals his invention from the public.  The second involves a legal inference of suppression or concealment based upon an **unreasonable** delay in filing a patent application.  *See id. (emphasis added)*.  It is the first type of suppression -- intentional, active suppression -- that Solvay alleges.  (Solvay's Opening Br. at 6).

"Intentional suppression refers to situations in which an inventor 'designedly, and *with the view of applying it indefinitely and exclusively for his own profit,* withholds his invention from the public.'" *Fujikawa v. Wattanasin*, 93 F.3d 1559, 1567 (Fed. Cir. 1996) (citations omitted) (emphasis added). However, intentional suppression requires more than delay in filing a patent application; "[i]t requires <u>evidence</u> that the inventor intentionally delayed filing in order to prolong the period during which the invention is maintained in secret." *Id*. Courts must proceed with "caution[]" in ensuring that the doctrine of suppression is "applied only where the record sustains the burden of proving suppression or concealment." *Young v. Dworkin* 489 F.2d 1277, 1280 (Cust. & Pat. App. 1974).

**B.    Honeywell Did Not Delay Disclosing The Inventions In The '706 Patent.**

It is undisputed for the purposes of this motion that Honeywell's continuous liquid phase process, first performed                    REDACTED                    , is a prior invention of Solvay's '817 patent. To salvage its patent validity, Solvay alleges that this prior reduction to practice does not qualify as prior art under 35 U.S.C. § 102(g) because Honeywell commercially suppressed the invention.

Although Honeywell actually reduced to practice the '817 patent's "improvement" in

REDACTED

Honeywell first disclosed to the public a continuous process of fluorinating HFC-245fa where HFC-245fa and HCl are vented as a gas in its '192 patent, originally filed in July 1994. The specification of the '192 patent discloses "a continuous fluorination process" where HFC-245, and necessarily HCl are "vented." (Ex. 32, '192 Patent col. 3, ln. 63 - col. 4 ln. 1; Fn. 1, *supra*).

After Honeywell's disclosure of the continuous fluorination process in the '192 patent, Honeywell also disclosed to the public its prior actual reduction to practice of the '817 patent's

8

alleged invention.    Honeywell  first  performed  a  continuous  liquid  phase  process  for  the

preparation  of  HFC-245fa                REDACTED                              and then continued

to refine and perfect the invention in order to disclose to the public "an integrated manufacturing

process  for  producing  HFC-245fa"  in  its  '706  patent.    (Ex.  33,  '706  patent  at  Abstract).

Honeywell perfected the invention                 REDACTED

REDACTED


All  the  evidence  shows  that  Honeywell  took  no  breaks  and  did  not  delay  at  all  in

developing and perfecting the invention disclosed in the '706 patent.  (*See* Counter-Statement of

Facts, *supra*).

Honeywell took an approach favored by the law, which is to perfect its highly technical

invention in order to provide a complete and useful disclosure to the public.  *See Rosenblum v.*

*Hiroshima*, 219 USPQ 844, 846 (Bd. Pat. Int'f 1983) (Board of Patent Appeals and Interferences

held that a 22-month delay was excused where patentee and assignee were engaged in continuing

engineering efforts and had no intent to conceal or suppress); *see also Halbert v. Schuurs*, 220

USPQ 558, 565 (Bd. Pat. Int'f 1983) ("Considering the nature and complexity of the process

involved, . . . the 20 month delay between reduction to practice and filing is not sufficient here to

create an inference of suppression or concealment. . . . It is to the benefit of the public to allow

reasonable time for inventors and their assignees to become properly acquainted with the subject

matter involved rather than have them rush to the Patent and Trademark Office with their first

encounter . . . We find also evidence that improvements resulting from Troy's perfecting activity

were included in the . . . specification.").  The indisputable, objective evidence in this case shows

that Honeywell exercised the utmost good faith in patenting its commercial process.  Indeed, the

examples in the '706 patent's specification reflect        REDACTED        , perfected from

Honeywell's earlier laboratory work.                REDACTED

        *with* Ex. 33, '706 Patent at "Detailed Description of the Preferred Embodiment").  As

cited above, the body of patent law prefers, and certainly does not punish, Honeywell's

approach.

        Thus, Solvay's assertion that Honeywell delayed in disclosing its invalidating prior art is

incorrect as a matter of law.  Honeywell first disclosed the '817 patent's invention to the public

in July of 1994 via the '192 patent, and then again promptly disclosed an "integrated

manufacturing process for producing HFC-245fa" in the '706 patent,        REDACTED

REDACTED


### C.    Even Assuming There Was Some Minimal Delay Honeywell Did Not Engage In Commercial Suppression

        Although Honeywell did not delay in disclosing its prior reduction to practice of the '817

patent's "improvement" to the public, this opposition will further demonstrate that Solvay's

accusations of intentional commercial suppression are baseless, and depend not on the weight

and sufficiency of admissible evidence, but entirely on incorrect and unreasonable inferences.

