IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-557-SLR |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO SOLVAY'S
MOTION FOR SUMMARY JUDGMENT ON HONEYWELL'S
SEVENTH AFFIRMATIVE DEFENSE OF
LACHES, EQUITABLE ESTOPPEL AND PROSECUTION LACHES**

<div style="margin-left:50%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendants*

</div>

*OF COUNSEL:*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: March 17, 2008

Public Version Filed: March 24, 2008

## TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................ 2

III.    SUMMARY OF ARGUMENT .................................................................................... 2

IV.     STATEMENT OF FACTS.......................................................................................... 3

V.      ARGUMENT.............................................................................................................. 6

        A.      Summary Judgment Standard. ....................................................................... 6

        B.      Equitable Estoppel Standard. ........................................................................ 7

        C.      The Evidence Shows That Honeywell Has A Valid Equitable Estoppel

                Defense. ........................................................................................................ 8

                1.      Solvay Acted In A Misleading Manner By Its Silence And

                        Inaction.............................................................................................. 8

                2.      Solvay's Silence And Inaction Is Not Excused By Its Alleged

                        Limited Knowledge Regarding Honeywell's Process. ........................ 11

                3.      Honeywell Relied On Solvay's Misleading Silence And Inaction.......... 12

                4.      Honeywell Has Been Materially Prejudiced by Solvay's Silence

                        and Inaction. ..................................................................................... 14

VI.     CONCLUSION........................................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) ............................................................ passim

*ABB Robotics, Inc. v. GMF Robotics Corp.*,
    52 F.3d 1062 (Fed. Cir. 1995) ........................................................12, 14, 15

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 ................................................................................................. 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................... 7

*Giese v. Pierce Chem. Co.*,
    29 F. Supp. 2d 33 (D. Mass. 1998) ............................................................. 8

*Horowitz v. Fed Kemper Life Assurance Co.*,
    57 F.3d 300 (3d Cir. 1995) .......................................................................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ..................................................................................... 7

*McKesson Information Solutions LLC v. Trizetto Group, Inc.*,
    426 F. Supp. 2d 203 (D. Del. 2006) ........................................................... 8

*Online Policy Group v. Diebold, Inc.*,
    337 F. Supp. 2d 1195 (N.D. Cal. 2004) ...................................................... 7

*Pennsylvania Coal Ass'n v. Babbitt*,
    63 F.3d 231 (3d Cir. 1995) .......................................................................... 7

*Rambus v. Infineon*,
    326 F. Supp. 2d 721 (E.D. Va. 2004) ......................................................... 8

*Scholle Corp. v. Blackhawk Molding Co.*,
    133 F.3d 1469 (Fed. Cir. 1998) ......................................................8, 12, 13

*Stryker Corp. v. Zimmer, Inc.*,
    741 F. Supp. 509 (D. N.J. 1990) ................................................................ 9

*U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.*,
    505 F.3d 1371 (Fed. Cir. 2007) .................................................................. 7

## <u>TABLE OF AUTHORITIES (continued)</u>

*Wanlass v. General Electric Co.*,
    148 F.3d 1334 (Fed. Cir. 1998) ..................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 56 .................................................................................................................... 6

## I.    INTRODUCTION

Honeywell respectfully requests that this Court deny Solvay's Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense of Equitable Estoppel and, instead, grant Honeywell summary judgment on equitable estoppel because the undisputed facts support Honeywell's equitable estoppel defense under the governing law. Based upon the facts as Honeywell understands them thus far in this case, Honeywell will not be asserting the equitable defenses of laches and prosecution history laches, but reserves the right to do so should it become aware of additional evidence supporting these defenses.

Contrary to Solvay's assertions, Solvay's silence and inaction regarding U.S. Patent No. 6,730,817 ("the '817 Patent")                     REDACTED

REDACTED

– substantiate Honeywell's

equitable estoppel defense.                     REDACTED


Honeywell detrimentally relied on Solvay's silent assurance that it would not enforce its U.S. patent,                     REDACTED

Solvay provides no legitimate factual or legal basis rebutting Honeywell's equitable estoppel defense and, furthermore, fails to meet its burden of showing that there are no genuine issues of material fact for trial. The evidence of Solvay's misleading conduct and silence, coupled with Honeywell's reasonable reliance and likelihood of being materially harmed should Solvay be allowed to assert the '817 Patent at this late date requires, at a minimum, a trial of Honeywell's equitable estoppel defense.

This Court should, therefore, deny Solvay's Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense of Equitable Estoppel.

