IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., | ) |
|     Plaintiff and Counterclaim Defendant, | ) ) ) ) |
| v. | ) ) C.A. No. 06-557-SLR |
| HONEYWELL SPECIALTY MATERIALS, LLC and HONEYWELL INTERNATIONAL INC., | ) ) PUBLIC VERSION ) ) |
|     Defendant and Counterclaim Plaintiff. | ) ) ) ) |

**HONEYWELL INTERNATIONAL INC.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: March 28, 2008
Public Version Filed: April 4, 2008

# TABLE OF CONTENTS

                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ............................................................................................................ 1

II.    ARGUMENT .................................................................................................................... 2

        A.    Solvay's Disclaimer    REDACTED    During the '817 Patent's Prosecution History Trumps Its Infringement Arguments ................. 2

        B.    Honeywell's Construction Would Not Limit the Claims to "Practical Impossibilities." ................................................................................................ 4

        C.    Honeywell's Construction Is Consistent With Solvay's Use Of The Term "comprising" In Claim 12. ................................................................................. 6

        D.    Honeywell's Process Does Not Infringe    REDACTED ............................................................. 7

                1.    REDACTED ...................... 7

                2.    REDACTED ............. 8

        E.    Even If There Are Issues Of Fact Concerning The REDACTED Summary Judgment For Honeywell Is Still Appropriate. ............................................................................................................. 10

        F.    Honeywell's Process Does Not Infringe Any Asserted Claim Under The Doctrine Of Equivalents. ................................................................................ 11

III.    CONCLUSION .............................................................................................................. 12

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abbott Labs. v. Novopharm Ltd.*,
    323 F.3d 1324 (Fed. Cir. 2003)..................................................................................7

*Biagro Western Sales, Inc. v. Grow More, Inc.*,
    423 F.3d 1296 (Fed. Cir. 2005).............................................................................11, 12

*Elkay Mfg. Co. v. Ebco Mfg. Co.*,
    192 F.3d 973 (Fed. Cir. 1999)..................................................................................12

*Free Motion Fitness, Inc. v. Cybex Intern., Inc.*,
    423 F.3d 1343 (Fed. Cir. 2005)..................................................................................6

*Norian Corp. v. Stryker Corp.*,
    432 F.3d 1356 (Fed. Cir. 2005)................................................................................12

*Omega Eng'g., Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003)..................................................................................3

*Phillips v. AWH Corp.*,
    415 F. 3d 1303 (Fed. Cir. 2005).............................................................................2, 6

*Southwall Tech., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995)....................................................................................3

*Talbert Fuel Systems Patents Co. v. Unocal Corp.*,
    275 F.3d 1371 (Fed. Cir. 2002)..................................................................................6

*ZMI Corp. v. Cardiac Resuscitator Corp.*,
    844 F.2d 1576 (Fed. Cir. 1988)..................................................................................3

I.  **INTRODUCTION**

This Reply Brief supports Honeywell's Motion for Summary Judgment of Noninfringement [D.I. 132] and responds to Solvay's Opposition [D.I. 169] to the extent not addressed in Honeywell's Opening Brief [D.I. 133].

Solvay's Opposition to Honeywell's Motion for Summary Judgment of Noninfringement confirms that there are no issues of fact that preclude judgment as a matter of law. The only issue of fact Solvay alleges relates              REDACTED              That alleged issue does not preclude judgment as a matter of law with respect to   REDACTED
REDACTED


Solvay opposes Honeywell's motion largely by incorporating and summarizing arguments in its Responsive Claim Construction Brief. Each of Solvay's arguments is flawed and inadequate to preclude summary judgment. Notably:

1.  Solvay's claim construction arguments, incorporated in its opposition, ignore Solvay's express disclaimer in the prosecution history           REDACTED
    REDACTED      Solvay's only argument against this disclaimer depends on an extrinsic, irrelevant, lay opinion based on a technical premise proved incorrect by Solvay's own experts' testimony.

