## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOLVAY, S.A.                               )
                                           )   C.A. No. 06-557-SLR
        Plaintiff,                  )
                                           )   **JURY TRIAL DEMANDED**
        v.                          )
                                           )   **PUBLIC VERSION**
HONEYWELL SPECIALTY                        )
MATERIALS, LLC and                         )
HONEYWELL INTERNATIONAL INC.,              )
                                           )
        Defendants.                 )

---

## SOLVAY'S REPLY BRIEF IN SUPPORT OF ITS MOTION
## FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER
## 35 U.S.C. §§ 102(g) AND 103 BASED ON COMMERCIAL SUPPRESSION

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: March 28, 2008
Public Version Dated: April 4, 2008
858781 / 30651

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

# TABLE OF CONTENTS

Page

I.    SUMMARY OF ARGUMENT ...................................................................................1

II.   ARGUMENT .........................................................................................................1

A.   Solvay satisfied its burden of producing evidence that Honeywell
suppressed or concealed its ▉▉▉ work by intentionally delaying
preparation and filing of the '706 patent.................................................1

B.   Honeywell's assertion that its "reasonable efforts" to commercialize
HFC-245fa are sufficient to demonstrate that Honeywell did not delay
in preparing and filing the '706 patent is legally baseless .....................3

C.   Honeywell's assertion that its work related to building and operating its
pilot plant was on-going until ▉▉▉▉▉▉ and was subsequently
disclosed in the '706 patent is baseless..................................................5

D.   Honeywell's assertion that it did not have a policy of ▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉ is baseless..................................................8

E.   Honeywell's assertion that Solvay's motion is inadequate as a matter
of law is legally baseless .......................................................................10

III.  CONCLUSION......................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                   Page

*Apotex USA, Inc. v. Merck & Co., Inc.,*
    254 F.3d 1031 (Fed. Cir. 2001)...............................................................................2, 3, 10

*Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n,*
    54 F.3d 756 (Fed. Cir. 1995)....................................................................................4

*Dow Chemical Co. v. Astro-Valcour, Inc.,*
    267 F.3d 1334 (Fed. Cir. 2001).............................................................................3, 4

*Lutzker v. Plet,*
    843 F.2d 1364 (Fed. Cir. 1988)............................................................................4, 11

*Novo Nordisk Pharms. Inc. v. Bio-Tech. General Corp.,*
    424 F.3d 1347 (Fed. Cir. 2005)...............................................................................5

*TorPharm, Inc. v. Ranbaxy Pharms., Inc.,*
    336 F.3d 1322 (Fed. Cir. 2003)...............................................................................4

*Young v. Dworkin,*
    489 F.2d 1277 (C.C.P.A. 1974) ...........................................................................4, 11


**Statutes**

35 U.S.C. § 102....................................................................................................4, 12

35 U.S.C. § 102(g) .................................................................................................1, 11

35 U.S.C. § 103.........................................................................................................12

## I.    SUMMARY OF ARGUMENT

In its opposition brief (D.I. 175), Honeywell attempts to defeat Solvay's motion for

summary judgment of no invalidity (D.I. 122) by struggling to manufacture genuine issues of

fact where none exist.  To this end, Honeywell relies upon unsupported or irrelevant factual

assertions, changes its long-standing positions in this case, and misapplies the law to support its

assertions.  Honeywell now baselessly argues that (1) it was "perfecting" the processes of U.S.

patent 5,763,706 ("the '706 patent") during the period ██████████████████████████;

and (2) it did not have a policy of ████████████████████████████████████████

██████████████████████.  However, Honeywell's own assertions/admissions contradict the

statements in Honeywell's opposition brief -- the undisputed facts show that (i) Honeywell's

process for making HFC-245fa ████████ was complete ████████████, (ii) Honeywell had a

policy of ████████████████████████████████████████████████, and (iii) ██

████████████ Honeywell did not believe sufficient commercial value existed to prepare a patent

application describing its ████████ work.  Accordingly, Honeywell's opposition fails to create any

genuine issue of material fact, and Solvay's motion for summary judgment of no invalidity

should be granted.

