IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | **PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-557-SLR |
| v. | ) | |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | Confidential Version Filed: May 30, 2008 |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | Public Version Filed: June 10, 2008 |
| Defendants. | ) | |
| | ) | |

**HONEYWELL INTERNATIONAL INC.'S
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS OPPOSITION TO SOLVAY'S MOTION FOR
SUMMARY JUDGMENT ON HONEYWELL'S SEVENTH AFFIRMATIVE DEFENSE
OF LACHES, EQUITABLE ESTOPPEL AND PROSECUTION LACHES (D.I. 168)**

Defendant Honeywell International Inc. ("Honeywell") hereby moves for leave to

file a short Supplemental Brief in Support of Its Opposition to Solvay's Motion for Summary

Judgment on Honeywell's Equitable Estoppel Defense (D.I. 168).  As grounds for this motion,

Honeywell believes that a supplemental brief is necessary to: (1) draw the Court's attention to

newly produced evidence[1] confirming that Solvay mislead Honeywell into believing Solvay

would not assert its '817 Patent against Honeywell; (2) respond to entirely new arguments raised

by Solvay in its reply brief; and (3) respond to evidentiary objections raised by Solvay in its

---

[1]     As explained in Honeywell's Supplemental Brief regarding the pending motions of
invalidity (D.I. 205, Ex. A at 1), on Friday, May 9, 2008, Solvay's attorneys placed into a
UPS package almost 800 pages of documents improperly withheld based on a claim of
privilege that this Court ruled improper on January 16, 2008 (D.I. 111), knowing full well
that those documents would not be received by Honeywell's lawyers until *after* the
scheduled hearing on Solvay's summary judgment motion on equitable estoppel before
this Court on Monday, May 12, 2008.

reply brief.  Honeywell believes this evidence will assist the Court in ruling on Solvay's Motion

for Summary Judgment.   Honeywell's proposed supplemental brief is attached hereto as

Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendants*

*OF COUNSEL:*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

May 30, 2008
2347035

**Certification Pursuant to Local Rule 7.1.1**

Pursuant to the District of Delaware Local Rule 7.1.1, counsel for Honeywell conferred with counsel for Solvay regarding the instant Motion.  Solvay opposes the Motion.

*/s/ Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)

2347035

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

At Wilmington, this ____ day of _____, 2008, having considered Honeywell's Motion for Leave to File a Supplemental Opposition to Solvay's Motion for Summary Judgment on Honeywell's Seventh Affirmative Defense of Equitable Estoppel;

IT IS HEREBY ORDERED THAT Honeywell may file and serve its Supplemental Opposition (attached as Exhibit A to Honeywell's Motion).

_____
United States District Judge

2347035

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on June 10, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Jeffrey B. McIntyre
Michael E. McCabe, Jr.
John F. Presper
Stefan Uwe Koschmieder
Tia D. Fenton
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314


*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOLVAY, S.A.,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )          C.A. No. 06-557-SLR
        v.                                       )
                                                 )          PUBLIC VERSION
HONEYWELL SPECIALTY MATERIALS LLC,               )
and HONEYWELL INTERNATIONAL INC.,                )
                                                 )
                    Defendants.                  )
                                                 )


**HONEYWELL INTERNATIONAL INC.'S SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS OPPOSITION TO SOLVAY'S MOTION FOR
SUMMARY JUDGMENT ON HONEYWELL'S SEVENTH AFFIRMATIVE DEFENSE
OF LACHES, EQUITABLE ESTOPPEL AND PROSECUTION LACHES (D.I. 168)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendants*

*OF COUNSEL:*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

May 30, 2008

Honeywell respectfully requests that this Court consider newly produced evidence from Solvay in denying Solvay's Motion for Summary Judgment on Honeywell's Equitable Estoppel Defense (D.I. 125) because Solvay has not shown that there are no genuine issues of material fact or that Honeywell cannot prevail on this defense.  (D.I. 168).  As discussed below, (1) Solvay's representations in its summary judgment papers are contrary to newly produced evidence that Solvay has long withheld from Honeywell;[1] (2) Solvay's arguments raised for the first time in its reply brief are misleading and misrepresent the factual record; and (3) Solvay's evidentiary arguments raised in its reply brief are incorrect and moot.

