IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-557-SLR |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| HONEYWELL SPECIALTY MATERIALS LLC, | ) | |
| and HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF
HONEYWELL'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF IN SUPPORT OF
HONEYWELL'S (i) MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY (D.I. 134), AND
(ii) OPPOSITION TO SOLVAY'S SUMMARY JUDGMENT
MOTION OF NO INVALIDITY UNDER 35 U.S.C. §§ 102(G)
AND 103 BASED ON COMMERCIAL SUPPRESSION (D.I. 175)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Defendants*

*OF COUNSEL:*

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017
(213) 680-8400

Confidential Version Filed: June 6, 2008

Public Version Filed: June 10, 2008

**The Court Should Accept Honeywell's Supplemental Brief**

Honeywell's motion seeks leave to file a supplemental brief to address newly produced documents from Solvay. (D.I. 205). Solvay does not deny that:

(i) the documents in question are relevant to the pending summary judgment motions regarding validity and were requested by Honeywell months ago,

(ii) the documents were produced long after the close of discovery, four months after this Court's January 16, 2008 Order requiring production of similar documents, after all summary judgment briefing was completed, and even after the May 12, 2008 oral argument,

(iii) Solvay's counsel placed the documents in a UPS package knowing that they would be delivered to Honeywell's counsel immediately after the May 12, 2008 hearing,

(iv) before and during the hearing, Solvay did not inform Honeywell that these documents were en route, and

(v) Honeywell had no opportunity to address these documents in its summary judgment papers.

(D.I. 206 at 5). Therefore, the Court should grant Honeywell's motion for leave and consider the arguments and evidence raised in Honeywell's supplemental brief.[1]

---

[1] As explained in Honeywell's motion for leave, the supplemental brief is also warranted because the newly disclosed evidence directly contradicts Solvay's argument—raised for the first time during oral argument—that Russian scientists working with Honeywell somehow "concealed" the prior-art invention that anticipates Solvay's '817 patent-in-suit. In its response to Honeywell's motion for leave, Solvay contends that it raised this argument in its opposition brief to Honeywell's summary judgment motion. (D.I. 206 at 2-3). This is inaccurate. In that brief, Solvay briefly pointed to the confidentiality provisions in Honeywell's agreement with the Russian inventors, but only to argue (i) that the prior-art invention should not be considered "made in this country" under 35 U.S.C. § 102(g), and (ii) that the prior-art invention should not constitute a prior
(Continued…)

1

Solvay purports to oppose Honeywell's motion seeking leave to file a supplemental brief, but Solvay states no basis for doing so. (D.I. 206 at 1, 5). Instead, Solvay uses its opposition brief to reargue the merits of the underlying summary judgment briefing, to raise new arguments and new evidence, and to mislead the Court. (D.I. 206). Solvay's brief is not a proper opposition to Honeywell's motion for leave. Solvay's pleading is a supplemental brief on the merits, filed without leave of Court and in violation of this Court's rules. *See* Local Rule 7.1.2 ("No additional briefs, affidavits, or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court . . . ."); *Interstate Brands Corp. v. Lily Transp. Corp.*, Case No. CR.1999-12042-NG, 2002 WL 31681863, at *1 (D. Mass. Oct. 15, 2002) (striking Plaintiff's Opposition to Defendants' Motion to File a Reply Memorandum: "Although entitled an opposition by the plaintiff to a motion by the defendants for leave to file a reply brief, the body of the pleading is in no way directed to opposing the filing of a such a reply. Rather, it is an improper attempt at another chance to argue the merits of the underlying motion under the guise of an opposition to defendants' motion for leave to file a reply.").

### Solvay's Substantive Arguments Concerning "Abandoned, Suppressed, or Concealed" Are, Once Again, Wrong and Misleading

Solvay's brief mischaracterizes the substance of Honeywell's argument. Contrary to Solvay's suggestion (D.I. 206 at 1-2), Honeywell's supplemental brief does not focus on the Russian '430 patent (which Solvay previously produced *only in Russian*) or suggest that the Russian '430 patent is itself prior art. Instead, Honeywell's supplemental brief focuses on

---

(Continued . . . )
    invention under 35 U.S.C. § 102(a). (D.I. 171 at 4 & 5 n.4). Before oral argument, Solvay never contended that the Russian scientists abandoned, suppressed or concealed the § 102(g) prior-art invention.

Solvay's previously withheld               REDACTED

REDACTED

Given these facts, Solvay cannot seriously contend that the Russian scientists "concealed" the prior-art process for making HFC-245fa, much less that they felt constrained by confidentiality obligations. *See Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001) ("proof negating suppression or concealment is not limited to activities occurring within the United States").

