IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A. | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-557-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HONEYWELL SPECIALTY | ) | **PUBLIC VERSION** |
| MATERIALS, LLC and | ) | |
| HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SOLVAY'S OPPOSITION TO HONEYWELL'S MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL BRIEF IN SUPPORT OF ITS (i) MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY AND (ii) OPPOSITION TO SOLVAY'S SUMMARY
JUDGMENT MOTION OF NO INVALIDITY UNDER 35 U.S.C §§ 102(G) AND 103
BASED ON COMMERCIAL SUPPRESSION**

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: May 30, 2008
Public Version Dated: June 12, 2008
867021 / 30651

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Introduction

Plaintiff Solvay S.A. ("Solvay") hereby opposes the motion of Honeywell International, Inc., ("Honeywell"). It is Honeywell, not Solvay, who is trying to mislead the Court.

Contrary to Honeywell's implied assertion in its motion that it first learned of the Russian patent after the May 12 hearing, this patent was produced by Solvay to Honeywell almost a year ago on May 31, 2007. Although Honeywell has had this patent for almost a year, prior to its motion, it never asserted that this patent discloses the '817 invention.

Contrary to Honeywell's assertion, ▇▇▇▇ includes no disclosure of secret work alleged by Honeywell to invalidate the '817 patent under §102(g). Rather, ▇▇▇▇ refers to the Russian patent which was published more than one year earlier.

Contrary to Honeywell's assertion, the statements by Solvay's counsel at the hearing do not conflict with the statements in ▇▇▇▇.

Contrary to Honeywell's assertion, Honeywell did enter into a ▇▇▇▇ with the Russians (Russian Scientific Centre Applied Chemistry, "RSCAC") and there is no evidence that the Russians breached ▇▇▇▇.

Contrary to Honeywell's inequitable conduct assertion, apart from the fact that the Russian patent does not disclose the '817 invention, this patent was not published until after Solvay's priority date and, therefore, is not prior art.

The Russian Patent

Honeywell asserts that Solvay's recently produced document ▇▇▇▇ (exhibit B to Honeywell's motion) led to Honeywell's first awareness of a supposedly highly pertinent Russian patent (exhibits C and D to Honeywell's motion). However, Honeywell fails to mention that Solvay produced this patent to Honeywell almost one year ago on May 31, 2007.

Declaration of Michael E. McCabe, Esq. ("McCabe Dec."), ¶2, submitted herewith. Thus, Honeywell has known about this patent for almost a year and, further, prior to its motion, never asserted that this patent discloses the '817 invention.

Honeywell also asserts that the Russian patent discloses the '817 invention. Honeywell's unstated reasoning appears to be that, since the Russians were the inventors of the 102(g) work, a patent by the Russians must describe this work. However, as noted above, Honeywell has had this patent for almost a year and has never, prior to its motion, made this assertion. Further, the parties are currently preparing the pre-trial order and the time has long since passed for Honeywell to assert new art that it has known about for almost a year. Also, this patent with a publication date of August 20, 1996 is not prior art to Solvay's '817 patent.

Honeywell also asserts that ▮▮▮▮ describes a meeting in which the Russians supposedly disclosed to Solvay the secret work that the Russians did for Honeywell pursuant to their "Contract for Research." HON0026279-91, Exhibit A hereto. Honeywell refers to the section entitled "HFC-245fa." However, this section refers to patents and not secret work --

"▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[1]

In a completely misleading fashion, Honeywell compares the statements made by Solvay's counsel at the hearing with statements from ▮▮▮▮. However, the respective statements refer to different inventions, not the same invention. Solvay's counsel was referring

---

[1] Although Honeywell's motion is directed to whether the Russians disclosed their secret work and although there was some discussion of this point at the May 12 hearing, it should be noted that §102(g) requires that the invention be made in the Untied States and it is not disputed that the Russians made their invention outside the United States. This is why Honeywell for its §102(g) defense relies upon what it did in the United States and not upon what the Russians did in Russia.

2

to the secret work the Russians did for Honeywell pursuant to their research contract and which is the basis for Honeywell's 102(g) defense. The statements from ███ refer to the above-noted Russian patent which, as noted above, Honeywell has known about for almost a year and, prior to its motion, never asserted that it discloses the '817 invention.[2] Rather, without saying so, Honeywell assumes that any work by the Russians must be the '817 invention.

Further, the statements by Solvay's counsel refer to secret work by the Russians prior to October 23, 1995 and, as noted by Solvay's counsel at the May 12 hearing (tr. at 115, exhibit F to Honeywell's motion), the 102(g) concealment inquiry concerns concealment prior to this date. ███ refers to a meeting on September 25-26, 1997, almost two years after Solvay's priority date.

