IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A. | ) |
| | ) C.A. No. 06-557-SLR |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| HONEYWELL SPECIALTY | ) **PUBLIC VERSION** |
| MATERIALS, LLC and | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| Defendants. | ) |

**SOLVAY'S OPPOSITION TO HONEYWELL'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO SOLVAY'S SUMMARY JUDGMENT MOTION ON HONEYWELL'S SEVENTH AFFIRMATIVE DEFENSE OF LACHES, EQUITABLE ESTOPPEL AND PROSECUTION LACHES**

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

Dated: June 10, 2008
Public Version Dated: June 20, 2008
870801 / 30651

# Table of Contents

|  | Page |
|---|---|
| Introduction | 1 |
| Background | 1 |
| Honeywell's Assertion that Solvay's Knowledge ▮▮▮ Provided Solvay with Knowledge of Honeywell's Commercial Process Not Begun Until 2002 Is Baseless | 2 |
| Solvay's Production of ▮▮▮ | 2 |
| Honeywell's Belated New Arguments (Which Do Not Relate to ▮▮▮ ) Are Untimely | 3 |
| Honeywell's Verification Is Not of Any Evidentiary Value | 4 |
| Conclusion | 5 |

## Introduction

Plaintiff Solvay, S.A. ("Solvay") hereby opposes the motion of defendant Honeywell International, Inc. ("Honeywell") for leave to file a supplemental brief in support of its opposition to Solvay's summary judgment motion on Honeywell's seventh affirmative defense of laches, equitable estoppel and prosecution laches. Honeywell's motion is baseless for the following reasons.

## Background

The '817 patent in suit issued on May 4, 2004. The complaint in this action was filed on September 7, 2006. Beginning in 2001, Solvay and Honeywell had discussions concerning both of their patent rights. In particular, Honeywell wanted to license certain Solvay foreign patents. Honeywell asserts that Solvay had an obligation to assert infringement of its '817 patent beginning March 17, 2003 (fourteen months before its issuance) and that Solvay's failure to do so prejudiced Honeywell. Honeywell does not explain why, if it had any concern that Solvay would assert this patent in the future, it did not ask Solvay this question, especially since the '817 patent is a method patent and Solvay, not surprisingly, has no access to Honeywell's manufacturing process. Further, when Solvay requested this information, Honeywell refused to provide it. Also, although Honeywell asserts detrimental reliance, it does not assert it would have acted any differently if Solvay had asserted infringement at an earlier time. The testimony of Honeywell's equitable estoppel expert Julie L. Davis is also to this effect.[1]

---

[1] Q. 
A.

Exhibit 2 to Honeywell's supplemental brief at 176.

**Honeywell's Assertion that Solvay's Knowledge ▮▮▮▮
Provided Solvay with Knowledge of Honeywell's Commercial Process
Not Begun Until ▮▮▮▮ 2002 Is Baseless**

During briefing on Solvay's motion to dismiss Honeywell's equitable estoppel defense, Solvay referred to the Honeywell process accused of infringement as a secret process. In fact, as noted above, when Solvay asked Honeywell to disclose this process, Honeywell refused to do so. Nor did Honeywell mention any basis for non-infringement.

Since ▮▮▮▮ in Honeywell's motion was recently produced (▮▮▮▮ which was the subject of Honeywell's earlier motion for leave filed May 22, 2008), Honeywell tries to manufacture an issue where there is none by asserting that ▮▮▮▮ is inconsistent with Solvay's previous statements that the Honeywell process is a secret process. However, this ▮▮▮▮ does not disprove these statements, especially since was ▮▮▮▮ before Honeywell's commercial process in 2002.

Also, contrary to Honeywell's assertions, ▮▮▮▮ does not disclose the details of a HFC-245fa process such as disclosed in the '817 patent. Nor does it even disclose a continuous process. Rather, the equation referred to by Honeywell (at 2) is merely a known formula for making HFC-245fa. Further, as ▮▮▮▮ points out, the process referred to ▮▮▮▮ is the subject of a Russian patent which, as noted with respect to Honeywell's previous motion for leave, was published in 1996, some six years prior to Honeywell's commercial process.

