IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY MATERIALS LLC and HONEYWELL INTERNATIONAL INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September, 2011, having reviewed the recent submissions by Solvay, S.A. ("Solvay") and Honeywell International Inc. ("Honeywell") (D.I. 289; D.I. 304);

IT IS ORDERED that Honeywell's motion to strike (D.I. 304) is denied and Solvay's *Daubert* motion (D.I. 289) is granted in part and denied in part for the reasons that follow:

1. **Motion to strike.** Honeywell moves to strike Solvay's *Daubert* motion based on statements made by the court during the August 19, 2011 teleconference indicating that additional *Daubert* motions would not be welcome. (D.I. 304, Ex. 1 at 12:1-3) However, those statements were made in the context of the proposed filing of a renewed *Daubert* motion on Honeywell's patent law expert. (D.I. 309, Ex. 1 at 9:20-23) The court made clear during the March 23, 2011 hearing that it would entertain a renewed *Daubert* motion on Honeywell's damages expert: "I will get back to reviewing,

if it's still appropriate, the Daubert motion with respect to limiting the testimony of Honeywell's damages expert, Docket Item 128. If that has been revived, I will certainly do that." (D.I. 309, Ex. 2 at 10:11-14) Therefore, the court concludes that consideration of the pending Daubert motion is appropriate.

2. **Daubert motion.** By way of its Daubert motion to strike the expert reports and exclude the trial testimony of Honeywell's damages expert, Julie L. Davis ("Davis"), Solvay contends that: (1) Davis's October 22, 2007 Reliance Report does not reference any causal nexus between her compilation of costs spent by Honeywell and Honeywell's economic reliance on Solvay's agreement not to enforce its '817 patent; (2) the time period Davis uses in her reliance calculation in the October 22, 2007 expert report is arbitrary and contrary to applicable law; (3) Davis's November 20, 2007 Patent Report contains a calculation based on a royalty rate in a license despite her lack of knowledge of the amount of the upfront royalty payment; (4) Davis's June 24, 2011 Supplemental Patent Report contains a 50% profit sharing rule which is not based on an authoritative source; and (5) Honeywell's second supplemental damages expert report, served on August 8, 2011, relies on new information not identified during discovery and was filed in contravention of the court's amended scheduling order, which limited Davis to the submission of one supplemental expert report. (D.I. 290)

2. The function of the court under Fed. R. Evid. 702 is to make a preliminary assessment of whether the underlying reasoning or methodology of the proffered expert testimony is scientifically valid and properly can be applied to the facts at issue. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). This gate-keeping

function of the court was never meant to supplant the adversarial trial process. The fact that experts disagree as to methodologies and conclusions is not grounds for excluding relevant testimony.

3. First, Solvay challenges the basis for Davis's October 22, 2007 Reliance Report, alleging that Davis failed to demonstrate a causal nexus between Honeywell's expenditures and Solvay's delay in accusing Honeywell of infringement. (D.I. 290 at 8) The court concludes that Davis's Reliance Report is based on sound methodology sufficient to meet the standard set forth in Fed. R. Evid. 702. Specifically, Davis consulted with individuals at Honeywell to obtain reliable information about the types of costs to include in the Reliance Report, confirmed the reliability of that information by performing internal comparisons between different types of costs, and applied her own knowledge and experience in forming her opinion. (D.I. 153, Ex. 1 at 167:2-21, 170:10 - 171:14, 176:11 - 177:16) Therefore, Solvay's motion is denied to the extent it pertains to the alleged lack of a causal nexus in Davis's Reliance Report.

4. Solvay also challenges the admissibility of the October 22, 2007 Reliance Report because the time period used by Davis in her calculation begins prior to the issuance of the '817 patent and ends more than a year after the instant infringement action was filed. (D.I. 290 at 9) However, Davis explained that her starting date of March 17, 2003 represented the date Solvay was notified that the '817 patent would issue. (D.I. 291, Ex. 1 at 3; Ex. 6 at 163:19 - 164:9) Moreover, Davis testified that she chose an end date of September 30, 2007 to include costs related to expenditures which began prior to Solvay's notification of the infringement action and which could not be easily stopped. (D.I. 291, Ex. 6 at 165:2-6) Davis explained that her calculation

based on this time period includes amounts that could have been spent differently, or not at all, had Honeywell known earlier that Solvay would file suit for infringement of the '817 patent. (*Id.*, Ex. 6 at 168:11-18) The court concludes that Davis's methodology is sound, and Solvay's disagreement with Davis's approach is insufficient to warrant striking portions of the Reliance Report under *Daubert*. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). As a result, the court shall deny Solvay's motion with respect to the time period governing Davis's analysis of the October 22, 2007 Reliance Report.

5. Solvay contends that Davis's November 20, 2007 Patent Report should not be admitted to the extent that Davis relied on the Asahi-Honeywell license in forming her reasonable royalty calculation because Davis had no knowledge of the upfront royalty payment made by Honeywell to obtain the license. (D.I. 290 at 10) The court concludes that Davis's methodology meets the requirements of Fed. R. Evid. 702. Specifically, Davis explained that her calculation accounted for the royalty required under the terms of the license as reflected by Honeywell's financial information. (D.I. 291, Ex. 4 at 20:22 - 23:5) Davis's Patent Report is also consistent with the second of the *Georgia-Pacific* factors, "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit." *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Solvay's *Daubert* motion, therefore, is denied as it pertains to the November 20, 2007 Patent Report.

6. Solvay further contends that Davis should be precluded from relying on the Asahi-Honeywell license or offering testimony regarding the license at trial because no

4

meaningful discovery was conducted on the license. (D.I. 290 at 11) In response, Honeywell contends that Solvay's Rule 30(b)(6) requests focused on the licenses themselves as opposed to the negotiations surrounding the licenses. (D.I. 318 at 2) The court concludes that Honeywell sufficiently complied with Solvay's request for discovery on the Asahi-Honeywell license and, therefore, the court denies Solvay's motion to the extent that it pertains to the November 20, 2007 Patent Report.

7. Solvay contends that Davis's June 24, 2011 supplemental patent report contains a 50% profit sharing rule which is not based on an authoritative source. (D.I. 290 at 11) However, the record demonstrates that Davis based her opinion regarding the general expectation for a company during a negotiation upon her "review of thousands of agreements over the 33 years of [her] career." (D.I. 291, Ex. 4 at 95:18 - 96:5) The court concludes that Davis's experience in reviewing comparable agreements is sufficient to establish the reliability of her methodology. Davis's June 24, 2011 supplemental patent report shall be admitted.

8. Solvay contends that Honeywell's second supplemental damages report, which was served on August 8, 2011, relies on new information not identified in discovery, was filed in contravention of the court's amended scheduling order, and was filed to "fix" Davis's undesirable deposition testimony. (D.I. 290 at 12) In response, Honeywell contends that Davis's second supplemental damages report was filed in response to improper questions by Solvay during Davis's June 29, 2011 deposition which were beyond the scope of the amended scheduling order. (D.I. 318 at 4) Moreover, Honeywell contends that the report merely confirms Davis's deposition testimony. (*Id.*) The court concludes that Davis's second supplemental damages

5

report was not contemplated by the court's amended scheduling order, and Solvay has not had an opportunity to conduct discovery on the new expert report. Therefore, Solvay's motion is granted with respect to Honeywell's second supplemental damages report.

_____
United States District Judge