IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-557-SLR |
| ) | |
| HONEYWELL SPECIALTY ) | |
| MATERIALS LLC and HONEYWELL ) | |
| INTERNATIONAL INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September, 2011, having reviewed the recent submissions by Solvay, S.A. ("Solvay") and Honeywell International Inc. ("Honeywell") (D.I. 308; D.I. 320) in response to this court's August 26, 2011 memorandum opinion (D.I. 299);

IT IS ORDERED that Honeywell is precluded from offering evidence of the '706 patent and the 1997 Solvay Memorandum at trial for the reasons that follow:

1. **The '706 patent.** The court concludes that Honeywell's '706 patent is not relevant to whether the RSCAC abandoned, suppressed or concealed the RSCAC's prior invention because Honeywell, not the RSCAC, disclosed the '706 patent. The plain language of § 102(g)(2) reads, "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it," indicating that the "another inventor" (in this case, the RSCAC) must disclose the invention. 35 U.S.C. § 102(g)(2). No RSCAC personnel are

named as inventors of the '706 patent, and Honeywell modified the RSCAC invention so that the '706 patent is directed to a different invention. *See Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1342 (Fed. Cir. 2001) (reversing district court's holding because the potentially invalidating invention by AVI was not disclosed in the Miyamoto patent, and "the issuance of a patent to **Miyamoto** has no bearing on whether AVI abandoned, suppressed, or concealed **its** invention.") (emphasis in original).

2. **1997 Solvay Memorandum.** The court further concludes that the 1997 Solvay Memorandum does not disclose the RSCAC invention in sufficient detail to enable the public to learn of the invention. *See Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1039 n.3 (Fed. Cir. 2001) (evidence that tablets could have been reverse-engineered by one of ordinary skill in the art was insufficient to establish public disclosure because it was based on information provided in subsequent disclosures to determine the details of the process); *Infosint, S.A. v. Lundbeck*, 612 F. Supp. 2d 405, 418 (S.D.N.Y. 2009) (finding a disclosure inadequate under § 102(g) where the disclosure "described the invention only in broad terms"). Similar to the facts set forth in *Infosint*, the 1997 Solvay Memorandum describes the RSCAC's invention only in broad terms. (D.I. 253, Ex. 8 at 1) The court concludes that such a disclosure is insufficient to preclude a finding of abandonment, suppression or concealment under § 102(g).

_____
United States District Judge