IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLVAY, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-557-SLR |
| | ) | |
| HONEYWELL SPECIALTY | ) | |
| MATERIALS LLC and HONEYWELL | ) | |
| INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 13th day of September, 2011, having considered the issues raised by Solvay, S.A. ("Solvay") and Honeywell International Inc. ("Honeywell") during the September 8, 2011 pretrial conference, and having reviewed the recent submissions by Honeywell (D.I. 317; D.I. 322; D.I. 327);

IT IS ORDERED that:

1. **The '839 patent and the '309 application.** There are cross motions *in limine* to exclude certain characterizations of Honeywell's '192 patent made in satellite patent prosecutions. The '192 patent is prior art to Solvay's '817 patent.

    a. During prosecution of Honeywell's '839 patent, a patent that is not related to any patent in this case, the prosecuting attorney made statements to the PTO as to what the '192 patent disclosed. The patent issued but, subsequently, Honeywell disclaimed the statements and ceded the patent.

    b. During prosecution of Solvay's '309 application, a related application to

the '817 patent, the patent examiner rejected claim 19 (substantially identical to claim 1 of the '817) on the basis that the '192 patent disclosed a continuous process. Solvay subsequently abandoned the application.

    c. In both instances, the marginal relevance of the evidence is far outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting the limited time of the parties explaining the satellite patent prosecutions. Therefore, neither the '839 patent evidence nor the '309 application evidence shall be admitted.

    2. **Priority date.** A priority date of October 23, 1995 has been established. Honeywell conceded that it did not intend to rely on any evidence or any reference in the expert reports or the late-produced documents which would affect the priority date. (9/8/11 Tr. at 34:4-7) The court sees no reason to reopen the issue of the priority date at this time when it admittedly has no bearing on the merits of the case.

    3. **Dependent claims.** The court concludes that independent claim 1 is the only clam that shall be submitted to the jury. Dependent claim 11 was never explicitly discussed in Solvay's expert report, and the jury would be required to infer the relevance of the expert's statements as to claim 11.

    4. **Expert witness statement on the Russian '430 patent.** The court shall grant Honeywell's motion for leave to serve an expert witness statement on the disclosure of the Russian '430 patent, one of the late disclosed documents that has become a critical issue in the case since the Federal Circuit's decision. (D.I. 317) Specifically, the court shall permit both parties' expert witnesses to supplement their

reports on the limited issue of what is disclosed by the Russian '430 patent. The parties shall exchange the reports within five days of the entry of this order. The parties shall be permitted to conduct a two-hour deposition of the opposing expert limited to the contents of the supplemental reports.

5. **Motions for reargument.** The court denies Honeywell's motions for reargument. (D.I. 322; D.I. 327) By way of its first motion (D.I. 322), Honeywell contends that the court's August 26, 2011 opinion (D.I. 299) regarding the issue of abandonment, suppression or concealment is inconsistent with the court's December 9, 2008 opinion (D.I. 230) regarding the same issue, in which the court granted summary judgment of invalidity in favor of Honeywell. According to Honeywell, the contractual relationship between the RSCAC and Honeywell and Honeywell's ownership of the RSCAC's invention under that agreement enables the RSCAC to make disclosures through Honeywell in a manner sufficient to preclude a finding of abandonment, suppression or concealment by the RSCAC. (D.I. 322) Although the Federal Circuit did not disturb this court's conclusion regarding abandonment, suppression or concealment in its December 8, 2009 decision, the Federal Circuit's ruling indicates that Honeywell's actions and the actions of the RSCAC are not interchangeable in identifying "another inventor."[1] The plain language of § 102(g)(2) supports the same rationale with respect to the abandonment, concealment or suppression inquiry: "[B]efore such person's

---

[1] "Honeywell is not 'another inventor' under § 102(g)(2). That is clear from the facts set forth above, which are undisputed. As noted, working pursuant to RSCAC's research contract with Honeywell, Russian engineers conceived of the process for making HFC-245fa in Russia." *Solvay S.A. v. Honeywell Int'l, Inc.*, 622 F.3d 1367, 1377 (Fed. Cir. 2010).

3

invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it," indicating that the "another inventor" (in this case, the RSCAC) must disclose the invention. 35 U.S.C. § 102(g)(2). Therefore, the inquiry is whether the RSCAC, not Honeywell, disclosed the invention.

6. By way of its second motion for reargument (D.I. 327), Honeywell contends that the court relied on Solvay's misapplication of the Federal Circuit's holding in *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334 (Fed. Cir. 2001) in deciding to exclude evidence of the '706 patent.[2] (D.I. 327) Honeywell relies on *Dow Chemical* and *Checkpoint System, Inc. v. U.S. International Trade Commission*, 54 F.3d 756 (Fed. Cir. 1995), for the proposition that a prior invention by an employee is not abandoned, suppressed or concealed due to the public disclosure of the invention by the employer. However, Honeywell and the RSCAC did not maintain an employer / employee relationship and, as described in the previous paragraph, the Federal Circuit made clear that Honeywell's actions and the actions of the RSCAC are not interchangeable for purposes of § 102(g).

7. **Inequitable conduct.** Having reviewed Honeywell's statement of intended proof regarding Solvay's inequitable conduct during prosecution of the '817 patent (D.I. 324), the court concludes that Honeywell has failed to meet its threshold burden set forth in *Therasense, Inc. v. Becton, Dickinson & Co.*, \_\_\_\_ F.3d \_\_\_\_, 2011 WL

---

[2]The court acknowledges that the Federal Circuit in *Dow* affirmed the district court's opinion and did not "revers[e the] district court's holding" of no abandonment, suppression or concealment. However, the Federal Circuit found that "the district court erred in its finding that the AVI could not have abandoned, suppressed, or concealed the invention because it had previously become publicly known when the Miyamoto patent issued in 1974." *Dow Chem.*, 267 F.3d at 1342.

4

2028255 (Fed. Cir. May 25, 2011), to establish a cause of action for inequitable conduct. "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO. The accused infringer must prove both elements – intent and materiality – by clear and convincing evidence." *Therasense*, 2011 WL 2028255, at *6. Specifically, "the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at *9. The evidence proffered by Honeywell does not establish the requisite level of intent by Solvay to establish inequitable conduct by clear and convincing evidence.

8. **Equitable estoppel.** The court shall hear the parties on the issue of equitable estoppel in a bench trial to be scheduled subsequent to the jury trial.

_____
United States District Judge