IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY, S.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL SPECIALTY MATERIALS LLC, )<br>and HONEYWELL INTERNATIONAL INC., )<br>)<br>Defendants. ) | C.A. No. 06-557-SLR |

**HONEYWELL'S BENCH BRIEF REGARDING
<u>SOLVAY'S ATTEMPTS TO ARGUE CLAIM CONSTRUCTION TO THE JURY</u>**

Solvay's attempts to reargue claim construction to the jury with the very last witness of the trial is contrary to law and should be precluded. As Solvay's counsel stated in open court, Solvay intends to elicit testimony from its expert that the Russian '430 patent does not disclose a process falling within the scope of Claim 1 of the '817 patent because HFC-245fa leaves the reactor as a gas but can later return to the reactor as a liquid. (9/27/11 Trial Tr. 1221:21-1222:7.) In other words, as Solvay now interprets the claim's scope, art that discloses the return of HFC-245fa to the reactor *after* its separation from the reaction mixture is outside the scope of their claim and, thus, does not invalidate the claim. Honeywell opposes this interpretation because it is contrary to the Court's claim construction, and Solvay is judicially estopped from advancing it.

As mentioned yesterday, the Court and not the jury must address this issue. "When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). As the Federal Circuit has held, permitting Solvay to argue claim construction to the jury would be reversible error. *Id.* at 1362-63 (vacating and remanding

because the district court erroneously "left the jury free to consider these [claim construction] arguments"); *see also Creative Internet Advertising Corp. v. Yahoo!, Inc.*, No. 2010-1215, 2011 WL 1522414, at *3-5 (Fed. Cir., Apr. 22, 2011) (reversing jury verdict where the district court left "a central question of claim construction to the jury over Yahoo!'s objection"). This Court need not—and indeed cannot at this point after determining infringement and after Honeywell's expert has already testified—alter its claim construction. Instead, two steps can put this to right once and for all.

First, although it will not fully address this issue, it appears that both parties agree that a "comprises" instruction will be helpful to the jury. Honeywell proposes the following version of this Court's standard charge, tailored to this specific case:

### OPEN-ENDED OR "COMPRISING" CLAIMS

> Claim 1 of the '817 patent uses the transitional term "comprises." "Comprises" is interpreted the same as "includes" or "contains." In a patent claim, comprises means that the claim is open-ended, that is, the claim is not limited to a process that includes only what is in the claim and nothing else.
>
> If you find that the prior art includes all of the limitations in Claim 1, the fact that it may also include additional elements is irrelevant. The presence of additional elements or steps that may occur after the steps in the claim does not mean that the prior art does not invalidate Claim 1.

While helpful, however, simply providing an instruction on "comprises" could still leave Solvay the ability to argue the issue to the jury, albeit it with the jury receiving additional guidance from the Court. That would still be reversible error. *O2 Micro*, 521 F.3d at 1361(error to permit parties to argue different interpretations of claim term to jury even where district court said term

should be given ordinary meaning); *Creative*, 2011 WL 1522414, at *3-4 (error to permit parties to argue different interpretations of claim to jury where district court gave supplemental instruction without resolving the claim construction dispute).

Second, Solvay must be precluded from arguing its new claim construction theory to the jury. Given the record and history in this case, doing so is not unfair to Solvay. Instead, it is the required solution to this issue; an issue, as shown below, of Solvay's making. Solvay's new theory is not only wrong, but it is inconsistent with both the Court's claim construction and Solvay's own prior positions on claim construction. The Court has construed the claim's "isolating" limitation as being met when the HFC-245fa and HCl are "continuously separated or drawn off from the reaction mixture in a gas stream that can include other compounds." (*See* Jury Instruction on Claim Construction.) Solvay now seeks to argue to the jury that the claim's scope is further limited (for invalidity purposes only) to require that the HFC-245fa not be returned to the reactor *after* it has already been separated. Yet it is well-established that the transition "comprises" is open-ended, thus, the claim "cannot be read to exclude" additional steps beyond those explicitly in the claim for the purpose of escaping prior art. *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 932-34 (Fed. Cir. 2003) (error to construe a "comprising" claim to exclude additional unclaimed step for purposes of avoiding anticipatory art); *see also Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1368 (Fed. Cir. 2003) (holding that scope of "comprising" claim "is open-ended and allows for additional steps"). And Solvay counsel's arguments about the "fundamental point of the claim," (9/27/11 Trial Tr. 1228:13-22),[1] are irrelevant as a matter of law and *cannot* be considered. *Allen Eng'g Corp. v. Bartell Indus., Inc.*,

---

[1] Honeywell disputes Solvay's characterization of the "fundamental point of the claim."

299 F.3d 1336, 1345 (Fed. Cir. 2002) (holding that construing a claim based on the "gist" or "heart" of the invention is erroneous). Rather, it is the claim at issue that must be construed, and that is what this Court has already done.

Solvay's new theory also directly contradicts positions it took at claim construction and during summary judgment briefing in 2008. In its reply brief in support of its summary judgment motion, Solvay stated: "the '817 claims require isolation of the gaseous stream containing HCL and HFC-245fa <u>from the reaction mixture</u> (that is, *the reactants in the reactor*)." (D.I. 188, at 1 (first emphasis in original).) In its responsive brief on claim construction, Solvay stated that the claim requires "separating gaseous HFC-245fa from the reaction mixture *in the reactor*," and "continuously separating this mixture [of HFC-245fa and HCl] from *the reactor contents*." (D.I. 170, at 2, 4.) In other words, Solvay's focus in 2008 was exclusively on whether the HFC-245fa and HCl *exit the reactor* as a gas. Their new theory, however, focuses on the behavior of the HFC-245fa and HCl in the distillation column and/or condenser—*i.e.*, unclaimed steps *after the products have already exited the reactor*. Indeed, under their current view, a process would *not* meet the limitations of the claim even after the HFC-245fa and HCl exit the reactor if they subsequently return to the reactor. Moreover, the patent describes the distillation column and condenser as a "device for drawing off a gas stream" from the reactor—in other words, they draw off the gas stream, the gas stream is not drawn off from them. (PTX 61 ('817 Patent) at col.3 ll.2-7 ("[T]he process . . . is advantageously carried out in a reactor equipped with a device for drawing off a gas stream, this device consisting, for example, of a distillation column and a reflux condenser mounted above the reactor.").) Solvay won summary judgment of infringement based on their previous theory in 2008. For these

reasons, and those articulated in Honeywell's previous bench briefs on this issue, (D.I. 345, 347), Solvay is judicially estopped from making its new claim construction arguments.

## CONCLUSION

For the reasons set forth above, Honeywell respectfully requests that the Court preclude Solvay from presenting to the jury any evidence or argument that the scope of Claim 1 of the '817 patent excludes prior art processes that separate or draw off HFC-245fa and HCl from the reaction mixture in a gas stream, and subsequently return HFC-245fa to the reactor. Honeywell further respectfully requests that the Court's jury instructions reflect this ruling.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Robert G. Krupka, P.C.
Laura M. Burson
Guy Ruttenberg
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
(213) 680-8400

September 28, 2011

/s/ Thomas C. Grimm
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered recipients.

I also certify that on September 28, 2011, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

**BY E-MAIL**

Arthur I. Neustadt
Jean-Paul Lavalleye
Barry J. Herman
Jeffrey B. McIntyre
Michael E. McCabe, Jr.
John F. Presper
Stefan Uwe Koschmieder
Tia D. Fenton
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314

/s/ Thomas C. Grimm
Thomas C. Grimm (#1098)

4511364