#### 1.    Honeywell Did Not Have A Policy Of Commercial Suppression Or Concealment  REDACTED

        Solvay's accusation of commercial suppression is based upon an alleged Honeywell

corporate policy of "deferring the filing of a patent application for commercial purposes."

Solvay contends that this alleged policy is "evidence of an intention to suppress or conceal the

invention under 35 U.S.C. § 102(g)."  (Solvay's Opening Br. at 7).  Solvay's only evidence that

Honeywell has such a policy is                REDACTED

REDACTED                                    and out of context deposition

testimony by     REDACTED     Jay Friedenson.

REDACTED

REDACTED

REDACTED

Of particular note, discussed below,          REDACTED

REDACTED

Sealed Declaration of J. McIntyre re Motion for Summary Judgment of No Invalidity Based on Commercial Suppression at Ex. 2).

Solvay questioned former Honeywell patent counsel     REDACTED     Jay Friedenson,     REDACTED     **Notably, the testimony was not related to the filing or prosecution of the '706 patent which is the only issue in Solvay's pending motion.**   As Solvay chose to crop Mr. Friedenson's full statement and omit all contextual references, a complete explanation is warranted.

In his deposition, Mr. Friedenson attempted to explain     REDACTED

REDACTED

REDACTED

(Ex. 4, Oct. 25, 2007 Jay Friedenson Dep. 94:21 - 95:9).

Mr. Friedenson never stated or implied that a patent application would be deferred if the invention did have sufficient commercial value;                    REDACTED

REDACTED

Solvay's characterization of     REDACTED     as a policy of commercial suppression is factually specious and legally incorrect.

> ### 2.    Solvay's Basis For Concluding That Honeywell Suppressed Its Prior Reduction To Practice Is Misleading And Incorrect.

Not only is Solvay's position that Honeywell had a policy of commercial suppression in REDACTED unreasonable and incorrect, but the undisputed facts demonstrate that any alleged policy of suppressing inventions where a commercial use has yet to be ascertained did not apply to Honeywell's prior reduction to practice of the '817 patent's "improvement."   Solvay's accusation, stated on page 7 of its brief is that "Honeywell delayed preparation and filing of a patent application until 1996 because Honeywell did not earlier believe that a commercial market existed for 245fa." (Solvay's Opening Br. at 7).  First,                    REDACTED

12

REDACTED

there was
no question at Honeywell that the process of producing HFC-245fa had commercial value.

REDACTED

This statement, even if true, is irrelevant to this motion.    REDACTED

REDACTED

REDACTED

These actions themselves, without even
considering Honeywell's efforts to perfect the invention, and its prompt filing of the '706 patent
application, are sufficient as a matter of law to rebut any charge of commercial suppression,
because they are "reasonable efforts" to commercialize Honeywell's HFC-245fa manufacturing
process.  In *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1343-4 (Fed. Cir. 2001),

13

the Federal Circuit set a high bar over which Solvay's case must leap in order for it to prove even

a prima facie case of commercial suppression under 35 U.S.C. § 102(g):

> "[C]ourts have excused delay upon proof that the first inventor engaged in *reasonable efforts* to bring the invention to market . . . [The prior inventor] actively and continuously took steps towards the commercialization . . . including the procurement of financing to build a new production plant and the attention to safety considerations . . . A prior inventor is not required to take the fastest route to commercialization, *but only to make reasonable efforts to bring the invention to market* . . . [Patentee] has not shown, *even prima facie*, that [the prior inventor] suppressed or concealed its invention."

*Id.* (emphasis added).  Solvay contends that before    REDACTED            REDACTED

                                REDACTED

                                                                Solvay's

position is completely unsupported, as Solvay has pointed to no evidence that shows Honeywell

in any way delayed or slowed down its work on developing its commercial process prior to

  REDACTED  .  To the contrary, and as explained above, Honeywell continued to perfect its

process and disclosed its "integrated manufacturing process for producing HFC-245fa" to the

public immediately after its first successful trial run.

    Additionally, it would have been unreasonable for Honeywell to delay its

commercialization of HFC-245fa or the filing of any HFC-245fa-related patent application.

REDACTED                          REDACTED

                                REDACTED

Furthermore, Honeywell had already disclosed the chemistry of its reaction to the public via its

'192 patent, which also disclosed a continuous process.  All of Honeywell's international

competitors, including Solvay, had notice of Honeywell's efforts to commercialize HFC-245fa.