1

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Solvay filed its Complaint on September 7, 2006, accusing Honeywell of infringing the

'817 Patent.  (D.I. 1).  Honeywell filed an Answer and Counterclaims on October 23, 2006 for

noninfringement, invalidity, and inequitable conduct.  (D.I. 9).  Solvay filed an Answer to

Honeywell's Counterclaims on November 13, 2006.  (D.I. 13).  Both fact and expert discovery

are now closed in this case.  Trial is set for July 28, 2008.  (D.I. 20).

On February 18, 2008, Solvay filed a Motion for Summary Judgment on Honeywell's

Seventh Affirmative Defense of Laches, Equitable Estoppel and Prosecution Laches.  (D.I. 125).

This is Honeywell's brief in opposition to Solvay's motion.

## III.    SUMMARY OF ARGUMENT

Solvay is not entitled to judgment as a matter of law on Honeywell's defense of equitable

estoppel because there is evidence from which a reasonable jury could decide that Solvay's

<div align="center">REDACTED</div>

<div align="center">REDACTED</div>

(1) lulled Honeywell into believing that Solvay did not intend to press an infringement claim

against Honeywell; (2) caused Honeywell to change its economic position   REDACTED

REDACTED                                ; and (3) resulted in

harm to Honeywell.  Consequently,

1) at a minimum, genuine issues of material fact prevent Solvay from obtaining summary

judgment as a matter of law;

or, in the alternative,

2) the undisputed record entitles Honeywell to summary judgment instead.

<div align="center">2</div>

## IV.    STATEMENT OF FACTS

Solvay manufactures and sells the fluorocarbon HFC-365mfc in Europe and other parts of the world, but not in North America.[1]  (Ex. 53, Sept. 4, 2001 Article, HON0013468;

REDACTED                        Honeywell manufactures and sells the

fluorocarbon HFC-245fa in the United States, Canada, Europe, and other parts of the world.  (Ex.

54, April/May 2006 Article at S0008990).                    REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

---

[1]    All Exhibits are attached to the Appendix to Honeywell International Inc.'s Oppositions to Solvay's February 18, 2008 Motions for Summary Judgment, filed and submitted concurrently herewith.

REDACTED

REDACTED

REDACTED

Solvay applied for the '817 Patent on June 8, 1998. (Ex. 56, June 8, 1998 Notification of Acceptance of '817 Patent Application). On March 17, 2003, the United States Patent and Trademark Office ("PTO") sent Solvay a Notice of Allowance for the '817 Patent. (Ex. 19, March 17, 2003 Notice of Allowance).        REDACTED

REDACTED        Solvay never told Honeywell that it needed a license under

Solvay's soon-to-issue patent,        REDACTED

REDACTED

4

REDACTED


In 2003, Solvay was experiencing difficulties producing HFC-365mfc at its plant in

Tavaux, France –                                        REDACTED

                                        Ex. 74, April/May 2006 Article at S0008992).

                        REDACTED


The '817 Patent issued on May 4, 2004.  (Ex. 31, '817 Patent).          REDACTED          ,

                        REDACTED


                                        Even after the '817 Patent issued in 2004,

Solvay still did not tell Honeywell that it needed a license under the '817 Patent.   REDACTED

                        REDACTED

5

REDACTED

Solvay was careful not to allege infringement until three years after it received notice of the allowance of the '817 Patent,                           REDACTED

It was, therefore, not until September 7, 2006 that Solvay filed suit against Honeywell for infringement of the '817 Patent. (Ex. 1, Sept. 7, 2006 Complaint for Patent Infringement).

During Solvay's years of silence - three years from the PTO's notice of allowance of the '817 Patent and two years from when the '817 Patent issued -                           REDACTED

REDACTED

**V.    ARGUMENT**

**A.    Summary Judgment Standard.**

Summary judgment is appropriate *only* when "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *U.S. Philips Corp. v. Iwasaki*

*Elec. Co. Ltd.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007); *see also* Fed. R. Civ. P. 56(c).  Solvay, as

the moving party, bears the burden of proving that no genuine issue of material fact exists as to

Honeywell's equitable estoppel defense, which it fails to do.  *See Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The Third Circuit defines "material" facts

as those "that could alter the outcome" and "genuine issues" as those where "evidence exists

from which a rational person could conclude that the position of the person with the burden of

proof on the disputed issue is correct."  *Horowitz v. Fed Kemper Life Assurance Co.*, 57 F.3d

300, 302 n.1 (3d Cir. 1995) (referencing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248)

(1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986)).