2.  Honeywell's proper construction of the           REDACTED
REDACTED  limitation does not result in claims 1 and 12 covering only "practical impossibilities."

3.  Honeywell's construction is consistent with Solvay's use of the term "comprising" in claim 12.

4.  Solvay's argument that the term           REDACTED
                        REDACTED
    is not supported by the intrinsic record.

1

5.  In any event, Honeywell's process does not    REDACTED
even under Solvay's proposed definition because it is undisputed that    REDACTED
REDACTED

6.  Even if there are issues of fact concerning the    REDACTED
summary judgment for Honeywell is still appropriate.

7.  Honeywell's process does not infringe any asserted claim under the doctrine of equivalents.

Given that all arguments in Solvay's Opposition, which primarily relate to claim construction, are insufficient to raise an issue of material fact, this Court should grant Honeywell summary judgment of noninfringement of all asserted claims.

## II.  ARGUMENT

The parties agree    REDACTED
REDACTED    However, Solvay's Opposition has introduced new arguments which Honeywell addresses in this reply.

### A.  Solvay's Disclaimer   REDACTED   During the '817 Patent's Prosecution History Trumps Its Infringement Arguments.

Solvay argues in its answering brief that "Honeywell's proposed claim interpretation . . . is inconsistent within the context of the claims; and/or . . . is contrary to the specification of the '817 patent." [D.I. 169; Solvay's Opposition Br. at 1]. Honeywell fully refutes these statements in its Opening and Responsive Claim Construction Briefs. [D.I. 137; D.I. 174].

Notably absent from Solvay's argument is any acknowledgment of the '817 patent's prosecution history. *See Phillips v. AWH Corp.*, 415 F. 3d 1303, 1317 (Fed. Cir. 2005) ("the prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and *whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.*") (emphasis added).

As set forth in Honeywell's Claim Construction Briefing, Solvay broadly disclaimed any embodiment "taught" or "suggested" by Honeywell's '192 patent. [*See* D.I. 137 at 17-18; D.I. 174 at 5-6]. Thus, regardless of whatever may be the plain and ordinary meaning of the '817 patent's claims, Solvay's disclaimer of claim scope made during prosecution of the patent means that it may not cover              REDACTED

[Exh. 5, '192 patent,       REDACTED       *Omega Eng'g., Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ("where the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and *narrows the ordinary meaning of the claim congruent with the scope of the surrender*.") (emphasis added); *ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1580 (Fed. Cir. 1988) (prosecution history is consulted when construing a claim to "exclude any interpretation that was disclaimed during prosecution."); *Southwall Tech., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) (claims should not be construed one way in order to obtain allowance and in a different way against accused infringers).

Solvay's only response to its prosecution history disclaimer is a statement by an independent patent attorney while he was prosecuting a patent on behalf of Honeywell. The attorney, not one of skill in the art[2], stated that the '192 patent did not disclose removing HCl as a part of a reaction that included continuous addition of chlorine. [D.I. 170 at 5]. As explained in Honeywell's Responsive Claim Construction Brief, this attorney did not sufficiently understand the chemical reaction at issue when he made that erroneous statement. In fact, *any*

---

[1]   All Exhibits are attached to the Appendix to Honeywell International Inc.'s Reply Briefs, filed and submitted concurrently herewith.

[2]   The statement Solvay uses to avoid its disclaimer of claim scope was made by Richard Roberts, an independent patent prosecuting attorney who was prosecuting a patent, which at that time was assigned to Honeywell International. It was an argument in response to an examiner's rejection which Honeywell later retracted. Honeywell has also disclaimed the entire term of the granted patent. [*See* fn 3, *infra*].

*time* HFC-245fa product is vented during the reaction, HCl gas necessarily must accompany the HFC-245fa gas because HCl is the most volatile product.