## II.    ARGUMENT

### A.    Solvay satisfied its burden of producing evidence that Honeywell suppressed or concealed its ████████ work by intentionally delaying preparation and filing of the '706 patent

For purposes of Solvay's motion for summary judgment of no invalidity (D.I. 122),

Solvay assumed *arguendo* that Honeywell "invented" (that is, conceived) the processes claimed

in U.S. Patent No. 6,730,817 (the "'817 patent") as required by 35 U.S.C. § 102(g) before

Solvay's date of invention.  Under such circumstances, Solvay bore the burden of producing

evidence indicating that Honeywell abandoned, suppressed or concealed the invention. *Apotex USA, Inc. v. Merck & Co, Inc.,*, 254 F.3d 1031, 1037 (Fed. Cir. 2001).  However, Solvay's burden "is appropriately limited to one of production, not persuasion, giving due regard to the presumption of validity." *Id.*

As set forth in its motion for summary judgment, Solvay readily satisfied its burden, demonstrating that Honeywell intentionally deferred preparing and filing a patent application describing its ▮▮▮ work because Honeywell did not believe sufficient commercial justification existed for preparing and filing the application in ▮▮▮▮▮.  It was only later, after Honeywell believed that a commercial market would exist for 1,1,1,3,3-pentafluoropropane ("HFC-245fa") as early as ▮▮, that Honeywell began pursuing patent protection.  More specifically, in its opening brief (D.I. 122, at 2-4), Solvay demonstrated that:

- Honeywell's researchers submitted ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮.

- Honeywell's ▮▮▮ work was completed by ▮▮▮▮.

- ▮▮▮▮ Honeywell did not believe that any market for HFC-245fa would exist until ▮▮▮▮.

- Honeywell's policy was to ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮.

- Based on subsequent activities relating to DOE regulations concerning appliance efficiency, Honeywell began to believe, ▮▮▮▮▮ that a commercial market for HFC-245fa might exist ▮▮▮▮.

- ███████████, Honeywell finally began pursuing a patent application related to its ████ work.

Given that Solvay satisfied its burden of production, Honeywell must rebut the demonstrated suppression or concealment with clear and convincing evidence to the contrary. *Apotex*, 254 F.3d at 1038. The ultimate burden of persuasion remains with Honeywell. *Id.* at 1037-38. As explained below, in its opposition brief, Honeywell has not produced any evidence sufficient to rebut, to any degree, the demonstrated suppression or concealment by Honeywell when it intentionally delayed preparing and filing the '706 patent.[1]   Accordingly, Solvay's motion for summary judgment should be granted.

**B.     Honeywell's assertion that its "reasonable efforts" to commercialize HFC-245fa are sufficient to demonstrate that Honeywell did not delay in preparing and filing the '706 patent is legally baseless**

Honeywell asserts that its "reasonable efforts" to commercialize HFC-245fa, by themselves, "are sufficient as a matter of law to rebut any charge of commercial suppression…" (D.I. 175 at 12-15).  This assertion is legally baseless.

In *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334 (Fed. Cir. 2001), the Federal Circuit explained that the required disclosure could occur through filing a patent application *or* through commercialization efforts, and that the framework for such an analysis depended upon which type of disclosure was at issue.

More specifically, the Federal Circuit stated that in cases where disclosure occurs in a patent application, the issue is "whether the prior inventor had abandoned, suppressed, or

---

[1]   As explained in Solvay's opposition to Honeywell's motion for summary judgment of invalidity (D.I. 171), Honeywell did not actually disclose its ████ work in the '706 patent, since the ███████████████. However, for purposes of the present motion, Solvay has assumed that the ████ work was actually disclosed in the '706 patent.

concealed his invention between first making it and filing his patent application." *Dow*, 267 F.3d at 1343.[2]  In such situations, "a long delay between a prior inventor's first reduction to practice and subsequent filing of a patent application may be excused if the inventor worked during that period to improve or perfect the invention disclosed in the patent application [citations omitted], *but if the inventor's activities during that period were directed only to commercialization and were not 'reflected in his patent application,' they could not be excused* [citations omitted]." *Id.* (emphasis added).  Cases representative of this type of situation include *Lutzker v. Plet*, 843 F.2d 1364 (Fed. Cir. 1988) and *Young v. Dworkin*, 489 F.2d 1277 (C.C.P.A. 1974).  *Id.*

The present case is one in which disclosure allegedly occurred through filing a patent application, not through commercialization efforts.[3]  According to *Dow*, commercialization efforts not reflected in the '706 patent are irrelevant.  Thus, Honeywell's argument concerning its commercialization efforts is irrelevant and cannot create a factual dispute to defeat Solvay's motion for summary judgment.