A.    **Newly Produced Documents from Solvay Confirm Solvay Misled Honeywell.**

In response to Solvay's conclusory Motion for Summary Judgment on the issue of equitable estoppel, Honeywell pointed to evidence showing that (1) Solvay misled Honeywell into believing Solvay would not assert its '817 Patent; (2) Honeywell relied on Solvay's misleading conduct and silence; and (3) Honeywell will be materially prejudiced if Solvay is allowed to proceed with its claim.  (D.I. 168).  In response, Solvay contended that it did not know the nature of Honeywell's process for making HFC-245fa until 2006.  To wit, Solvay argued in its opening brief that "Honeywell carries out its process for making 245fa in secret" and that therefore "Solvay did not (and could not have had) actual knowledge of Honeywell's secret process without Honeywell's permission."  (D.I. 126 at 4.)  Similarly, in its reply brief,

---

[1]    As explained in Honeywell's Supplemental Brief regarding the pending motions of invalidity (D.I. 205, Ex. A at 1), on Friday, May 9, 2008, Solvay's attorneys placed into a UPS package almost 800 pages of documents improperly withheld based on a claim of privilege that this Court ruled improper on January 16, 2008 (D.I. 111), knowing full well that those documents would not be received by Honeywell's lawyers until *after* the scheduled hearing on Solvay's summary judgment motion on equitable estoppel before this Court on Monday, May 12, 2008.

Solvay again referred to Honeywell's "secret process," and Solvay represented to the Court that Solvay first learned of Solvay's process for making HFC-245fa by investigating "publicly available information" in 2006. (D.I. 190 at 6 & 7 n.1.) Because Solvay did not know about Honeywell's "secret process," Solvay reasoned, it could not have misled Honeywell.

As newly produced evidence now reveals,                                    REDACTED

REDACTED                                    , but Solvay withheld documents showing this fact until *after* the hearing on Solvay's summary judgment motion. After briefing was completed with respect to Solvay's summary judgment motion and after the hearing on Solvay's motions (and long after discovery was closed), Solvay produced approximately 800 pages of new documents that should have been produced during the discovery period. Among these documents was                                    REDACTED

REDACTED                                    (Ex. 1 hereto, 1997 Memo). According to                                    REDACTED

REDACTED

(Ex. 1, 1997 Memo at S0024312).                                    REDACTE D

REDACTED


REDACTED


(Ex. 1, 1997 Memo at S0024312).

Solvay may have learned additional information                                    REDACTED

REDACTED

Honeywell has not had any opportunity for discovery with respect to this information.

2

Thus, the Court should deny Solvay's summary judgment motion on the merits, or postpone resolution of the motion until Honeywell has had an opportunity for further discovery with respect to the 1997 Memo and other belatedly produced documents.

**B.      Honeywell Justifiably Relied Upon Solvay's Conduct, and the Court Should Reject Solvay's Misleading Arguments (Raised for the First Time in Solvay's Reply Brief) to the Contrary.**

In its reply brief, Solvay raised two entirely new arguments to Honeywell's showing that it justifiably relied upon Solvay's conduct in believing Solvay would not assert its '817 Patent against Honeywell and at the very least created an issue of fact not amenable to summary judgment.  Each of Solvay's new arguments misrepresents the factual record while cutting off Honeywell's opportunity for a meaningful response.

1.      Honeywell was ___not___ negotiating to license Solvay's IP rights ___in the United States___.

Solvay's primary new argument is "The fact that Honeywell unsuccessfully attempted to obtain a license to Solvay's HFC-245fa manufacturing process patents is dispositive of Honeywell's estoppel defense."  (D.I. 190 at 3).  Solvay's argument is wrong and misleading.

Contrary to Solvay's implied suggestion, during license negotiations,     REDACTED

REDACTED

Thus, Honeywell was ___not___ attempting to license Solvay's HFC-245fa manufacturing process patents ___in the United States___.     REDACTED

(D.I. 178

3

REDACTED

REDACTED

Thus, Honeywell could and did justifiably believe Solvay would not assert its '817 Patent against Honeywell.

2.    <u>Solvay does **not** compete with Honeywell **in the United States.**</u>

Solvay's other new argument is equally flawed.  Solvay contends that: "It is undisputed that Solvay and Honeywell directly compete against each other in the hydroflourocarbon business, and that Solvay makes and sells HFC-365mfc . . . in competition with Honeywell's HFC-245fa . . .."  (D.I. 190 at 3.)

REDACTED

Thus, Honeywell did justifiably believe Honeywell would not assert its patent against Honeywell in the United States.