Next, Solvay argues that the subject matter disclosed by the Russian scientists in their patent application is different from the § 102(g) prior art that was later reduced to practice by Honeywell in the United States. (D.I. 206 at 2 & 3 n.2). Solvay's argument is faulty and misses the point. Solvay bears the burden of coming forward with evidence of concealment, but its discussion of the Russian '430 patent is conclusory and unsupported by any expert analysis. *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1359 (Fed. Cir. 2006) ("Because [the patentee]

---

[2]  "Because work is 'secret' does not necessarily mean that it has been 'abandoned, suppressed or concealed.'" *E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1436 n.5 (Fed. Cir. 1988).

did not offer any evidence indicating a designed intent to withhold the KBS device from the public, we conclude that there is not sufficient evidence to support a jury instruction regarding intentional suppression or concealment."). REDACTED

REDACTED

Furthermore, the details of what subject matter precisely is disclosed in the Russian patent is not the issue here, because the Russian patent has not been asserted as prior art in the pending motions.  Rather, the question at hand concerns whether the Russian scientists concealed the § 102(g) prior art that Solvay admits is anticipatory.  And the fact that the Russian scientists were filing a patent application          REDACTED

REDACTED

forecloses Solvay's contention that the Russian scientists intended to conceal the prior art.

Solvay also tries to distinguish the admittedly anticipatory § 102(g) prior-art invention from what Solvay calls          REDACTED

As an initial matter, Solvay's argument misses the point again:  Solvay has the burden of coming forward with evidence of concealment—not just theories and conjectures—and Solvay failed to produce evidence suggesting that the Russian scientists (much less Honeywell) concealed the § 102(g) prior-art invention.  In any event, according to Solvay's unsubstantiated hypothesis, the Russian scientists were working on two different inventions at the same time, both of which—coincidentally—comprise          REDACTED

Solvay suggests that the Russian scientists disclosed one invention (described    REDACTED    and in

4

the Russian '430 patent), but concealed the other invention (i.e., their § 102(g) prior-art work with Honeywell).

Apart from being highly improbable, Solvay's argument is also contrary to the language

REDACTED

REDACTED

REDACTED    The referenced Russian patent was filed in 1994—while the Russian scientists were working with Honeywell—and Solvay does not cite any evidence suggesting that    REDACTED

Although Honeywell has had no opportunity for discovery with respect to the recently produced    REDACTED

Solvay cannot show that the Russian scientists intended to "abandon, suppress or conceal" their work with Honeywell.

**Solvay's New Arguments Regarding Inequitable Conduct Are Also Wrong**

Solvay also mischaracterizes Honeywell's argument with respect to inequitable conduct, once again focusing on the publication date for the Russian patent. (D.I. 206 at 4). Honeywell's

5

supplemental brief is about the 1997 Memo, not the Russian patent.[3]   REDACTED

REDACTED   Solvay was thus obligated to disclose the § 102(g) prior invention to the Examiner.  Solvay's failure to do so with intent to deceive amounts to inequitable conduct.

\* \* \*

At bottom, during oral argument, Solvay's counsel represented to this Court, "the Russians, of course, couldn't tell anyone [about their work with Honeywell], because under their contract with Honeywell, they were restricted from doing so." (D.I. 205 Ex. F at 112:7-10).  At the same time, Solvay's counsel knew Solvay had withheld producing   REDACTED

REDACTED

Solvay's deliberate delay of production until after the summary judgment hearing—and its arguments to the Court at that hearing that are contradicted by the Memo—are equally inexcusable.

Honeywell respectfully requests that the Court (i) grant Honeywell's motion for leave to file a supplemental brief, (ii) grant Honeywell's motion for summary judgment of invalidity, and (iii) deny Solvay's motion for summary judgment.

---

[3] REDACTED
Solvay should have also disclosed the Russian patent itself to the Examiner, even if the publication date was after Solvay's priority date.  At the very least, the Russian patent application suggests contemporaneous invention by others, which is a factor supporting a finding of obviousness and about which a reasonable examiner would want to know. *See In re Merck & Co.*, 800 F.2d 1091, 1098 (Fed. Cir. 1986) ("evidence of contemporaneous invention [by others] is probative of 'the level of knowledge in the art at the time the invention was made'").

6

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Amber T. Aubry
Jacob R. Buczko
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3400
Los Angeles, CA  90017
(213) 680-8400

June 6, 2008
2356457

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
  *Attorneys for Defendants*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on June 10, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE  19899-0951

**BY E-MAIL**

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Jeffrey B. McIntyre
Michael E. McCabe, Jr.
John F. Presper
Stefan Uwe Koschmieder
Tia D. Fenton
OBLON, SPIVAK, MCCLELLAND, MAIER
   & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com