███

The statements by Solvay's counsel referred to by Honeywell were -- "The Russians did conceal the invention. They were obligated under their contract with Honeywell to conceal the invention" and "[T]he Russians, of course, couldn't tell anyone, because under their contract with Honeywell, they were restricted from doing so." These statements were correct since Honeywell's (Allied's) contract with the Russians required them to keep "confidential" "[a]ll information, knowledge and data divulged ███ ███." The contract specifically provides (at HON002682-83)

███

---

[2] The Russian patent does not disclose the subject matter of the '817 patent; namely, "isolating HFC-245fa from the reaction mixture by drawing off HFC-245fa and HCl in a gaseous phase as each of said HFC-245fa and HCl is being formed." Instead, the Russian patent discloses producing HFC-245fa in a batchwise manner.

3

<␂>
<␂>



Honeywell asserts (at 2) that, at the hearing, Solvay argued "for the first time" that the Russians concealed the §102(g) prior art. Again, Honeywell misleads the Court. This point was set forth in Solvay's opposition brief to Honeywell's motion. "[T]he RSCAC's work was subject to a ▓▓▓ and, thus, not publicly available. (Ex. 1, Contract for Research between AlliedSignal and RSCAC, at HON0026282-83)" and "[A]s noted above, this work was subject to ▓▓▓ (Ex. 1, Contract for Research between AlliedSignal and RSCAC, at HON0026282-83). Because such work was secret and, thus, not public it cannot constitute prior art under 102(a)." D.I. 171 at 4 and 5, respectively.[3]

Honeywell's Inequitable Conduct Assertion

Honeywell also asserts that Solvay committed inequitable conduct by not disclosing the Russian patent to the examiner. However, apart from the fact that Honeywell has known about this patent for almost a year and, prior to its motion, never asserted that this patent discloses the '817 invention, as noted above, the Russian patent has a publication date of August 20, 1996 which is subsequent to Solvay's October 23, 1995 priority date and, therefore, is not prior art.

---

[3] Honeywell cites (at 3) the statement from *Dupont v. Phillips*, 849 F.2d 1430, 1436 n.5 (Fed. Cir. 1988) that "[b]ecause work is 'secret' does not necessarily mean that it has been 'abandoned, suppressed or concealed.'" However, Honeywell does not include in its quote the next sentence that "[t]he latter determination depends on the overall facts of each case." In this case, the Russians were under a ▓▓▓ not to disclose their work for Honeywell and Honeywell had a policy ▓▓▓

4

### Solvay's Production of █████

Honeywell asserts that the Court ordered production of ███ on January 16, 2008. However, the Court did not order production of this document on January 16. On November 16, 2007, the Court requested Honeywell to identify 25 documents for an *in camera* inspection out of the nearly 200 documents Honeywell was asserting were not privileged. Honeywell did not identify ███ for the *in camera* inspection. McCabe Dec., ¶3. On January 16, 2008, the Court issued an order in which it agreed with Solvay as to the existence of a European Patent Attorney-client privilege but ordered Solvay to produce 23 of the 25 documents since they "were of a technical and business nature and did not convey the type of legal advice typically deemed within the scope of the privilege." D.I. 111. On January 17, Solvay's counsel produced these 23 documents. Solvay's counsel then reviewed the remaining documents of the nearly 200 documents with respect to the Court's January 16 "technical and business nature" ruling and, after it completed its review, produced additional documents, including ███, on May 9.

...

## Conclusion

For the reasons noted above, Honeywell, not Solvay, is attempting to mislead the Court. Honeywell's motion should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: May 30, 2008
Public Version Dated: June 12, 2008
867021 / 30651

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 12, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on June 12, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Thomas C. Grimm | Robert G. Krupka |
| Benjamin J. Schladweiler | Laura M. Burson |
| Morris, Nichols, Arsht & Tunnell | Helen Hong |
| 1201 North Market Street | Kirkland & Ellis LLP |
| P.O. Box 1347 | 777 S. Figueroa Street, Suite 3400 |
| Wilmington, DE 19899 | Los Angeles, CA 90017 |
| tgrimm@mnat.com | service-solvay@kirkland.com |
| bschladweiler@mnat.com | |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

799366 / 30651

Case 1:06-cv-00557-SLR    Document 216-2    Filed 06/12/2008    Page 1 of 2

Case 1:06-cv-00557-SLR    Document 216-2    Filed 06/12/2008    Page 1 of 2

# Exhibit A

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**