**Solvay's Production ▮▮▮▮**

Honeywell asserts (at 1, note 1) that Solvay "▮▮▮▮▮▮▮▮." However, as noted in Solvay's opposition (D.I. 206 at 5) to Honeywell's earlier (May 22, 2008) motion for leave, the Court did not order production ▮▮▮▮ on January 16. On November 16, 2007, the

2

Court requested Honeywell to identify 25 documents for an *in camera* inspection out of the nearly 200 documents Honeywell was asserting were not privileged. Honeywell did not identify this document for the *in camera* inspection. On January 16, 2008, the Court issued an order in which it agreed with Solvay as to the existence of a European Patent Attorney-client privilege but ordered Solvay to produce 23 of the 25 documents since they "were of a technical and business nature and did not convey the type of legal advice typically deemed within the scope of the privilege." D.I. 111. On January 17, Solvay's counsel produced these 23 documents. Solvay's counsel then reviewed the remaining documents of the nearly 200 documents with respect to the Court's January 16 "technical and business nature" ruling and, after it completed its review, produced additional documents, ███████████████, on May 9.

### Honeywell's Belated New Arguments (Which Do Not Relate to ███████) Are Untimely

Solvay filed its reply brief on its equitable estoppel summary judgment motion on March 28. If Honeywell wished to respond, it should have timely filed a motion for leave to file a surreply or it should have at the least mentioned its desire to respond to this reply at the hearing on Solvay's motion for summary judgment. Honeywell did neither.

First, it should be noted that Honeywell's belated new arguments do not relate to ███ ████████████████.

Second, subtitle B(1) of Honeywell's supplemental brief (at 3) states that "Honeywell was *not* negotiating to license Solvay's IP rights *in the United States*." Emphasis by Honeywell. However, Honeywell misreads Solvay's reply brief. Solvay did not assert that Honeywell was negotiating to license Solvay's IP rights in the United States.

Third, contrary to Honeywell's assertion (at 3-4), Solvay never stated that Honeywell did not need a license in the United States or that Honeywell only needed a license where it had not

3

pursued its own HFC-245fa process patent. Further, that Solvay and Honeywell were discussing rights in other countries gave Honeywell no basis to conclude that the '817 process patent would not be asserted against Honeywell.

Fourth, in its reply brief and in response to a Honeywell argument, Solvay noted that its HFC-365mfc product competes with Honeywell's HFC-245fa product. Solvay's statement was a general statement and was intended to refer to the fact that these two products compete in the worldwide marketplace. Honeywell read Solvay's statement differently and states (at 4) that these products do not compete in the United States. However, Honeywell does not appear to dispute that these products do compete in the worldwide marketplace.

### Honeywell's Verification Is Not of Any Evidentiary Value

Honeywell, in exhibit 3 to its supplemental brief, submits a verification of a previous Honeywell interrogatory answer which states in only the broadest conclusory fashion that Honeywell "█████████████████████" and that Honeywell was "████████ █████." However, as noted above and as stated by Honeywell's equitable estoppel expert, Honeywell does not assert that it would have acted any differently had it been accused of infringing at an earlier time. Thus, this verification states no prejudice to Honeywell. Further, this verification is inadmissible as merely conclusory. Rule 56(e)(2), Fed. R. Civ. P.

4

## Conclusion

For the foregoing reasons, Honeywell's motion should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Michael E. McCabe, Jr.
John F. Presper
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000

Dated: June 10, 2008
Public Version Dated: June 20, 2008
870801 / 30651

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff Solvay, S.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 20, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on June 20, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Thomas C. Grimm<br>Benjamin J. Schladweiler<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>tgrimm@mnat.com<br>bschladweiler@mnat.com | Robert G. Krupka<br>Laura M. Burson<br>Helen Hong<br>Kirkland & Ellis LLP<br>777 S. Figueroa Street, Suite 3400<br>Los Angeles, CA 90017<br>service-solvay@kirkland.com |

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

799366 / 30651