14

REDACTED                                                            Any delay in

developing its process and filing patent applications could result in a loss of priority for U.S. and

foreign inventions to competitors.          REDACTED                  Solvay's position

that Honeywell commercially suppressed any patentable aspect of its HFC-245fa process is not

supported by any evidence, and is entirely unreasonable.  Honeywell could have only suffered

competitive harm by delaying its filing of the '706 patent application.

> **3.    Solvay's Specific Allegations Of Suppression Are Inadequate As A Matter Of Law.**

Putting aside the overwhelming weight of the undisputed facts supporting the conclusion

that Honeywell did not delay in disclosing its prior reduction to practice of the '817 patent's

"improvement," Solvay's allegations - - taken as true and given their fullest weight - - are

insufficient as a matter of law to support its accusation that Honeywell "commercially

suppressed" its invalidating prior art pursuant to 35 U.S.C. § 102(g).  Solvay has not satisfied its

burden of proof to obtain summary judgment.  Furthermore, Solvay has not satisfied its burden

of persuasion because its allegations do not create a genuine issue of material fact whether

Honeywell suppressed or concealed its prior reduction to practice of the '817 patent.

Patent case law has consistently made a distinction between the two types of suppression

and concealment: intentional and legally inferred.  *Fujikawa v. Wattanasin*, 93 F.3d 1559, 1567

(Fed. Cir. 1996).  Solvay ignores this distinction.  Solvay accuses Honeywell of "*intentionally*

suppressing or concealing its Buffalo work for commercial reasons."  (Solvay's Opening Br. at

6).  In support of its argument, Solvay offers *Young v. Dworkin*, 489 F.2d 1277 (Cust. & Pat.

App. 1974), and *Lutzker v. Plet*, 843 F.2d 1364 (Fed. Cir. 1988).  But neither case supports the

theory on which Solvay bases its contention - i.e., intentional vs. legally inferred.

In *Young*, the court found that a 27-month delay between reduction to practice and filing the patent application was unreasonable, which provided "a basis for inferring an intent to suppress" that was not excused by the surrounding circumstances. *Young v. Dworkin*, 489 F.2d 1277, 1281, 1281 fn.3 (Cust. & Pat. App. 1974). In *Lutzker*, the court found that the delay of 51-months from reduction to practice to the first public disclosure of the invention was "unreasonably long and sufficient to give rise to an inference of an intent to abandon, suppress, or conceal the invention." *Lutzker v. Plet*, 843 F.2d 1364, 1367 (Fed. Cir. 1988). Thus, both *Young* and *Lutzker* analyze the facts under a theory of legally inferred suppression. *Young v. Dworkin*, 489 F.2d 1277, 1281, 1281 n.3 (Cust. & Pat. App. 1974); *Lutzker v. Plet*, 843 F.2d 1364, 1367 (Fed. Cir. 1988). It was only after deciding that the 27-month and 51-month delays were "unreasonably long" that the court engaged in an analysis as to whether each delay evidenced inferred suppression.                                        REDACTED


                                REDACTED

       Discounting                    REDACTED                         there was no delay at all.

Additionally, Solvay presents no evidence that Honeywell, "after the invention described in the ('706) patent application *was perfected*," partook in "activities directed solely toward commercialization of the perfected invention," as the law in its brief requires. (Solvay's Opening Br. at 7 (emphasis added)). After finding first that there was an unreasonable delay, the Lutzker court did not excuse the delay because "none of [the] activities were reflected in his patent application." *Lutzker,* 843 F.2d at 1368. Here, Honeywell's activities, namely building and operating its pilot plant, were reflected in the '706 patent application. (Ex. 33, '706 Patent at Example 1). Honeywell immediately drafted and filed the '706 patent's application, which

disclosed its prior reduction of practice to the public, after its first successful pilot run of the invention.

## VI.    CONCLUSION

Solvay has no reasonable basis to accuse Honeywell of suppressing its prior invention of the '817 patent's "improvement." Its allegations are unreasonable, unsupported, and in any event, insufficient as a matter of law. The undisputed evidence demonstrates that, as a matter of law, Honeywell did not delay in disclosing to the public its prior reduction to practice. Instead, Honeywell worked diligently to refine a patent application that disclosed to the public an "integrated manufacturing process." Solvay has not met and cannot meet its burden. Solvay's Motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
OF COUNSEL:                               Wilmington, DE 19899-1347
(302) 658-9200
Robert G. Krupka, P.C.                     tgrimm@mnat.com
Laura M. Burson                           bschladweiler@mnat.com
KIRKLAND & ELLIS LLP                        *Attorneys for Defendants*
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

March 17, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 24, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY E-MAIL

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314


*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com