   "Summary judgment thus is not appropriate if the nonmoving party presents evidence

from which a reasonable jury could resolve the material issue in his or her favor." *Online Policy*

*Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004).  The Court's function is

not to "weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  In deciding whether such a genuine

issue exists, the Court must view the evidence in the light most favorable to the nonmovant and

draw all reasonable inferences in that party's favor.  *See id.* at 255; *Pennsylvania Coal Ass'n v.*

*Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### B.    Equitable Estoppel Standard.

   Equitable estoppel is an absolute bar to a claim of patent infringement.  *A.C. Aukerman*

*Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).  A patentee will be

equitably estopped from asserting a claim of patent infringement where:   (1) "the patentee,

through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does

not intend to enforce its patent against the alleged infringer"; (2) "the alleged infringer relies on

that conduct"; and (3) "[d]ue to its reliance, the alleged infringer will be materially prejudiced if

the patentee is allowed to proceed with its claim." *A.C. Auckerman*, 960 F.2d at 1028; *accord Scholle Corp. v. Blackhawk Molding Co., Inc.*, 133 F.3d 1469, 1471 (Fed. Cir. 1998) (affirming summary judgment of equitable estoppel barring patentee from asserting patent infringement claims); *accord McKesson Information Solutions LLC v. Trizetto Group, Inc.*, 426 F. Supp. 2d 203, 210 (D. Del. 2006). "[E]quitable estoppel is not limited to a particular factual situation nor subject to resolution by simple or hard and fast rules." *A.C. Aukerman*, 960 F.2d at 1041.

### C. The Evidence Shows That Honeywell Has A Valid Equitable Estoppel Defense.

Substantial evidence exists supporting Honeywell's equitable estoppel defense. At a minimum, the evidentiary record demonstrates factual questions concerning the elements of equitable estoppel: (1) whether Solvay communicated "something in a misleading way, either by words, conduct or silence"; (2) whether Honeywell relied on the misleading communication; and (3) whether Honeywell would be materially harmed if Solvay is "later permitted to assert any claim inconsistent with [its] earlier conduct." *A.C. Aukerman*, 960 F.2d at 1041.

### 1. Solvay Acted In A Misleading Manner By Its Silence And Inaction.

Solvay's                                    REDACTED

                          REDACTED

, misled Honeywell into believing that it would not be sued in the United States. Misleading conduct can be established if, through the parties' course of dealings, the alleged infringer is led to believe they would not be disturbed in their activities. *See A.C. Aukerman*, 960 F.2d at 1042; *Scholle*, 133 F.3d at 1472; *Rambus v. Infineon*, 326 F. Supp. 2d 721, 734 (E.D. Va. 2004). The law provides that a plaintiff's misleading *inaction* may constitute a misleading communication for purposes of equitable estoppel. *See A.C. Aukerman*, 960 F.2d at 1042. This is particularly true when the plaintiff's

inaction occurs "with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." *Id.* Indeed, "misleading conduct of the worst order" may be found when a plaintiff does nothing over a period of years but lies in wait and silence until it believes there is an opportune time to sue:

> A patentee who, with knowledge of the alleged infringing activity, does nothing over a period of years other than mislead a purported infringer and those who have gone before to believe that there was and is no problem, lying in wait until . . . it has become 'commercially and economically worthwhile' to do something . . . has engaged in affirmatively misleading silence of the worst order and should not be insulated merely because, for whatever reason, it did not articulate a threat or assert a right but, rather, chose to mislead from day one.

*Stryker Corp. v. Zimmer, Inc.*, 741 F. Supp. 509, 514 (D. N.J. 1990). Honeywell, however, need *not* prove that Solvay *intended* to mislead Honeywell. *See A.C. Aukerman Co.*, 960 F.2d at 1043. Of course, if there is evidence of Solvay's intent to mislead, this weighs in favor of applying equitable estoppel. *See id.* at 1044 n.18.

<div align="center">REDACTED</div>

REDACTED

Although Solvay was notified by the PTO of the '817 Patent's allowance on March 17,

2003,                                    REDACTED

                                  Solvay failed to advise Honeywell that it thought

Honeywell needed a license under the '817 Patent –          REDACTED

                    REDACTED

                                                                        .