Indeed, Solvay's own experts acknowledge that the basis of the attorney's statement is incorrect because *any* embodiment where HFC-245fa is removed also "for sure" includes the removal of HCl because HCl is "the most volatile" product and therefore would *necessarily* vent off as a gas when any other product -- including HFC-245fa -- was vented off as a gas. [S*ee* D.I. 174 at 5, fn 1]. Solvay's own experts' admissions speak powerfully and tell the Court that "a continuous fluorination process," which is disclosed in the '192 patent, includes "continuous product coming out the other end,"[3] that necessarily includes HCl. The admittedly erroneous statement of the layperson lawyer has been disclaimed and resulted in the forfeiture of the '839 patent; it should not be credited in the face of undisputed contrary evidence by those who *are* skilled in the art.[4]

Accordingly, Solvay's clear and broad disclaimer "narrow[s] the claim congruent with the scope of the surrender," REDACTED

### B.   Honeywell's Construction Would Not Limit the Claims to "Practical Impossibilities."

Solvay complains in its opposition that under the claim construction that is consistent with its own representations made during prosecution, "the '817 patent claims would have negligible scope" and be limited to "practical impossibilities." [D.I. 169; Solvay's Opposition

---

[3]   *See* D.I. 174; Honeywell's Responsive Claim Construction Br. at 4-5.

[4]   Upon learning of this incorrect statement, which was made to support the patentability of U.S. Patent 7,215,839, Honeywell promptly notified the Patent Office of the error, and dedicated its patent to the public. [Exh. 11, Honeywell's Disclaimer of '839 Patent; (HON0033987 - HON0033991)].

4

Br. at 1, 3]. Apparently the alleged practical impossibility Solvay refers to is isolating by drawing off only HFC-245fa and HCl from the reaction mixture.

This, however, is not true. As Honeywell's expert Dr. Michael Doherty set forth during his deposition, there is a known method of "isolating [HFC-245fa] from the reaction mixture" where **only** HCl and HFC-245fa are vented as a gas. The method uses "the common trick" of feeding reactants at stoichiometric amounts -- in the reaction here, that would mean feeding 5 moles of HF per 1 mole of HFC-245fa:

> Q. Does the '192 patent teach how to purify?
>
> A. The '192 patent states that you can use distillation to remove. And distillation is well known if one designs it for this particular case, is well known to allow for purification or isolation to very, very high levels of purity, yes.

REDACTED

REDACTED

> Q. Does the '192 patent teach those methods?
>
> A. Yes, it does . . .

[Exh. 16, Dec. 18, 2008 Deposition of Dr. Michael Doherty 215:2 - 216:6].

Thus, Solvay's argument that          REDACTED
results in a "practical impossibility" is incorrect. Solvay neither provides nor incorporates any further evidence in its Opposition that Honeywell's construction results in claims requiring a "practical impossibilit[y]." And Solvay cannot point to the '817 patent specification for support

because it does not provide any examples of a continuous process. [Exh. 12, Dec. 14, 2007 Deposition of Dr. Stanley Sandler, 210:21-23; Exh. 2, Jan. 3, 2008 Deposition of Dr. William Dolbier 129:2-14].

In addition to an incorrect scientific basis, Solvay's argument is premised on outdated legal support. Solvay states that a construction which makes a claim inoperable "should be viewed with extreme skepticism." [D.I. 170 at 8; *citing Talbert Fuel Systems Patents Co. v. Unocal Corp.*, 275 F.3d 1371, 1376 (Fed. Cir. 2002)]. The applicable law currently, as enunciated by the Federal Circuit in *Phillips*, is that a claim should only be construed to preserve its validity when, "after applying all available tools of claim construction, the claim is still ambiguous." *Free Motion Fitness, Inc. v. Cybex Intern., Inc.*, 423 F.3d 1343, 1349 fn. 4 (Fed. Cir. 2005) citing *Phillips*, 415 F.3d at 1327. Hence, if there is no ambiguity after applying the proper tools -- whereas here -- the court should not reject the construction to preserve the claim's validity even if the construction renders the claim inoperable. Notably, even in the case that Solvay cites, to support its position, the "[patentee] did not demonstrate inoperability" based on the defendant's proposed claim construction. *Talbert*, 275 F.3d at 1376.