---

[2]   Alternatively, disclosure could occur through commercialization.  *Dow*, 267 F.3d at 1343.  A representative case of this type of situation is *Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*, 54 F.3d 756, 761 (Fed. Cir. 1995).  *Id.*

[3]   The '817 claims are directed to methods of making HFC-245fa.  Because the '817 claims are method claims, invalidating prior art under 35 U.S.C. § 102 must disclose the claimed process steps.  *See TorPharm, Inc. v. Ranbaxy Pharms., Inc.*, 336 F.3d 1322, 1327 (Fed. Cir. 2003).  In other words, Honeywell's mere production and/or sale of HFC-245fa, by itself, would not constitute invalidating prior art.  *Id.*  Honeywell must have publicly disclosed the actual methods of the '817 claims to invalidate these claims.

In response to a 30(b)(6) category requesting "[t]he dates on which any subject matter related to the production of [HFC-245fa] and disclosed in the '706 patent were disclosed to the public,"
████████████████████████████████████████████████████████████████████████████████████████  Thus, the issue raised by the present motion is whether Honeywell can prove by clear and convincing evidence that it did not intentionally delay preparing and filing the '706 patent, the only place where Honeywell allegedly disclosed the processes involved in its ████████ work.

4

C.    **Honeywell's assertion that its work related to building and operating its pilot plant was on-going** ███████████ **and was subsequently disclosed in the '706 patent is baseless**

Honeywell asserts throughout its opposition brief that its activities, "namely building and operating its pilot plant," continued ███████████ and were "reflected" in the '706 patent. Such assertions are unsupported, misleading, and contrary to positions Honeywell has taken throughout this litigation.

First, Honeywell's assertions are unsupported. The fundamental basis of Honeywell's new assertion is that the pilot plant process underwent some material differences between ████

██████████████████████████████████████████████████

████████████████████████, and that this difference is "reflected" in the '706 patent. However, Honeywell provides no evidence whatsoever regarding what these differences are, how the alleged differences were lacking in the pilot plant as of ███████████, what changes were made to the pilot plant process between its completion and its first successful run, and how this difference is reflected in the '706 patent. Rather, Honeywell merely asserts that its first successful run of the pilot plant is "reflected" in ███████████ the '706 patent. (D.I. 175 at 6-7, 9-10).

However, the '706 examples are "prophetic examples" written in the present tense, meaning that these examples were not actually performed. *See, e.g.*, *Novo Nordisk Pharms. Inc. v. Bio-Tech. General Corp.*, 424 F.3d 1347, 1359-61 (Fed. Cir. 2005) (explaining that prophetic examples are those that have not been successfully performed). Indeed, these prophetic examples could not have been performed in ██████ because the examples include an ████

5



████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ Thus, Honeywell's assertion

that the first successful run of the pilot plant is reflected in the '706 examples is baseless since

the '706 examples can not describe the pilot plant. As a matter of law, Honeywell's unsupported

assertions cannot rebut the demonstrated suppression or concealment by Honeywell.

Second, Honeywell's assertions are contrary to the positions Honeywell has taken

throughout this litigation. Honeywell's position has always been that its ████ work related to

HFC-245fa was completed no later than ██████████, and that the success *vel non* of the

pilot plant was irrelevant. For example, in its interrogatory response directed to its ████ work,

Honeywell stated that ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

████████████. Also, Honeywell's technical expert, ████████ asserted that Honeywell's

████ work was completed by ████████████████████████

████████, and based his opinion on Honeywell's finalization of its plans for its HFC-245fa

pilot plant ████████████████████████████████████

████. Now, for the first time, Honeywell asserts that its ████ work was not finalized until