C.    **Solvay's Evidentiary Objections (Raised in Solvay's Reply Brief) Are Wrong and, in Any Case, Moot.**

In opposing Solvay's summary judgment motion, Honeywell also pointed to evidence confirming and quantifying Honeywell's detrimental reliance and prejudice.  (D.I. 168 at 12-15).  For example, Honeywell relied upon the October 22, 2007 expert report of Ms. Julie

4

Davis, which summarized and referenced other evidence and quantified Honeywell's detrimental reliance by estimating Honeywell's investments made in reliance on Solvay's statements and conduct.  (D.I. 178 Ex. 10 at 3 n.2).  The exhibits accompanying Honeywell's Opposition to Solvay's Motion for Summary Judgment, including the October 22, 2007 Julie Davis Report, are sufficient to create genuine issues of material of fact necessary to defeat summary judgment.  *See Hodosh v. Block Drug Co. Inc.*, 786 F.2d 1136, 1142-43 (Fed. Cir. 1986) (finding expert testimony sufficient to show an evidentiary conflict on the record precluding summary judgment); *McKesson Info. Solutions LLC v. Trizetto Group, Inc.*, 426 F. Supp. 2d 197, 201 (D. Del. 2006) (declining to grant summary judgment for plaintiff because the defendant, through its expert's report and deposition, raised a genuine issue of material fact).

In its reply brief, Solvay objects to this evidence, which is surprising given that both parties have relied on expert reports in support of and opposition to summary judgment motions filed in this case.  Nonetheless, given that the parties did not address Solvay's equitable estoppel motion during oral argument, Honeywell points out to the Court that the statements in Ms. Davis's expert report are also confirmed by her sworn deposition testimony.  (Ex. 2 hereto, Feb. 5, 2008 Julie Davis Dep. 160:19 - 161:5, 168:19 - 169:18, 176:11-16).  Honeywell also draws the Court's attention to Honeywell's Response to Plaintiff's Interrogatory No. 6, which is already in the record and is referenced in Ms. Davis' October 22, 2007 Report.  (D.I. 127 Ex. 4 at 42-44).  Finally, to moot Solvay's evidentiary objections, Honeywell also submits a verification

based upon personal knowledge[2] for the information relating to detrimental reliance in Interrogatory No. 6.  (Ex. 3 hereto, Verification of Kenneth Gayer, May 23, 2008).

The evidence                                    REDACTED

and the likelihood of Honeywell being materially harmed by Solvay's ex post facto change of position requires, at a minimum, a trial of Honeywell's equitable estoppel defense.  The Court should deny Solvay's motion for summary judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

May 30, 2008
2347069

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
  *Attorneys for Defendants*

_____

[2]    The verifying witness, Kenneth Gayer, was previously identified as a Honeywell employee knowledgeable about Honeywell's detrimental reliance in both Honeywell's Rule 26(a)(1) Initial Disclosure and in response to Interrogatory No. 22, which asked Honeywell to identify witnesses and the subject matter of their testimony.  (Ex. 4 hereto, Honeywell Int'l Inc.'s Rule 26(a)(1) Initial Disclosures, Feb. 15, 2007 at 5; Ex. 5 hereto, Honeywell Int'l Inc.'s Resp. to Plaintiff's Fourth Set of Interrogs. No. 22, Oct. 5, 2007 at 14).  Solvay did not question Mr. Gayer on his knowledge of Honeywell's detrimental reliance during his September 6, 2007 deposition in either his capacity as a 30(b)(6) witness or his personal capacity.

# EXHIBIT 1

## FULLY REDACTED

# EXHIBIT 2

## FULLY REDACTED

# EXHIBIT 3

## VERIFICATION

The undersigned verifies that (i) I am the Global Business Director for Foam

Insulation Blowing Agents at Honeywell Fluorine Products, which is a strategic business

enterprise within Honeywell Specialty Materials, which is in turn a strategic business group

within Honeywell International, Inc.; (ii) I have personal knowledge of certain statements set

forth in response to Interrogatory No. 6 in DEFENDANT HONEYWELL

INTERNATIONAL INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S

FIRST SET OF INTERROGATORIES NOS. 1-8, including the following:

> During Solvay's three-year period of silence [March 17, 2003 – May 24,
> 2006], HONEYWELL continued to invest in its promotion and production of
> HFC-245fa in the United States, including expenditures toward an expansion
> of its plant. HONEYWELL detrimentally relied on Solvay's silence in
> continuing with its investment. HONEYWELL has been damaged by its
> reliance on Plaintiff's failure to act and misleading conduct.

and (iii) if called to do so, I could and would testify competently to these facts.