(Ex. 19, March 17, 2003 Notice of Allowance).          REDACTED

Solvay, however, was facing a shortage of HFC-365mfc          REDACTED

                    REDACTED

                                                ; Ex. 54, April/May 2006

Article at S0008992).                    REDACTED

10

REDACTED

REDACTED

REDACTED

2.    **Solvay's Silence And Inaction Is Not Excused By Its Alleged Limited Knowledge Regarding Honeywell's Process.**

Solvay's delay is not excused by its claim that it was unaware of the specifics of Honeywell's process for making HFC-245fa during its two to three years of silence and inaction. *See Wanlass v. General Electric Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998). REDACTED

REDACTED

In fact, Solvay's excuse is belied by its own actions in bringing this lawsuit. When Solvay sued Honeywell on September 6, 2006 it did so without *any* "actual knowledge of Honyewell's secret process," REDACTED

11

REDACTED

At a minimum, these facts raise a material factual issue as to whether Solvay misled Honeywell into believing that it did not intend to sue under the '817 Patent. Certainly, a reasonable jury could conclude that Solvay's silence and inaction were misleading. *See Scholle*, 133 F.3d at 1473 (stating that "given misleading conduct, there is no reason why equitable estoppel could not arise in three-and-a-half years or even sooner").

### 3.     Honeywell Relied On Solvay's Misleading Silence And Inaction.

Reliance is demonstrated by a "relationship or communication with the plaintiff which lulls the [alleged] infringer into a sense of security in going ahead with [their business]." *A.C. Aukerman*, 960 F.2d at 1043; *see also ABB Robotics, Inc. v. GMF Robotics Corp.*, 52 F.3d 1062, 1064 (Fed. Cir. 1995) (alleged infringer "had a relationship with [patentee] that lulled [alleged infringer] into a sense of security that it would not be sued").     REDACTED

With Solvay's silent assurance, Honeywell not only continued to make HFC-245fa using the alleged infringing process,                                    REDACTED

REDACTED


*See, e.g., A.C. Aukerman*, 960 F.2d at 1042-43 (stating that the "accused infringer must show that, in fact, it substantially relied on the misleading conduct of the patentee in connection with taking some action"); *Scholle*, 133 F.3d at 1471, 1473 (finding reliance based upon silence regarding infringement where sales of infringing products grew from under one million to over thirty-one million).                          REDACTED

Indeed, lulled into a belief that Solvay was not going to enforce the '817 Patent against it, during Solvay's two- to three-year period of silence and inaction,          REDACTED

REDACTED


REDACTED

But Solvay's misleading conduct is not excused where Honeywell was denied the opportunity to pursue alternatives or seek resolution of

13

disputed infringement claims before its potential liability significantly increased – all due to Solvay's about-face on its infringement views of Honeywell's process. *See, e.g., ABB Robotics, Inc.*, 52 F.3d at 1062 (finding misleading conduct where alleged infringer denied infringement and patentee did not raise infringement issues until filing suit). The evidence, as cited above, shows that Honeywell relied on Solvay's misleading conduct. At a minimum, there are genuine issues of material fact as to whether Honeywell relied on Solvay's misleading silence and inaction to its detriment.

4.      **Honeywell Has Been Materially Prejudiced by Solvay's Silence and Inaction.**

Because Solvay failed to indicate to Honeywell in a timely fashion that it infringed Solvay's '817 Patent, Honeywell has suffered economic prejudice. The material or economic prejudice caused by Solvay's silence constitutes Honeywell's "change of economic position," *A.C. Aukerman*, 960 F.2d at 1043,                    REDACTED

REDACTED

REDACTED                                              Therefore, if found to

infringe, Honeywell "will suffer the loss of monetary investments or incur damages which likely

would have been prevented by earlier suit." *A.C. Aukerman*, 960 F.2d at 1033.  Honeywell's

material prejudice is precisely the type necessary to show equitable estoppel.  *See, e.g., ABB

Robotics, Inc.*, 52 F.3d at 1065 (finding economic prejudice resulting from a threefold expansion

in allegedly infringing activity).

## VI.    CONCLUSION

Solvay has not shown that there are no genuine issues of material fact or that Honeywell

cannot prevail on its equitable estoppel defense.  Indeed, Honeywell's equitable estoppel defense

is more than adequately supported with evidence under the governing law.  Accordingly, and for

all the reasons stated above, Honeywell respectfully requests that this Court deny Solvay's

Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense of Equitable

Estoppel.  In the alternative, Honeywell asks this Court to grant summary judgment of equitable

estoppel in Honeywell's favor.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
  *Attorneys for Defendants*

*OF COUNSEL:*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

March 17, 2008

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on March 24, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### <u>BY E-MAIL</u>

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
Aarti Shah, Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com