### C. Honeywell's Construction Is Consistent With Solvay's Use Of The Term "comprising" In Claim 12.

Contrary to Solvay's assertions, Honeywell's construction is consistent with the use of the term "comprising" in claim 12. Honeywell construes the term "isolating [HFC-245fa] from the reaction mixture" to have the same meaning in claims 1 and 12. Under both claims 1 and 12, in order for HFC-245fa to be isolated from the reaction mixture, REDACTED REDACTED "Isolating" is the operative limitation REDACTED

REDACTED

REDACTED

While Solvay would like to focus exclusively on the term "comprising," it ignores that the claim also explicitly requires "isolating HFC-245fa from the reaction mixture." REDACTED

REDACTED

Even an expansive definition of the term "comprising" cannot vitiate the "isolating" limitation which follows. *See*, *e.g.*, *Abbott Labs. v. Novopharm Ltd.*, 323 F.3d 1324, 1331 (Fed. Cir. 2003).

### D. Honeywell's Process Does Not Infringe Claim 12's REDACTED Limitation.

Solvay incorporates by reference its Responsive Claim Construction Brief to support its argument that Honeywell's construction of the claim 12 limitation REDACTED REDACTED "baseless." [Solvay's Opposition, D.I. 169 at 3]. Solvay argues instead that REDACTED [*Id*. at 4].

#### 1. REDACTED REDACTED as Solvay argues in its Opposition.

Tellingly, Solvay mouths the words in its incorporated Responsive Claim Construction Brief that it relies on the "intrinsic evidence" to support its position that REDACTED when, in fact, Solvay relies almost exclusively on extrinsic statements to support its argument. [D.I. 170 at 9-11]. The sole *intrinsic* passage Solvay cites is the same passage on which Honeywell relies to show REDACTED [Honeywell's Opening Claim Construction Brief; D.I. 137 at 21]. Without rehashing arguments covered in prior briefs, Honeywell notes that Solvay has not pointed to any evidence, or offered any explanation, why its specification explicitly states REDACTED In contrast, Honeywell shows why: the prior art '192 patent explicitly discloses REDACTED

7

REDACTED   and, as explained in Honeywell's Opening and Responsive Claim Construction Briefs, Solvay disclaimed this, and any embodiment "taught" or "suggested" by the '192 patent. [D.I. 137 at 17-18; D.I. 174 at 5-7; Exh. 5, '192 Patent,   REDACTED

Thus, all of the *intrinsic* evidence shows that   REDACTED

REDACTED

consistent with the specification and Solvay's explicit disclaimers during prosecution. [Exh. 15, '817 Patent, col. 6 lns. 27 - 30; Honeywell's Opening Claim Construction Brief; D.I. 137 at 21].

### 2. Honeywell's process does not infringe claim 12   REDACTED
REDACTED

Furthermore, even if the Court were to accept Solvay's arguments and ignore its disclaimer of scope during prosecution and its dedication to the public in its specification, Honeywell's process does not   REDACTED

REDACTED

To support its argument, Solvay selectively and incompletely cites the deposition testimony   REDACTED   Solvay argues   REDACTED

REDACTED

First, Solvay incompletely quotes and paraphrases the deposition testimony   REDACTED
REDACTED   Solvay states   REDACTED

REDACTED

This statement is incorrect and misleading.   REDACTED

REDACTED

Solvay ignores this crucial detail.