████████, a date conveniently chosen by Honeywell because of its chronological proximity

---

4  ██████████████████████████████████████

██████████████████████████

5  ██████████████████████████████████████

████████████████████

to the date on which Honeywell finally began preparing the '706 patent ▮▮▮▮▮▮. Such

gamesmanship should not be allowed.[6]

    Third, Honeywell's assertions are misleading.  Honeywell states throughout its

opposition brief that the pilot plant was first successfully run in ▮▮▮▮▮▮ and that

Honeywell ▮▮▮▮▮ began preparing the '706 patent in ▮▮▮▮▮.[7]  The clear impression

Honeywell attempts to create is that it did not delay in preparing the '706 patent application.

However, the very document Honeywell cites to support its assertion directly contradicts it, as

the document proves that the pilot plant was first successfully run in ▮▮▮▮▮▮ (D.I.

178, Ex. 42 at HON0033441).[8]

---

[6]  Solvay requested supplementation of Honeywell's response to interrogatory no. 9, noting that "Honeywell's general response does not answer this interrogatory with the requested information." (July 20, 2007 Letter from Solvay's counsel to Honeywell's counsel, attached as Exhibit 2 hereto).  Honeywell refused to supplement its response.  Similarly, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Honeywell should be precluded from changing its positions at this late date, after discovery has been closed for many months, merely because it finds it advantageous do so in an attempt to defeat Solvay's motion for summary judgment.

[7]  For example, Honeywell asserts that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



[8]  Honeywell provides no explanation concerning the gap of patent inactivity between ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮.  This is significant given that in ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Thus, even assuming Honeywell "perfected" the processes of the '706 patent during the first successful run of the pilot plant, such a "fact" would be irrelevant for purposes of the present motion, since such perfection would have

Honeywell has not proffered any credible evidence that it did not "perfect" the processes related to the ███████ work until ████████████. To the contrary, all undisputed facts (and Honeywell's own assertions) demonstrate that Honeywell's research ████████████████████████. Honeywell did not begin preparing its patent application until ████████████. Honeywell's new assertion that it disclosed the invention of the '706 patent to the public ████████████ after "perfecting" the invention is not credible.

**D.    Honeywell's assertion that it did not have a policy of** ████████████████████████████
████████████████████████

It cannot be reasonably disputed that Honeywell had a policy of ████████████████████
████████████████████████████████████████████████. In its opposition brief, Honeywell accuses Solvay of selectively misquoting and mischaracterizing the evidence in this case, and asserts that Honeywell did not have such a policy. (D.I. 175 at 10-15). The evidence cited by Solvay in its opening brief make clear that Honeywell's accusations and assertions are baseless.

Honeywell's ████████████████████ speaks for itself. The form states: ███████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████.

Similarly, ████████████ testimony about the ████████████████████ is clear and unequivocal. In response to a question concerning whether it was Honeywell policy to ███████

─────────────────────────────────────────

occurred at a time when Honeywell believed ████████████████████████████
████████.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████.

The evidence of record establishes Honeywell's policy, namely that it ████████

████████████████████████████████████████████

████████████████████.

In its opposition brief, Honeywell attempts to create a distinction between ████████

████████████████████████████████████████████

████████████████████. However, this is a distinction without a difference. The result

in either case would be a deferral (that is, delayed public disclosure) of the application until

████████████████████████████████ Honeywell's argument is nothing more than

semantics without legal import.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Thus, Honeywell's assertion (D.I. 175 at

13) that the ████████████████████████████████████████████████████

████████████████████████████████████████ is irrelevant.

Honeywell has not proffered any credible evidence that it did not delay the preparation

and filing of the '706 patent until ████████. To the contrary, all undisputed facts demonstrate

that Honeywell deferred preparing and filing the '706 patent because ████████████████████

████████████████████.

### E.     Honeywell's assertion that Solvay's motion is inadequate as a matter of law is legally baseless

Honeywell asserts that Solvay's opening brief is inadequate as a matter of law, asserting

that Solvay did not satisfy its burden of proof and that the period of time over which Honeywell

delayed in preparing the '706 patent was too short. (D.I. 175 at 15-17). Such assertions are

legally baseless.