I verify under penalty of perjury that the foregoing statement is true and correct.

Executed on May 27, 2008 in Morristown, NJ.


_____

Kenneth Gayer, P.E., Global Business Director
Foam Insulation Blowing Agents
Honeywell Fluorine Products
Honeywell International, Inc.

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SOLVAY, S.A.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-557 SLR |
| | ) | |
| | ) | |
| **HONEYWELL SPECIALTY MATERIALS,** | ) | |
| **LLC and HONEYWELL INTERNATIONAL** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## HONEYWELL INTERNATIONAL INC.'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Honeywell International Inc. ("Honeywell") makes the following Initial Disclosures to Plaintiff Solvay, S.A. ("Solvay"). Honeywell submits these Initial Disclosures based upon information it has acquired to date, as it presently understands this information and the significance thereof, without yet having had the benefit of formal discovery, production of documents, or any other disclosures from Solvay. To date, Solvay has not provided any information about which claims of the patent-in-suit are allegedly infringed; nor has it provided any factual basis for its infringement allegations. Honeywell reserves all rights, consistent with Fed. R. Civ. P. 26(e), to amend, retract, supplement, or otherwise modify the disclosures made herein as additional evidence and information become available.

| Name and Contact Information | Subjects of Information |
|---|---|
| Kenneth Gayer<br>Honeywell Int'l Inc. | Sales and marketing of HFC-245fa; Honeywell International's financial and accounting information relating to production and sale of HFC-245fa, including but not limited to revenue, costs, and profits from the manufacture and sale of HFC-245fa as such information relates to Honeywell's damages position; information relating to the licensing of HFC-245fa and related technology as such relate to Honeywell's damages position; information relating to Honeywell's detrimental reliance and licensing negotiations with Solvay re HFC-245fa, HFC-365 and associated intellectual property. |
| Richard Preziotti<br>Honeywell Int'l Inc. | Honeywell International's production and sale of HFC-245fa, including but not limited to sales, costs of production, and other financial information, as well as the history and substance of Honeywell's contacts and licensing negotiations with Solvay regarding HFC-245fa, HFC-365 and associated intellectual property; information relating to the licensing of HFC-245fa and related technology as such relate to Honeywell's damages position as well as Honeywell's detrimental reliance. |
| Mark Lewis<br>Honeywell Int'l Inc. | History and substance of Honeywell's contacts and licensing negotiations with Solvay regarding HFC-245fa, HFC-365 and associated intellectual property; information relating to the licensing of HFC-245fa and related technology as such relate to Honeywell's damages position. |
| Tom Morris<br>Honeywell Int'l Inc. | History and substance of Honeywell's contacts and licensing negotiations with Solvay regarding HFC-245fa, HFC-365 and associated intellectual property, as well as information relating to the licensing of HFC-245fa and related technology as such relate to Honeywell's damages position. |
| Ian Shankland, Ph.D.<br>Honeywell Int'l Inc. | Development of Honeywell's process for the production of HFC-245fa, including history of HFC-245 development, engineering design, process development, chemical analysis, and/or the technology and chemistry involved in the HFC-245fa process. |

K&E 11457323

claims for relief requested in its complaint, or to indemnify or reimburse for payments made to satisfy such a judgment.

February 15, 2007

/s/ Laura M. Burson

Robert G. Krupka
Laura M. Burson
Julian D. Forman
**Kirkland & Ellis LLP**
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Thomas C. Grimm
Leslie A. Polizoti
**Morris, Nichols, Arsht & Tunnell LLP**
1201 North Market St.
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

*Attorneys for Honeywell Int'l Inc.*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2007, I caused to be served true and correct

copies of the foregoing document on the following in the manner indicated below:

<u>BY EMAIL</u>

Richard L. Horwitz, Esq.
David E. Moore, Esq.
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Arthur I. Neustadt, Esq.
Jean-Paul Lavalleye, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aneustadt@oblon.com
jlavalleye@oblon.com

<u>/s/ Laura M. Burson</u>
Laura M . Burson (pro hac vice)
lburson@kirkland.com

13

# EXHIBIT 5

## FULLY REDACTED