8

Solvay also cites deposition testimony REDACTED
REDACTED Solvay states that "[t]he common usage
REDACTED

REDACTED

Even if the Court were to accept Solvay's argument REDACTED
REDACTED
the limitation still does
not read on Honeywell's process. REDACTED
REDACTED

REDACTED

9

REDACTED

**E.   Even If There Are Issues Of Fact Concerning The**   REDACTED
      **Summary Judgment For Honeywell Is Still Appropriate.**

Solvay's Opposition contends that "a factual issue exists     REDACTED

REDACTED       "[t]hus irrespective of claim construction, a factual dispute

exists."  [D.I. 169 at 4].        REDACTED

To obtain summary judgment of noninfringement, Honeywell need only demonstrate that there is no genuine issue of material fact that Honeywell does not infringe any *single* element of each claim.  Solvay's Opposition has not alleged any factual issues with respect to   REDACTED

REDACTED

Thus, regardless of the alleged factual dispute, Honeywell is entitled to Summary Judgment of Noninfringement        REDACTED

REDACTED

---

5          REDACTED

10

### F. Honeywell's Process Does Not Infringe Any Asserted Claim Under The Doctrine Of Equivalents.

Solvay, for the first time in this litigation, argues a basis for application of the doctrine of equivalents to Honeywell's process. [D.I. 169 at 5]. Notably, during fact and expert discovery Solvay did not provide any explanation regarding the application of the doctrine of equivalents and neither did its infringement expert Dr. Sandler. [*See* Exh. 23, Plaintiff's First Supplemental Response to Honeywell's 13th Interrogatory; Exh. 12, Dec. 14, 2007 Deposition of Dr. Stanley Sandler, 251:16-252-6; Exh. 18, 10/22/07 Expert Report of Dr. Stanley Sandler]. Thus, Solvay is precluded from asserting the application of the doctrine of equivalents because it provided no discovery or expert disclosure concerning any such assertion, and is precluded from offering such an assertion at trial. Even if Solvay were permitted to do so now, its assertion does not preclude summary judgment in Honeywell's favor.

REDACTED

Additionally, prosecution history estoppel applies in this case. It is Solvay's burden to prove, as a matter of law, that when it amended its claims from broadly covering any "[p]rocess for the preparation of [HFC-245fa], according to which [HCC-240fa] is reacted with hydrogen fluoride in the presence of a hydrofluorination catalyst" to their current form which includes the limitation in dispute in claim 12, that "at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent." *Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1305 (Fed. Cir. 2005); [Exh. 24, April 20, 1998 Preliminary Amendment at 1]. REDACTED
REDACTED

*Norian Corp.*

11

*v. Stryker Corp.*, 432 F.3d 1356, 1362 (Fed. Cir. 2005) *citing Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 979 (Fed. Cir. 1999) ("Arguments made during the prosecution of a patent application are given the same weight as claim amendments.").

Besides the single limitation discussed above, Solvay has not raised any factual or legal basis for the application of the doctrine of equivalents, and thus, there is no genuine issue of material fact that it does not apply. *Biagro,* 423 F.3d at 1305 ("we reject [patentee's] argument that at the summary judgment stage the burden is on [the accused infringer] to present undisputed facts showing that [patentee] cannot rebut the *Festo* presumption. The Supreme Court made clear that the patentee bears the burden of rebutting the presumption of surrender.").

### III. CONCLUSION

For the foregoing reasons, together with those set forth in Honeywell's Opening Brief and its claim construction briefing, Honeywell has demonstrated that there are no genuine issues of material fact and its process does not, as a matter of law, read on at least one limitation of each asserted claim. Accordingly, Honeywell is entitled to summary judgment of noninfringement of each asserted claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Suite 3400Los Angeles, CA 90017
(213) 680-8400

March 28, 2008

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on April 4, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt, Esquire
Jean-Paul Lavalleye, Esquire
Barry J. Herman, Esquire
Jeffrey B. McIntyre, Esquire
Michael E. McCabe, Jr., Esquire
John F. Presper, Esquire
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com