First, as noted above, Solvay merely bears the burden of producing evidence indicating

that Honeywell may have abandoned, suppressed or concealed the invention, and this burden "is

appropriately limited to one of production, not persuasion, giving due regard to the presumption

of validity." *Apotex*, 254 F.3d at 1037. Solvay has demonstrated that (1) Honeywell's research

████████████████████ (D.I. 122 at 2-3, 7-8); (2) Honeywell had a policy of ████████████

████████████████████████████████████████████████████████████████████████

██████████████; (3) in ████████████ Honeywell believed that a commercial market for HFC-

245fa would not exist ████████████████████ (D.I. 122 at 3, 7-8); and (4) Honeywell did

not begin preparing the '706 patent until ████████ (D.I. 122 at 4, 7-8).

*Solvay has satisfied its burden.* Solvay need not address irrelevant issues related to

Honeywell's commercialization of HFC-245fa to satisfy its burden.

Second, the period of time over which Honeywell delayed the preparation of the application which led to the issuance of the '706 patent is sufficient, as a matter of law, to constitute abandonment, suppression or concealment. As noted in *Young*, "the length of time from reduction to practice to filing of an application for a patent is not determinative. Mere delay, without more, is not sufficient to establish suppression or concealment. However, the warning has been sounded that one who delays filing his application does so at the peril of a finding of suppression or concealment due to the circumstances surrounding the delay." *Young*, 489 F.2d at 1281 (internal citations omitted). Thus, the issue here is the circumstances underlying Honeywell's delay, not the length of the delay.

A policy of ███████████████████████████████████████ is evidence of an intention to suppress or conceal the invention under 35 U.S.C. § 102(g). *Id.*, 1281-82. Specifically, a policy ████████████████████████████████████████ ██████ "constitute[s] more than an inference of suppression or concealment because [such a] deliberate policy not to disclose [the] invention to the public until [the company] is ready to go into commercial production ... is evidence of an intent to suppress or conceal the invention under 35 U.S.C. § 102(g)." *Lutzker*, 843 F.2d at 1367 (citations omitted).

Given Honeywell's policy of ████████████████████████████ ████████████████████████████████, Solvay has presented clear evidence of Honeywell's intent to suppress or conceal its ██████ work from ██████████████████ ██████. Honeywell has not presented any evidence to rebut Solvay's showing.

11

## III.    **CONCLUSION**

For the foregoing reasons as well as the reasons set forth in its opening brief, Solvay is

entitled to a judgment as a matter of law that Honeywell's ▮▮▮▮ work does not constitute prior

art to the '817 patent and, thus, cannot invalidate any of the '817 claims under 35 U.S.C. §§ 102

and 103.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: March 28, 2008
Public Version Dated: April 4, 2008

857783 / 30651

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 4, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on April 4, 2008, the attached document was Electronically Mailed

to the following person(s):

Thomas C. Grimm
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
tgrimm@mnat.com
bschladweiler@mnat.com

Robert G. Krupka
Laura M. Burson
Helen Hong
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
service-solvay@kirkland.com

By: _/s/ David E. Moore_____
      Richard L. Horwitz
      David E. Moore
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE  19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

799366 / 30651

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

**OBLON**

**SPIVAK**

**MCCLELLAND**

**MAIER**
&
**NEUSTADT**
P.C.

ATTORNEYS AT LAW

ARTHUR I. NEUSTADT
(703) 413-3000
ANEUSTADT@OBLON.COM

JEFFREY B. MCINTYRE
(703) 413-3000
JMCINTYRE@OBLON.COM
*BAR OTHER THAN VIRGINIA

July 20, 2007

SENT BY FAX
NO OF PAGES: 3
FAX #: 213-808-8087

Laura M. Burson, Esq.
KIRKLAND & ELLIS, LLP
777 South Figueroa Street
Los Angeles, CA 90017

Re:    Solvay v. Honeywell Int'l et al.

Dear Laura:

We have received your letter dated July 17, 2007, and are looking into the issues raised in the letter.

Set forth below are Honeywell's deficiencies in responding to Solvay's discovery requests.

## Interrogatory No. 2

Honeywell has not identified any basis for its assertion that it does not infringe the '817 claims as requested by the interrogatory. Please provide Honeywell's basis for this assertion.

## Interrogatory No. 3

Honeywell has identified only the '192 patent and the '706 patent as being prior art under sections 102 and/or 103 to certain '817 claims. Please provide all bases for Honeywell's invalidity assertions as requested by the interrogatory including but not limited to all prior art upon which Honeywell bases its assertions under sections 102 and/or 103, all claims which Honeywell asserts are invalid, and all statutory bases for such invalidity assertions (not just assertions based upon prior art).

## Interrogatory No. 4

Honeywell has provided "examples" of alleged estoppel in its answer to this interrogatory. Please provide all alleged estoppel, not just examples.

## Interrogatory No. 5

Laura M. Burson, Esq.
KIRKLAND & ELLIS, LLP
July 20, 2007
Page 2



Honeywell has not provided any answer to this interrogatory. Please answer the interrogatory.

<u>Interrogatory No. 8</u>

Honeywell did not identify the most knowledgeable persons as requested by the interrogatory. Please provide the identity of such persons.

<u>Interrogatory No. 9</u>

The interrogatory requests, for each claim which Honeywell asserts invalidity under section 102(g), (1) the dates on which the subject matter was first conceived <u>and</u> first reduced to practice; and (2) all facts, persons, and documents related to both the conception and reduction to practice (including where, who and when each of such subject matter was first conceived <u>and</u> reduced to practice). Honeywell's general response does not answer this interrogatory with the requested information. Please provide all requested information for each claim.

<u>Interrogatory No. 10</u>

Honeywell's response to this interrogatory provides only partial information for only two invention records. Please provide all requested information for all identified invention records.

<u>Documents</u>

During our discussion July 13, you indicated that HON0015437-15473 "contained all the information Solvay needed." You also indicated that this range of documents was created specifically for purposes of this litigation (from information on Honeywell's internal databases). Solvay has requested and is entitled to all documents created in the normal course of business concerning Honeywell's marketing and sales of HFC 245fa. This includes without limitation all documents regarding anticipated and actual profitability of any HFC 245fa products; Honeywell annual reports; summaries created in the normal course of business concerning sales of Honeywell's HFC 245fa products; planning documents regarding the manufacture and sale of HFC 245fa; Profit & Loss statements from the division or plant that manufacture and sells HFC 245fa products; business planning documents (e.g., annual plans, 3-year plans and the like) that reflect analysis of the product, competition, sales, and profitability; licensing documents regarding HFC 245fa or halogenated fluorocarbons; SWOT analyses for HFC 245fa; marketing of HFC 245fa; and all internal and external nonprivileged communications regarding and/or including Solvay. Honeywell obviously has

Laura M. Burson, Esq.
KIRKLAND & ELLIS, LLP
July 20, 2007
Page 3



such documents. Please confirm whether or not Honeywell intends to supplement its production and will provide us with all such documents.

Also, to the extent Honeywell has not produced the complete internal and external patent prosecution files of the '192 and '706 patents and all foreign equivalents, or all laboratory notebooks used by Honeywell scientists, please produce them.

Finally, our records indicate that to date Honeywell has produced only the following documents to Solvay: HON 00000001-HON 21288. We note with concern that two of the documents used as exhibits at the depositions last week (exhibits 13 and 24, numbered HON 21291-21562 and HON 21582-21586) were not included in Honeywell's document production to Solvay. These documents were clearly responsive and not privileged. Please explain exhibits 13 and 24, and please confirm that Honeywell did not withhold any information or documents based on its general objections. That is, please confirm that the only documents and information (interrogatory answers) Honeywell withheld from production are identified on Honeywell's privilege and third party logs. If some other basis for withholding documents/information exists, please identify it.

<u>Geismar Inspection</u>

Please provide potential dates for the noticed inspection.

We would like to meet and confer on Monday or Tuesday concerning Honeywell's deficiencies. Please let us know when you will be available.

With best regards,

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Jeffrey B. McIntyre

AIN/JBM/ds

# EXHIBIT 3

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 4

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY